## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WATKINS LAW & ADVOCACY, PLLC<br>1455 Pennsylvania Avenue NW, Suite 400<br>Washington, DC 20004<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS<br>810 Vermont Avenue NW<br>Washington, DC 20420<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535-0001<br><br>and<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS,<br>AND EXPLOSIVES<br>99 New York Avenue NE<br>Washington, DC 20226,<br><br>       Defendants. | No. 1:17-cv-1974 |

## COMPLAINT

1.　　This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., seeking the release of withheld records concerning how the federal government shares and uses information about veterans' alleged *financial* incompetency to brand them as "mental defectives," stigma with wide-ranging consequences.

2.　　Each of the FOIA requests at issue *is nearly two years old*. Six of the seven requests have not received *any* response determination. Not a single page has been disclosed.

- 1 -

3.     Plaintiff seeks declaratory, injunctive, and other appropriate relief with respect to the unlawful withholdings of records requested under FOIA from the United States Department of Veterans Affairs, the United States Department of Justice, the Federal Bureau of Investigation, and the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

## JURISDICTION AND VENUE

4.     This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).  In addition, this Court has jurisdiction pursuant to the APA, 5 U.S.C. §§ 701-706.  This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57, 65.

5.     Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the defendants are located in the District of Columbia and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

6.     Plaintiff Watkins Law & Advocacy, PLLC, a law firm, is a professional limited liability company organized under the laws of the District of Columbia with a principal place of business located at 1455 Pennsylvania Avenue NW, Suite 400, Washington, DC 20004.

7.     By written agreement to preserve the privacy of the individual on whose behalf the FOIA requests at issue in this action were originally submitted—a client of plaintiff who is a veteran and who VA proposed to rate "incompetent for VA purposes"—plaintiff is the assignee of the entire right, title, and interest in these FOIA requests.

8.     Defendant United States Department of Veterans Affairs ("VA") is a federal agency headquartered at 810 Vermont Avenue NW, Washington, DC 20420.  VA has possession, custody, and control over the records sought by plaintiff.  VA is an agency within the meaning of 5 U.S.C. § 552(f)(1).  VA's "vision" is "[t]o provide veterans the world-class

benefits and services they have earned - and to do so by adhering to the highest standards of compassion, commitment, excellence, professionalism, integrity, accountability, and stewardship."[1]

9.      Defendant United States Department of Justice ("DOJ") is a federal agency headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.   DOJ has possession, custody, and control over the records sought by plaintiff.  DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).  DOJ's mission, in part, is "to ensure fair and impartial administration of justice for all Americans."[2]

10.      Defendant Federal Bureau of Investigation ("FBI") is a federal agency headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.  FBI has possession, custody, and control over the records sought by plaintiff.  FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1).  "The mission of the FBI is to protect the American people and uphold the Constitution of the United States."[3]

11.      Defendant Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") is a federal agency headquartered at 99 New York Avenue NE, Washington, DC 20226.  ATF has possession, custody, and control over the records sought by plaintiff.  ATF is an agency within the meaning of 5 U.S.C. § 552(f)(1).  "The mission of ATF is to protect communities from violent criminals, criminal organizations, the illegal use and trafficking of firearms, the illegal use and storage of explosives, acts of arson and bombings, acts of terrorism, and the illegal diversion of alcohol and tobacco products."[4]

---

[1] *See* https://www.va.gov/about_va/.

[2] *See* https://www.justice.gov/about.

[3] *See* https://www.fbi.gov/about/faqs.

[4] *See* https://www.atf.gov/about/who-we-are.

## NATURE OF THE ACTION

12.     According to VA's regulation, "[a] mentally incompetent person is one who because of injury or disease lacks the mental capacity **to contract or to manage his or her own affairs, including disbursement of funds** without limitation."  38 C.F.R. § 3.353(a) (emphasis added).  If VA rates a veteran as incompetent, a fiduciary or spouse must be appointed to receive the veteran's benefits on his or her behalf.  38 C.F.R. § 3.353(b)(2).

13.     Incompetency determinations at VA generally follow a three-step process: (1) send a written notice proposing to find a veteran incompetent to manage his or her *financial* affairs, (2) provide an opportunity for the veteran to submit evidence and argue against such a finding, and then (3) notify the veteran of VA's decision.  Of the tens of thousands who face this unnerving process each year, about four out of five veterans who VA initially proposes to find incompetent are subsequently rated as such.

14.     Naturally, being potentially branded as a "mentally incompetent person"—not to mention potentially losing control of one's personal finances—can be quite shocking and distressing to a veteran.  Given the sense of personal shame created by such competency considerations, one would hope that there is clear logic justifying their consequences.  Unfortunately, there clearly is none.

15.     The VA ADJUDICATION PROCEDURES MANUAL M21-1 instructs that "[i]n the absence of clear and convincing evidence to the contrary, presume that a person is competent." *See* M21-1, Pt. III, Subpt. iv, ch. 8, sec. A.1.c.[5]  But that statement is quite misleading.  The truth is buried in an obscure revelation by VA, made about halfway into a 300+ page Federal Register publication of a proposed rule about four years ago.  In that disclosure, VA disabused veterans— at least those who read far enough into the proposed rule—of "mistakenly think[ing] that 'clear,

---

[5] M21-1 also is known as the Veterans Benefits Manual.

convincing and leaves no doubt' is the general evidentiary standard for showing incompetency under current [VA regulation 38 C.F.R.] § 3.353.  It is not. . . . [T]he standard of proof to find a beneficiary incompetent **when a medical opinion is of record is the preponderance of the evidence**."  *See* 78 Fed. Reg. 71,042 at 71,154 (Nov. 27, 2013) (emphasis added); *see also* 38 C.F.R. § 3.353(c) & (d); M21-1, Pt. III, Subpt. iv, ch. 8, sec. A.1.d.

16.     What constitutes a "medical opinion" falls into a gray area that is more charcoal than ash and can leave a veteran speechless.  Whereas a prior incarnation of VA's competency regulations required the opinion of at least one neuropsychiatrist (two when available), VA's current regulation does not even require that a veteran undergo a psychiatric examination or field examination to establish incompetency for VA purposes (or to demonstrate that competency has been restored).  *See, e.g.,* M21-1, Pt. III, Subpt. iv, ch. 8, sec. A.3.  Moreover, no formal functional assessment (e.g., a financial competency assessment) is performed by VA in making an incompetency determination (by anyone, let alone a professional specialized in conducting such an assessment based on professional standards).  Still further, mental incompetency under VA's regulations is not the same as insanity or lack of testamentary capacity.  *Compare* 38 C.F.R. §§ 3.353, 3.354 & 3.355.

17.     The process of stripping veterans of their dignity, their privacy, and their Constitutional rights can happen in the blink of an eye.  During an examination at any of more than a thousand VA health care facilities that serve veterans, an examiner (who, for example, could be a physician's assistant rather than a licensed physician) may innocuously ask a veteran (and potentially his or her spouse) a simple question: Who pays the household bills?  Upon being told that the veteran doesn't do so, and without any further probing, the examiner might check a box on a form indicating that the veteran does not "have the ability to manage his/her own financial affairs."  The veteran then unexpectedly receives a letter in the mail proposing a rating

of "incompetent for VA purposes" and is given thirty days from the date of the notice to request a hearing and arrest the process that, in part, leads to the veteran's identity being reported to the FBI.  Unfortunately, on information and belief, few veterans facing an incompetency proposal by VA are represented by lawyers who contest the matter.

18.     Over the last decade alone, VA has rated about 200,000 veterans as incompetent for the purpose of receiving their own benefit payments.

19.     When VA notifies a veteran of its proposed rating of incompetency, the veteran is informed that it may be necessary for a fiduciary to be appointed to receive benefit payments on behalf of him or her.  The veteran also is informed: "A determination of incompetency will prohibit you from purchasing, possessing, receiving, or transporting a firearm or ammunition.  If you knowingly violate any prohibition, pursuant to section 924(a)(2) of title 18, United States Code, as implemented by Public Law 103-159 of the Brady Handgun Violence Prevention Act, you may be fined, imprisoned, or both." *See, e.g.,* M21-1, Pt. III, Subpt. v, ch. 9, sec. B.3.b.

20.     Indeed, pursuant to a Memorandum of Understanding between VA and FBI, the names and other personal identification elements of veterans found by VA to be financially incompetent are provided by VA to FBI for inclusion in the National Instant Criminal Background Check System ("NICS") to be used, e.g., for making determinations under the Brady Act, and "may also be included in other [DOJ] databases . . . for the performance of [] other background checks."

21.     A convicted felon, a fugitive from justice, a drug addict, and a person dishonorably discharged from the Armed Forces are among the persons subject to firearm and ammunition prohibitions.  18 U.S.C. § 922(g).  According to federal law, so too is a person "who has been ***adjudicated as a mental defective*** or who has been committed to a mental institution." 18 U.S.C. § 922(g)(4) (emphasis added).

22.     In a Notice of Proposed Rulemaking published on September 6, 1996, ATF (at that time a part of the Department of the Treasury) explained how it arrived at its then-proposed definition for "adjudicated as a mental defective":

> With respect to the term "adjudicated as a mental defective," ATF has examined the legislative history of the term, applicable case law, and the interpretation of the term by other Federal agencies.  The legislative history makes it clear that Congress would broadly apply the prohibition against the ownership of firearms by "mentally unstable" or "irresponsible" persons.  114 Cong. Rec. 21780, 21791, 21832, and 22270 (1968).
>
> \* \* \*
>
> **ATF has also examined the definition of "mental incompetent" used by the Department of Veterans Affairs.  That definition covers persons who because of injury or disease lack the mental capacity to contract or manage their own affairs.  38 CFR § 3.353.**
>
> Based on the above, the proposed regulation will **define "adjudicated as a mental defective" as** a determination by lawful authority that persons are of marked subnormal intelligence, mentally ill, or mentally incompetent AND are found to be either a danger to themselves or to others as a result of mental disease or illness or **because of injury or disease lack the mental capacity to contract or manage their own affairs**. . . .

Definitions for the Categories of Persons Prohibited From Receiving Firearms, 61 Fed. Reg. 47,095, 47,097 (Sept. 6, 1996) (emphasis added).

23.     The Final Rule was published by ATF on June 27, 1997, and discussed eleven comments received on the proposed rule from federal and state agencies.  As for "adjudicated as a mental defective," ATF explained:

> In its comment, the U.S. Department of Veterans Affairs correctly interpreted the proposed definition of "adjudicated as a mental defective" to mean that any person who is found incompetent by the Veterans Administration under 38 CFR 3.353 will be considered to have been adjudicated as a mental defective for purposes of the [Gun Control Act of 1968, 18 U.S.C. § 922(g)]. Section 3.353 provides that a mentally incompetent person is one who, because of injury or disease, lacks the mental capacity to contract or manage his or her own affairs.

Definitions for the Categories of Persons Prohibited From Receiving Firearms, 62 Fed. Reg. 34,634, 34,637 (June 27, 1997).  Other than discussion of them in the Final Rule, the comments received by ATF from various government agencies are not currently readily available to the public.

24.     As a result of the rulemaking, ATF's regulation defines "adjudicated as a mental defective" as follows:

> (a) A determination by a court, board, commission, or other lawful authority that a person, as a result of marked subnormal intelligence, or mental illness, incompetency, condition, or disease:
>     (1) Is a danger to himself or to others; or
>     (2) **Lacks the mental capacity to contract or manage his own affairs**.
>
> (b) The term shall include—
>     (1) A finding of insanity by a court in a criminal case; and
>     (2) Those persons found incompetent to stand trial or found not guilty by reason of lack of mental responsibility pursuant to articles 50a and 72b of the Uniform Code of Military Justice, 10 U.S.C. 850a, 876b.

27 C.F.R. § 478.11 (formerly 27 C.F.R. § 178.11) (emphasis added).

25.     On information and belief, there is a rational relationship between an incompetency decision finding an individual to be a danger to himself, herself or to others and that individual's lack of competency for the purpose of possessing a firearm.

26.     On information and belief, there is *no* rational relationship between an individual's *financial* incompetency and that individual's alleged lack of competency for the purpose of possessing a firearm.

27.     Reversing an incompetency rating by VA is a daunting task for a veteran.  From VA's receipt of a veteran's notice disagreeing with a decision, it takes over four years, on average, for the Board of Veterans' Appeals to issue a decision on an appeal.  *See, e.g.,* U.S.

Dep't of Veterans Affairs, BOARD OF VETERANS' APPEALS ANNUAL REPORT, FISCAL YEAR 2015, at 21, *available at* https://www.bva.va.gov/docs/Chairmans_Annual_Rpts/BVA2015AR.pdf.

28.     For a veteran deemed by VA to be *financially* incompetent, applying for relief from the reporting requirements of the Brady Act can be even more daunting.  VA's normal "duty to assist" the veteran and to give the veteran the "benefit of the doubt" have been deemed inapplicable, and the burden of proof is on the veteran to demonstrate with clear and convincing evidence that his or her name should not be listed in NICS.  *See, e.g.,* M21-1, Pt. III, Subpt. v, ch. 9, sec. B.4.

29.     VA has removed the safeguards that once existed to protect veterans from arbitrary and capricious incompetency determinations.  The result is a system that puts veterans on the defensive, with odds stacked against them and with inadequate means for timely righting a wrong.   Given these circumstances, the public is owed full and frank disclosure by the government concerning how information about veterans' alleged *financial* incompetency is shared among agencies and used for various agencies' respective purposes.

30.     In sum, this action seeks to shed light on the rulemaking process through which alleged *financial* incompetency was brought within the scope of the Brady Act as well as inter-agency agreements related to allegedly *financially* incompetent veterans and the procedures by which such VA-identified individuals are reported to DOJ, FBI, and ATF.

**FIRST FOIA REQUEST AND VA'S
FAILURE TO COMPLY WITH FOIA**

31.     A FOIA request emailed to VA on October 14, 2015 ("First FOIA Request") requested:

- all records (including all amendments, supplements, exhibits, and addenda thereto) which set out or reflect the **VA's approved agency decision-making procedures concerning whether the name of a veteran is to be reported, identified, or otherwise referred for inclusion in the Mental Defective**

**File of the National Instant Criminal Background Check System ("NICS") database (also known as the NICS Index Mental Defective Commitment File)**, in effect at any time during **2013 to the present**, including but not limited to any directive, guidance, policy, instruction, manual, procedure, guideline, standard, internal advice, message, checklist, flow chart, and/or memorandum with respect thereto (e.g., setting forth the procedure by which the VA may make a determination that an individual is "incompetent" with respect to handling his or her benefit payments such that a fiduciary must be appointed, *with the individual then facing prohibitions under the Brady Act*); and

- all records, **from 2010 to the present, indicating the total number of names of veterans reported, identified, or otherwise referred by the VA <u>each year</u> (or month or quarter) for inclusion in the Mental Defective File of the National Instant Criminal Background Check System ("NICS") database (also known as the NICS Index Mental Defective Commitment File)** (e.g., requester seeks summary records indicating the total number of veterans reported annually for inclusion in the Mental Defective File of NICS).

*See* **Exhibit 1** (emphasis in original).

32. By email on November 13, 2015, the denial of information requested in the First FOIA Request was administratively appealed, "deem[ing] the VA's failure to provide a response determination within the statutory time limits as a denial of the FOIA Request." *See* **Exhibit 2**.

33. VA acknowledged receipt of the administrative appeal by email on November 13, 2015. *See* **Exhibit 3**.

34. To date, no records have been produced by VA in response to the First FOIA Request.

35. To date, no response determination whatsoever has been received from VA in connection with the First FOIA Request.

## SECOND FOIA REQUEST AND VA'S
## FAILURE TO COMPLY WITH FOIA

36.     A FOIA request emailed to VA on November 11, 2015 ("Second FOIA Request")

requested:

> • the comments submitted by the U.S. Department of Veterans
> Affairs ("VA") in response to the notice of proposed
> rulemaking from the U.S. Department of the Treasury, Bureau
> of Alcohol, Tobacco and Firearms ("BATF"), published on
> September 6, 1996 at 61 FR 47095, Notice No. 839, RIN 1512-
> AB41, in which BATF proposed definitions to facilitate the
> implementation of the national instant criminal background
> check system ("NICS") required under the Brady Handgun
> Violence Prevention Act.  On information and belief, <u>the VA's
> comments were submitted between September 6, 1996 and
> December 5, 1996</u> (when the comment period closed).

*See* **Exhibit 4** (emphasis in original).

37.     By email on December 14, 2015, the denial of information requested in the

Second FOIA Request was administratively appealed, "deem[ing] the VA's failure to provide a

response determination within the statutory time limits as a denial of the FOIA Request." *See*

**Exhibit 5**.

38.     By email on December 15, 2015, VA acknowledged receipt of the administrative

appeal with respect to the Second FOIA Request.  *See* **Exhibit 6**.

39.     VA separately acknowledged receipt of the Second FOIA Request by email on

December 15, 2015.  *See* **Exhibit 7**.

40.     To date, no records have been produced by VA in response to the Second FOIA

Request.

41.     To date, no response determination whatsoever has been received from VA in

connection with the Second FOIA Request.

## THIRD FOIA REQUEST AND DOJ'S
## FAILURE TO COMPLY WITH FOIA

42.    A FOIA request submitted using DOJ's web-based eFOIA portal to the Office of

the Attorney General, DOJ on October 21, 2015 ("Third FOIA Request") requested:

1.  all communications made by or on behalf of the United States
    Attorney General ("OAG") to the United States Department of
    Veterans Affairs ("VA") requesting or requiring that the VA
    submit to the United States Department of Justice ("DOJ"),
    Federal Bureau of Investigation ("FBI"), information on
    persons to be prohibited from purchasing a firearm, and all
    communications from the VA in response thereto (on
    information and belief, OAG made such a request to the VA in
    1998) (this request does not seek the subsequent
    communications that actually provide information concerning
    particular individuals);

2.  each Memorandum of Understanding entered into between the
    VA and the DOJ/FBI concerning or relating to submission by
    the VA to the **DOJ/FBI** of information on persons to be
    prohibited from purchasing a firearm, including but not limited
    to: the Memorandum of Understanding Between the United
    States Department of Veterans Affairs and the Federal Bureau
    of Investigation Regarding the National Instant Criminal
    Background Check System, dated February 27, 2012;

3.  all records (including all amendments, supplements, exhibits,
    and addenda thereto) which set out or reflect the providing of
    information (such as names of individuals) by the VA to the
    **DOJ/FBI** for inclusion in the National Instant Criminal
    Background Check System ("NICS"), including but not limited
    to the NICS Index Mental Defective Commitment File,
    including but not limited to any directive, guidance, policy,
    instruction, manual, procedure, guideline, standard, internal
    advice, message, checklist, flow chart.

*See* **Exhibit 8** (emphasis added).[6]  The Third FOIA Request was assigned tracking number DOJ-

2016-000643.  *Id.*

---

[6] The Third FOIA Request, as viewable in the FOIAonline system, is inexplicably
truncated.  As submitted to DOJ/OAG through the eFOIA portal on October 21, 2015, the Third
FOIA Request stated that "NONE OF THE AFOREMENTIONED REQUESTS SEEK
DISCLOSURE OF THE NAMES OF INDIVIDUALS PROVIDED BY THE VA TO THE FBI,

43.     Using DOJ's web-based eFOIA portal on November 20, 2015, the denial of information requested in the Third FOIA Request was administratively appealed, "deem[ing] the OAG's failure to provide a response determination within the statutory time limits as a denial of the FOIA Request." *See* **Exhibit 10**.  The administrative appeal was assigned tracking number DOJ-AP-2016-001366. *Id.*

44.     By letter dated November 20, 2015, sent by email that day, DOJ acknowledged receipt of the Third FOIA Request.  *See* **Exhibit 11**.

45.     By letter dated December 2, 2015, sent by email on December 3, 2015, DOJ acknowledged the administrative appeal with respect to the Third FOIA Request.  *See* **Exhibit 12**.

46.     By letter dated January 14, 2016, sent by email that day, DOJ stated that its "regulations provide for an administrative appeal to the Office of Information Policy only after there has been an adverse determination by a component.  See 28 C.F.R. § 16.8(a) (2015).  As no adverse determination has yet been made by OAG, there is no action for this Office to consider on appeal." *See* **Exhibit 13**.

47.     To date, no records have been produced by DOJ in response to the Third FOIA Request.

48.     To date, no response determination whatsoever has been received from DOJ in connection with the Third FOIA Request.

## FOURTH FOIA REQUEST AND FBI'S FAILURE TO COMPLY WITH FOIA

49.     A FOIA request emailed to FBI on October 21, 2015 ("Fourth FOIA Request") requested:

---

NOR DO THEY SEEK ANY INFORMATION PROTECTED UNDER THE PRIVACY ACT." *See* **Exhibit 9**.

1.  each Memorandum of Understanding entered into between the United States Department of Veterans Affairs ("VA") and the United States Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI"), concerning or relating to submission by the VA to the **DOJ/FBI** of information on persons to be prohibited from purchasing a firearm, including but not limited to: the Memorandum of Understanding Between the United States Department of Veterans Affairs and the Federal Bureau of Investigation Regarding the National Instant Criminal Background Check System, dated February 27, 2012 (including all amendments, supplements, exhibits, and addenda thereto);

2.  all records (including all amendments, supplements, exhibits, and addenda thereto) which set out or reflect the providing of information (such as names of individuals) by the VA to the **DOJ/FBI** for inclusion in the National Instant Criminal Background Check System ("NICS"), including but not limited to the NICS Index Mental Defective Commitment File, including but not limited to any directive, guidance, policy, instruction, manual, procedure, guideline, standard, internal advice, message, checklist, flow chart, and/or memorandum with respect thereto;

3.  to the extent the FBI itself has custody or control of such records, all communications made by or on behalf of the United States Attorney General ("OAG") to the VA requesting or requiring that the VA submit to the **DOJ/FBI** information on persons to be prohibited from purchasing a firearm, and all communications from the VA in response thereto (on information and belief, OAG made such a request to the VA in 1998) (this request does not seek the subsequent communications that actually provide information concerning particular individuals).

*See* **Exhibit 14** (emphasis added).

50.    By letter dated November 5, 2015, "[m]aterial consisting of **59** pages was previously reviewed and withheld in its entirety pursuant to FOIA exemption (b)(7)(E)" in connection with the Fourth FOIA Request, which was assigned FOIPA Request No. 1338949-000.  *See* **Exhibit 15** (emphasis in original).

51.     Using DOJ's web-based eFOIA portal on November 16, 2015, the denial of

information requested in the Fourth FOIA Request was administratively appealed.  The appeal

stated:

> The Denial fails to demonstrate, at all, how the release of the
> requested information might create a risk of circumvention of the
> law.  Nor does the Denial demonstrate how disclosure could
> reduce or nullify effectiveness of the National Instant Criminal
> Background Check System ("NICS").  It is widely known that the
> [VA] reports the names of incompetent beneficiaries to the FBI,
> which then adds the names to NICS.  Exemption 7(E) simply does
> not cover information that is widely known or that constitutes basic
> law enforcement techniques.  Moreover, the Denial fails to provide
> a segregability analysis for each withheld document, identifying
> the proportions of exempt and non-exempt information and
> specifically explaining why the withheld information cannot be
> produced.   The Denial, for example, fails to provide any
> explanation concerning why a basic contract under which the VA
> reports names to the FBI contains no segregable information (e.g.,
> the Memorandum of Understanding Between the [VA] and the
> [FBI] Regarding the [NICS], dated February 27, 2012).

*See* **Exhibit 16**.

52.     By letter dated November 18, 2015, sent by email on November 19, 2015, DOJ

acknowledged receipt of the administrative appeal with respect to the Fourth FOIA Request and

assigned it tracking number AP-2016-00612.  *See* **Exhibit 17**.

53.     By letter dated March 16, 2016, sent be email that day, DOJ "affirm[ed] the FBI's

action" withholding all 59 pages of responsive records in their entirety.[7]  *See* **Exhibit 18**.

## FIFTH FOIA REQUEST AND ATF'S
## FAILURE TO COMPLY WITH FOIA

54.     A FOIA request emailed to ATF on October 21, 2015 ("Fifth FOIA Request")

requested:

> 1. each Memorandum of Understanding or other agreement
>    entered into between the United States Department of Veterans
>    Affairs ("VA") and the United States Department of Justice

---

[7] The letter erroneously identifies a "client" unrelated to the Fourth FOIA Request.

("DOJ"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), concerning or relating to submission by the VA to the **DOJ/ATF** of information on persons to be prohibited from purchasing a firearm (including all amendments, supplements, exhibits, and addenda thereto);

2. all records (including all amendments, supplements, exhibits, and addenda thereto) which set out or reflect the providing of information (such as names of individuals) by the VA to the **DOJ/ATF**, for example for inclusion in the National Instant Criminal Background Check System ("NICS"), including but not limited to the NICS Index Mental Defective Commitment File, including but not limited to any directive, guidance, policy, instruction, manual, procedure, guideline, standard, internal advice, message, checklist, flow chart, and/or memorandum with respect thereto;

3. to the extent the ATF itself has custody or control of such records, all communications made by or on behalf of the United States Attorney General ("OAG") to the VA requesting or requiring that the VA submit to the **DOJ/ATF** information on persons to be prohibited from purchasing a firearm, and all communications from the VA in response thereto (on information and belief, OAG made such a request to the VA in 1998) (this request does not seek the subsequent communications that actually provide information concerning particular individuals).

*See* **Exhibit 19** (emphasis added).

55.     By email on November 20, 2015, the denial of information requested in the Fifth FOIA Request was administratively appealed, "deem[ing] the ATF's failure to provide a response determination within the statutory time limits as a denial of the FOIA Request." *See* **Exhibit 20**.

56.     By letter dated December 11, 2015, sent by email on December 14, 2015, DOJ acknowledged receipt of the administrative appeal with respect to the Fifth FOIA Request. *See* **Exhibit 21**. The administrative appeal was assigned tracking number AP-2016-00940. *Id.*

57.     By letter dated December 21, 2015, ATF acknowledged receipt of the Fifth FOIA Request. *See* **Exhibit 22**. The Fifth FOIA Request was assigned tracking number 2016-0135.

ATF's letter stated that "[d]ue to [a] backlog, we estimate that it will take three to four months from the date of this letter to respond to your request." *Id.*

58.     By letter dated February 26, 2016, sent by email that day, DOJ stated that its "regulations provide for an administrative appeal to the Office of Information Policy only after there has been an adverse determination by a component.  See 28 C.F.R. § 16.8(a) (2015).  As no adverse determination has yet been made by ATF, there is no action for this Office to consider on appeal." *See* **Exhibit 23**.

59.     To date, no records have been produced by ATF in response to the Fifth FOIA Request.

60.     To date, no response determination whatsoever has been received from ATF in connection with the Fifth FOIA Request.

### SIXTH FOIA REQUEST AND ATF'S FAILURE TO COMPLY WITH FOIA

61.     A FOIA request emailed to ATF on November 11, 2015 ("Sixth FOIA Request") requested:

> - copies of the eleven (11) comments submitted to the Chief, Regulations Branch, Bureau of Alcohol, Tobacco and Firearms ("BATF"), U.S. Department of the Treasury, in response to BATF's notice of proposed rulemaking published on September 6, 1996 at 61 FR 47095, Notice No. 839, RIN 1512-AB41, in which BATF proposed definitions to facilitate the implementation of the national instant criminal background check system ("NICS") required under the Brady Handgun Violence Prevention Act.  [On information and belief, the comments were submitted between September 6, 1996 and December 5, 1996 (when the comment period closed).  On information and belief, six comments were submitted by Federal agencies including two comments from agencies within the U.S. Department of Justice (DOJ) (the Immigration and Naturalization Service and the Office of Policy Development), the U.S. Department of State (Office of Passport Policy and Advisory Services), the U.S. Department of Veterans Affairs, the U.S. Department of Defense, and the U.S. Department of Health & Human Services (Substance

Abuse and Mental Health Services Administration), while five
comments were submitted on behalf of State agencies.]

*See* **Exhibit 24** (emphasis in original).

62.     By email to ATF on December 14, 2015, the denial of information requested in
the Sixth FOIA Request was administratively appealed, "deem[ing] ATF's failure to provide a
response determination within the statutory time limits as a denial of the FOIA Request."  *See*
**Exhibit 25**.

63.     By letter dated December 15, 2015 and transmitted by facsimile to DOJ, the
denial of information requested in the Sixth FOIA Request was again administratively appealed,
"deem[ing] ATF's failure to provide a response determination within the statutory time limits as
a denial of the FOIA Request."  *See* **Exhibit 26**.

64.     By letter dated December 17, 2015, sent by email that day, DOJ acknowledged
receipt of the administrative appeal with respect to the Sixth FOIA Request.  *See* **Exhibit 27**.
The administrative appeal was assigned tracking number AP-2016-01051.  *Id.*

65.     By letter dated February 2, 2016, sent by email that day, DOJ stated that its
"regulations provide for an administrative appeal to the Office of Information Policy only after
there has been an adverse determination by a component.  See 28 C.F.R. § 16.8(a) (2015).  As no
adverse determination has yet been made by ATF, there is no action for this Office to consider
on appeal."  *See* **Exhibit 28**.  The letter indicates that the Sixth FOIA Request was assigned
tracking number 2016-0136.  *Id.*

66.     To date, no records have been produced by ATF in response to the Sixth FOIA
Request.

67.     To date, no response determination whatsoever has been received from ATF in
connection with the Sixth FOIA Request.

## SEVENTH FOIA REQUEST AND ATF'S
## FAILURE TO COMPLY WITH FOIA

68.     A  FOIA  request  faxed  to  the  Alcohol  and  Tobacco  Tax  and  Trade  Bureau

("TTB")  of  the  U.S.  Department  of  the  Treasury  on  November  11,  2015  ("Seventh  FOIA

Request")  requested:

> • copies of the eleven (11) comments submitted to the Chief,
> Regulations Branch, Bureau of Alcohol, Tobacco and Firearms
> ("BATF"), U.S. Department of the Treasury, in response to
> BATF's notice of proposed rulemaking published on
> September 6, 1996 at 61 FR 47095, Notice No. 839, RIN 1512-
> AB41, in which BATF proposed definitions to facilitate the
> implementation of the national instant criminal background
> check system ("NICS") required under the Brady Handgun
> Violence Prevention Act.  [On information and belief, the
> comments were submitted between September 6, 1996 and
> December 5, 1996 (when the comment period closed).  On
> information and belief, six comments were submitted by
> Federal agencies including two comments from agencies
> within the U.S. Department of Justice (DOJ) (the Immigration
> and Naturalization Service and the Office of Policy
> Development), the U.S. Department of State (Office of
> Passport Policy and Advisory Services), the U.S. Department
> of Veterans Affairs, the U.S. Department of Defense, and the
> U.S. Department of Health & Human Services (Substance
> Abuse and Mental Health Services Administration), while five
> comments were submitted on behalf of State agencies.]

*See* **Exhibit 29** (emphasis in original).

69.     By email on November 12, 2015, TTB assigned tracking number 2015-11-061 to

the Seventh FOIA Request and stated

> We have determined that the information you are seeking would be
> under the purview of the Bureau of Alcohol, Tobacco, Firearms
> and Explosives (ATF).  Therefore, ***we are transferring your
> request to the FOIA Officer for ATFE for processing*** under the
> FOIA and direct response to you.

*See* **Exhibit 30** (emphasis added).

70.     To date, no records have been produced by ATF in response to the Seventh FOIA

Request.

71.     To date, no response determination whatsoever has been received from ATF in connection with the Seventh FOIA Request.

## FAILURE TO TIMELY MAKE A RESPONSE DETERMINATION AND/OR MAKE RECORDS "PROMPTLY AVAILABLE" UNDER *CREW*

72.     "[I]n order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Wash. [CREW] v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

73.     "If the agency does not make a 'determination' within the relevant statutory time period, the requester may file suit without exhausting administrative appeal remedies." *Id.* at 185.

74.     The FOIA statute, 5 U.S.C. § 552(a)(6)(C)(i), also provides that "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of § 552(a)(6)."

75.     VA has not provided any response "determination" in connection with the First FOIA Request or the Second FOIA Request within the relevant statutory time period.

76.     DOJ has not provided any response "determination" in connection with the Third FOIA Request within the relevant statutory time period.

77.     ATF has not provided any response "determination" in connection with the Fifth FOIA Request, the Sixth FOIA Request, or the Seventh FOIA Request within the relevant statutory time period.

78.    "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *CREW*, 711 F.3d at 188.

79.    VA has not made responsive, non-exempt records promptly available in connection with the First FOIA Request and the Second FOIA Request.

80.    DOJ has not made responsive, non-exempt records promptly available in connection with the Third FOIA Request.

81.    ATF has not made responsive, non-exempt records promptly available in connection with the Fifth FOIA Request, the Sixth FOIA Request, and the Seventh FOIA Request.

## FAILURE TO MAKE GOOD FAITH EFFORT TO COMPLY WITH 5 U.S.C. § 552(a)(3)(A)

82.    The FOIA statute requires that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).

### **VA**

83.    Each of the First FOIA Request and Second FOIA Request reasonably describes the records sought by requester and was made in accordance with the published rules for submitting a FOIA request.

84.    VA has not made the requested records "promptly available" in response to the First FOIA Request or the Second FOIA Request.

85.    In the nearly two years since the First FOIA Request was submitted to VA on October 14, 2015 and the Second FOIA Request was submitted to VA on November 11, 2015,

VA has not made any response "determination" or produced any responsive, non-exempt records with respect to either the First FOIA Request or the Second FOIA Request.

86.     VA instituted a policy on October 31, 2013 that "[e]ffective immediately, all responses to FOIA requests by [Veterans Affairs Central Office ("VACO")] offices and field components will be reviewed by the designated officials prior to release to the public."   *See* **Exhibit 31**, VA Memorandum from Stephen W. Warren, Executive in Charge and Chief Information Officer for Information and Technology (005A), to Under Secretaries, Assistant Secretaries, and Other Key Officials, dated October 31, 2013, concerning "Release of FOIA Information (VA IQ Folder 7413064)."   The policy stated that "[t]he purpose of the review will be for sensitivity determination," "[e]ach of the designated review offices will develop specific procedures for review for their respective components," and "[a]ll field components are expected to follow these procedures."   *Id.*

87.     On information and belief, VA considers the subject matter of the First FOIA Request and the Second FOIA Request—policies and procedures for declaring veterans incompetent and then reporting their names to the FBI pursuant to the Brady Act—to be particularly sensitive.

88.     On information and belief, processing of the First FOIA Request and the Second FOIA Request has been delayed by VA due to the sensitivity of the subject matter thereof, even though the FOIA statute requires prompt disclosure of responsive records regardless of any such sensitivity.

89.     By virtue of (i) VA's failure to provide response "determinations" with respect to the First FOIA Request and the Second FOIA Request submitted nearly two years ago, (ii) VA's failure to provide its productions of responsive, non-exempt records in response to the First FOIA Request and Second FOIA Request submitted nearly two years ago, (iii) VA's failure to

communicate, commit to, and/or meet a time frame during which VA will discharge its duties under FOIA with respect to the First FOIA Request and Second FOIA Request submitted nearly two years ago, (iv) delay in processing the First FOIA Request and the Second FOIA Request due to their "sensitivity," and (v) the untimeliness of VA's statutorily-required actions concerning the First FOIA Request and Second FOIA Request, VA has failed to make a good faith effort to comply with 5 U.S.C. § 552(a)(3)(A).

**DOJ**

90.      The Third FOIA Request reasonably describes the records sought by requester and was made in accordance with the published rules for submitting a FOIA request.

91.      DOJ has not made the requested records "promptly available" in response to the Third FOIA Request.

92.      In the nearly two years since the Third FOIA Request was submitted to DOJ on October 21, 2015, DOJ has not made any response "determination" or produced any responsive, non-exempt records with respect to either the Third FOIA Request.

93.      On information and belief, DOJ considers the subject matter of the Third FOIA Request—policies and procedures for declaring veterans incompetent and then reporting their names to the FBI pursuant to the Brady Act—to be particularly sensitive.

94.      On information and belief, processing of the Third FOIA Request has been delayed by DOJ due to the sensitivity of the subject matter thereof, even though the FOIA statute requires prompt disclosure of responsive records regardless of any such sensitivity.

95.      By virtue of (i) DOJ's failure to provide a response "determination" with respect to the Third FOIA Request submitted nearly two years ago, (ii) DOJ's failure to provide its productions of responsive, non-exempt records in response to the Third FOIA Request submitted nearly two years ago, (iii) DOJ's failure to communicate, commit to, and/or meet a time frame

during which DOJ will discharge its duties under FOIA with respect to the Third FOIA Request submitted nearly two years ago, (iv) delay in processing the Third FOIA Request due to its "sensitivity," and (v) the untimeliness of DOJ's statutorily-required actions concerning the Third FOIA Request, DOJ has failed to make a good faith effort to comply with 5 U.S.C. § 552(a)(3)(A).

**ATF**

96.     Each of the Fifth FOIA Request, Sixth FOIA Request, and Seventh FOIA Request reasonably describes the records sought by requester and was made in accordance with the published rules for submitting a FOIA request.

97.     ATF has not made the requested records "promptly available" in response to the Fifth FOIA Request, Sixth FOIA Request, or Seventh FOIA Request.

98.     In the nearly two years since the Fifth FOIA Request was submitted to ATF on October 21, 2015, the Sixth FOIA Request was submitted to ATF on November 11, 2015, and the Seventh FOIA Request was transferred by TTB to ATF on November 12, 2015, ATF has not made any response "determination" or produced any responsive, non-exempt records with respect to any of the Fifth FOIA Request, Sixth FOIA Request, or Seventh FOIA Request.

99.     On information and belief, ATF considers the subject matter of the Fifth FOIA Request, Sixth FOIA Request, and Seventh FOIA Request—policies and procedures for declaring veterans incompetent and then reporting their names to the FBI pursuant to the Brady Act—to be particularly sensitive.

100.    On information and belief, processing of the Fifth FOIA Request, Sixth FOIA Request, and Seventh FOIA Request has been delayed by ATF due to the sensitivity of the subject matter thereof, even though the FOIA statute requires prompt disclosure of responsive records regardless of any such sensitivity.

101.    By virtue of (i) ATF's failure to provide response "determinations" with respect to the Fifth FOIA Request, Sixth FOIA Request, and Seventh FOIA Request submitted nearly two years ago, (ii) ATF's failure to provide its productions of responsive, non-exempt records in response to the Fifth FOIA Request, Sixth FOIA Request, and Seventh FOIA Request submitted nearly two years ago, (iii) ATF's failure to communicate, commit to, and/or meet a time frame during which ATF will discharge its duties under FOIA with respect to the Fifth FOIA Request, Sixth FOIA Request, and Seventh FOIA Request submitted nearly two years ago, (iv) delay in processing the Fifth FOIA Request, Sixth FOIA Request, and Seventh FOIA Request due to their "sensitivity," and (v) the untimeliness of ATF's statutorily-required actions concerning the Fifth FOIA Request, Sixth FOIA Request, and Seventh FOIA Request, ATF has failed to make a good faith effort to comply with 5 U.S.C. § 552(a)(3)(A).

## FIRST CAUSE OF ACTION:
### Unlawful Failure to Disclose Agency Records
### With Respect to the First FOIA Request

102.    Plaintiff repeats and re-alleges paragraphs 1-101 above.

103.    Plaintiff has a legal right under FOIA to obtain the agency records requested from defendant VA in the First FOIA Request, and no legal basis exists for defendant's failure to make available the requested records.

104.    On information and belief, with respect to any searches for records responsive to the First FOIA Request, defendant VA and its components have used or will use a temporal limit, i.e. a "cut-off date" by which records were created, that is earlier than the date of the Complaint in this action.

105.    With respect to the First FOIA Request, defendant VA's (i) failure to provide a response "determination," (ii) failure to exercise due diligence with respect to processing the request and making the requested records promptly available, (iii) failure to provide notice of,

and use, a reasonable cut-off date with respect to searches for responsive records, (iv) failure to discharge its statutorily-required obligations in good faith, and (v) wrongful withholding of agency records are unlawful, and are in violation of FOIA, including 5 U.S.C. § 552(a)(3), as well as VA's regulations promulgated under FOIA.

106.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

**SECOND CAUSE OF ACTION:**
**Violation of the Administrative Procedure Act for Failure to Timely Respond**
**to Request for Agency Records With Respect to the First FOIA Request**

107.    Plaintiff repeats and re-alleges paragraphs 1-106 above.

108.    The failure of defendant VA to timely respond with respect to Plaintiff's First FOIA Request for agency records, and defendant VA's withholding of agency records, each constitute agency action unlawfully withheld and unreasonably delayed, in violation of the APA, 5 U.S.C. §§ 701-06.  The failure of defendant VA to timely respond, and VA's withholdings, each are arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

109.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records in connection with the First FOIA Request.

**THIRD CAUSE OF ACTION:**
**Unlawful Failure to Disclose Agency Records**
**With Respect to the Second FOIA Request**

110.    Plaintiff repeats and re-alleges paragraphs 1-109 above.

111.    Plaintiff has a legal right under FOIA to obtain the agency records requested from defendant VA in the Second FOIA Request, and no legal basis exists for defendant's failure to make available the requested records.

112.    On information and belief, with respect to any searches for records responsive to the Second FOIA Request, defendant VA and its components have used or will use a temporal limit, i.e. a "cut-off date" by which records were created, that is earlier than the date of the Complaint in this action.

113.    With respect to the Second FOIA Request, defendant VA's (i) failure to provide a response "determination," (ii) failure to exercise due diligence with respect to processing the request and making the requested records promptly available, (iii) failure to provide notice of, and use, a reasonable cut-off date with respect to searches for responsive records, (iv) failure to discharge its statutorily-required obligations in good faith, and (v) wrongful withholding of agency records are unlawful, and are in violation of FOIA, including 5 U.S.C. § 552(a)(3), as well as VA's regulations promulgated under FOIA.

114.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

**FOURTH CAUSE OF ACTION:**
**Violation of the Administrative Procedure Act for Failure to Timely Respond**
**to Request for Agency Records With Respect to the Second FOIA Request**

115.    Plaintiff repeats and re-alleges paragraphs 1-114 above.

116.    The failure of defendant VA to timely respond with respect to Plaintiff's Second FOIA Request for agency records, and defendant VA's withholding of agency records, each constitute agency action unlawfully withheld and unreasonably delayed, in violation of the APA, 5 U.S.C. §§ 701-06.  The failure of defendant VA to timely respond, and VA's withholdings, each are arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

117.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records in connection with the Second FOIA Request.

**FIFTH CAUSE OF ACTION:**
**Unlawful Failure to Disclose Agency Records**
**With Respect to the Third FOIA Request**

118.    Plaintiff repeats and re-alleges paragraphs 1-117 above.

119.    Plaintiff has a legal right under FOIA to obtain the agency records requested from defendant DOJ in the Third FOIA Request, and no legal basis exists for defendant's failure to make available the requested records.

120.    On information and belief, with respect to any searches for records responsive to the Third FOIA Request, defendant DOJ and its components have used or will use a temporal limit, i.e. a "cut-off date" by which records were created, that is earlier than the date of the Complaint in this action.

121.    With respect to the Third FOIA Request, defendant DOJ's (i) failure to provide a response "determination," (ii) failure to exercise due diligence with respect to processing the request and making the requested records promptly available, (iii) failure to provide notice of, and use, a reasonable cut-off date with respect to searches for responsive records, (iv) failure to discharge its statutorily-required obligations in good faith, and (v) wrongful withholding of agency records are unlawful, and are in violation of FOIA, including 5 U.S.C. § 552(a)(3), as well as DOJ's regulations promulgated under FOIA.

122.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

**SIXTH CAUSE OF ACTION:**
**Violation of the Administrative Procedure Act for Failure to Timely Respond**
**to Request for Agency Records With Respect to the Third FOIA Request**

123.    Plaintiff repeats and re-alleges paragraphs 1-122 above.

124.    The failure of defendant DOJ to timely respond with respect to Plaintiff's Third FOIA Request for agency records, and defendant DOJ's withholding of agency records, each

constitute agency action unlawfully withheld and unreasonably delayed, in violation of the APA, 5 U.S.C. §§ 701-06.  The failure of defendant DOJ to timely respond, and DOJ's withholdings, each are arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

125.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records in connection with the Third FOIA Request.

### SEVENTH CAUSE OF ACTION:
**Unlawful Failure to Disclose Agency Records
With Respect to the Fourth FOIA Request**

126.    Plaintiff repeats and re-alleges paragraphs 1-125 above.

127.    Plaintiff has a legal right under FOIA to obtain the agency records requested from defendant FBI in the Fourth FOIA Request, and no legal basis exists for defendant's failure to make available the requested records.

128.    With respect to the Fourth FOIA Request, defendant FBI's withholding of agency records is unlawful and in violation of FOIA, including 5 U.S.C. § 552(a)(3), as well as FBI's regulations promulgated under FOIA.

129.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

### EIGHTH CAUSE OF ACTION:
**Violation of the Administrative Procedure Act for Unlawful Withholding
of Agency Records With Respect to the Fourth FOIA Request**

130.    Plaintiff repeats and re-alleges paragraphs 1-129 above.

131.    With respect to the Fourth FOIA Request, defendant FBI's withholding of agency records constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA, 5 U.S.C. §§ 701-06.   FBI's withholdings are arbitrary, capricious, an abuse of

discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

132.   Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records in connection with the Fourth FOIA Request.

## NINTH CAUSE OF ACTION:
### Unlawful Failure to Disclose Agency Records
### With Respect to the Fifth FOIA Request

133.   Plaintiff repeats and re-alleges paragraphs 1-132 above.

134.   Plaintiff has a legal right under FOIA to obtain the agency records requested from defendant ATF in the Fifth FOIA Request, and no legal basis exists for defendant's failure to make available the requested records.

135.   On information and belief, with respect to any searches for records responsive to the Fifth FOIA Request, defendant ATF and its components have used or will use a temporal limit, i.e. a "cut-off date" by which records were created, that is earlier than the date of the Complaint in this action.

136.   With respect to the Fifth FOIA Request, defendant ATF's (i) failure to provide a response "determination," (ii) failure to exercise due diligence with respect to processing the request and making the requested records promptly available, (iii) failure to provide notice of, and use, a reasonable cut-off date with respect to searches for responsive records, (iv) failure to discharge its statutorily-required obligations in good faith, and (v) wrongful withholding of agency records are unlawful, and are in violation of FOIA, including 5 U.S.C. § 552(a)(3), as well as ATF's regulations promulgated under FOIA.

137.   Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

**TENTH CAUSE OF ACTION:**
**Violation of the Administrative Procedure Act for Failure to Timely Respond**
**to Request for Agency Records With Respect to the Fifth FOIA Request**

138.    Plaintiff repeats and re-alleges paragraphs 1-137 above.

139.    The failure of defendant ATF to timely respond with respect to Plaintiff's Fifth

FOIA Request for agency records, and defendant ATF's withholding of agency records, each

constitute agency action unlawfully withheld and unreasonably delayed, in violation of the APA,

5 U.S.C. §§ 701-06.  The failure of defendant ATF to timely respond, and ATF's withholdings,

each are arbitrary, capricious, an abuse of discretion, not in accordance with law and without

observance of procedure required by law, all in violation of the APA.

140.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release

and disclosure of the requested records in connection with the Fifth FOIA Request.

**ELEVENTH CAUSE OF ACTION:**
**Unlawful Failure to Disclose Agency Records**
**With Respect to the Sixth FOIA Request**

141.    Plaintiff repeats and re-alleges paragraphs 1-140 above.

142.    Plaintiff has a legal right under FOIA to obtain the agency records requested from

defendant ATF in the Sixth FOIA Request, and no legal basis exists for defendant's failure to

make available the requested records.

143.    On information and belief, with respect to any searches for records responsive to

the Sixth FOIA Request, defendant ATF and its components have used or will use a temporal

limit, i.e. a "cut-off date" by which records were created, that is earlier than the date of the

Complaint in this action.

144.    With respect to the Sixth FOIA Request, defendant ATF's (i) failure to provide a

response "determination," (ii) failure to exercise due diligence with respect to processing the

request and making the requested records promptly available, (iii) failure to provide notice of,

and use, a reasonable cut-off date with respect to searches for responsive records, (iv) failure to discharge its statutorily-required obligations in good faith, and (v) wrongful withholding of agency records are unlawful, and are in violation of FOIA, including 5 U.S.C. § 552(a)(3), as well as ATF's regulations promulgated under FOIA.

145.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

## TWELFTH CAUSE OF ACTION:
### Violation of the Administrative Procedure Act for Failure to Timely Respond to Request for Agency Records With Respect to the Sixth FOIA Request

146.    Plaintiff repeats and re-alleges paragraphs 1-145 above.

147.    The failure of defendant ATF to timely respond with respect to Plaintiff's Sixth FOIA Request for agency records, and defendant ATF's withholding of agency records, each constitute agency action unlawfully withheld and unreasonably delayed, in violation of the APA, 5 U.S.C. §§ 701-06.  The failure of defendant ATF to timely respond, and ATF's withholdings, each are arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

148.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records in connection with the Sixth FOIA Request.

## THIRTEENTH CAUSE OF ACTION:
### Unlawful Failure to Disclose Agency Records With Respect to the Seventh FOIA Request

149.    Plaintiff repeats and re-alleges paragraphs 1-148 above.

150.    Plaintiff has a legal right under FOIA to obtain the agency records requested from defendant ATF in the Seventh FOIA Request, and no legal basis exists for defendant's failure to make available the requested records.

151.    On information and belief, with respect to any searches for records responsive to the Seventh FOIA Request, defendant ATF and its components have used or will use a temporal limit, i.e. a "cut-off date" by which records were created, that is earlier than the date of the Complaint in this action.

152.    With respect to the Seventh FOIA Request, defendant ATF's (i) failure to provide a response "determination," (ii) failure to exercise due diligence with respect to processing the request and making the requested records promptly available, (iii) failure to provide notice of, and use, a reasonable cut-off date with respect to searches for responsive records, (iv) failure to discharge its statutorily-required obligations in good faith, and (v) wrongful withholding of agency records are unlawful, and are in violation of FOIA, including 5 U.S.C. § 552(a)(3), as well as ATF's regulations promulgated under FOIA.

153.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

<strong><u>FOURTEENTH CAUSE OF ACTION:</u></strong><br>
<strong>Violation of the Administrative Procedure Act for Failure to Timely Respond<br>
to Request for Agency Records With Respect to the Seventh FOIA Request</strong>

154.    Plaintiff repeats and re-alleges paragraphs 1-153 above.

155.    The failure of defendant ATF to timely respond with respect to Plaintiff's Seventh FOIA Request for agency records, and defendant ATF's withholding of agency records, each constitute agency action unlawfully withheld and unreasonably delayed, in violation of the APA, 5 U.S.C. §§ 701-06.  The failure of defendant ATF to timely respond, and ATF's withholdings, each are arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

156.    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records in connection with the Seventh FOIA Request.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against defendant, and that:

a) defendants and any of defendants' agents or other persons, offices, or components acting for, with, by, through or under them be ordered to promptly conduct a reasonable search for records responsive to the First FOIA Request, the Second FOIA Request, the Third FOIA Request, the Fifth FOIA Request, the Sixth FOIA Request, and the Seventh FOIA Request;

b) defendants and any of defendants' agents or other persons, offices, or components acting for, with, by, through or under them be enjoined and restrained from continuing to fail to process and/or from withholding records relevant to the First FOIA Request, the Second FOIA Request, the Third FOIA Request, the Fourth FOIA Request, the Fifth FOIA Request, the Sixth FOIA Request, and the Seventh FOIA Request and in violation of the APA;

c) the Court permit discovery with respect to whether defendants have made a good faith effort to discharge their statutorily-required obligations under FOIA and make the requested records promptly available, and provide requested relief as warranted;

d) the Court declare that the requested records are not exempt from disclosure under FOIA and order defendants to disclose the requested records in their entireties and make copies available to Plaintiff;

e) the Court enter a judgment awarding Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

f)   the Court award all other such relief to Plaintiff as this Court deems just, proper and

equitable.

Dated:  September 25, 2017          Respectfully submitted,

/s/ Seth A. Watkins
Seth A. Watkins (D.C. Bar # 467470)
      Email:  watkins@wlapllc.com
WATKINS LAW & ADVOCACY, PLLC
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
Telephone: (202) 355-9421
Facsimile: (202) 355-9424