## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WATKINS LAW & ADVOCACY, PLLC     )
         )
     Plaintiff,      )
       v.           )    No. 1:17-cv-01974 (ABJ)
         )
DEPARTMENT OF VETERANS AFFAIRS, et al.,     )
         )
     Defendants.      )
         )

## DECLARATION OF VANESSA R. BRINKMANN

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1. I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (DOJ or "the Department"). In this capacity, I am responsible for supervising handling of the Freedom of Information Act (FOIA) requests processed by attorneys on the Initial Request Staff (IR Staff) of OIP. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices of the DOJ, specifically the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO). The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the DOJ, as well as with other Executive Branch agencies.

2. I make the statements herein on the basis of personal knowledge, as well as information provided to me by others within the Executive Branch of the Federal Government

1

with knowledge of the types of records at issue in this case, and on information acquired by me in the course of performing my official duties.

**Plaintiff's Initial FOIA Request and OIP's Responses Thereto**

3.   On October 21, 2015, Seth Watkins submitted a FOIA request to OIP, via OIP's former eFOIA Portal, seeking (1) "all communications made by or on behalf of the United States Attorney General ('OAG') to the United States Department of Veterans Affairs ('VA') requesting or requiring that the VA submit to the United States Department of Justice ('DOJ'), Federal Bureau of Investigation ('FBI'), information on persons to be prohibited from purchasing a firearm, and all communications from the VA in response thereto . . . ;" (2) "each Memorandum of Understanding entered into between the VA and the DOJ/FBI concerning or relating to" the submission of such information; and (3) all records "which set out or reflect the providing of information . . . by the VA to the DOJ/FBI for inclusion in the National Instant Criminal Background Check System ('NICS')." A copy of this FOIA request is attached hereto as Exhibit A.

4.   By letter dated November 20, 2015, OIP acknowledged receipt of Mr. Watkins' FOIA request on behalf of OAG, and provided him with the tracking number AG/16-00190. OIP also notified Mr. Watkins that OIP had directed a copy of its request to the FBI for processing and direct response. OIP additionally advised that the FOIA operation of the federal government is decentralized and each federal agency maintains and processes FOIA requests for its own records. Accordingly, OIP provided Mr. Watkins with contact information of the VA should he decide to direct his request to the VA. A copy of OIP's acknowledgement letter is attached hereto as Exhibit B.

2

5.  By letter dated September 22, 2017, OIP provided a final response to Mr. Watkins

advising that records searches had been completed, and that no records responsive to his request

were located.  OIP notified Mr. Watkins that it located a correspondence control sheet[1] related to

the 1998 OAG correspondence to the VA referenced in his FOIA request, but that the underlying

document(s) to which the control sheet pertains were no longer in custody of the Department.

OIP advised that the document(s) would have been transferred to the National Archives and

Records Administration (NARA), pursuant to NARA-approved records disposition schedules.  A

copy of this final response letter, dated September 22, 2017, is attached hereto as Exhibit C.

6.  Plaintiff filed suit in connection with Mr. Watkins' FOIA request on September 25,

2017.  *See* Compl., ECF No. 01.

7.  In November 2018, it came to OIP's attention that the VA had referred a record to the

Department, in connection with the VA's handling of a request submitted directly to it by Mr.

Watkins.  OIP coordinated with the FBI to process this record and, by letter dated December 10,

2018, OIP provided Plaintiff a response addressing this record.  Pursuant to this response, OIP

released the record referred by the VA, totaling nineteen pages, to Plaintiff, with excisions made

on behalf of the FBI pursuant to Exemptions 6, 7(C), and 7(E) of the FOIA, 5 U.S.C.

§ 552(b)(6), (b)(7)(C), and (b)(7)(E).[2]  A copy of this response letter, dated December 10, 2018,

is attached hereto as Exhibit D.

---

[1] The Departmental Executive Secretariat, a DOJ records repository described infra, employs
correspondence control sheets, which contain basic "envelope" information (sender, recipient,
date, subject matter, etc.) for the purposes of administrative tracking each piece of
correspondence within the system.

[2] These excisions were made by the FBI and are addressed in the Hardy Declaration, as
appropriate.  The Hardy Declaration is filed contemporaneously with Defendant's Motion for
Summary Judgment.

**Description of OIP's Standard Search Methods**

8.   As previously mentioned in paragraph 1 above, OIP processes FOIA requests on

behalf of itself and six senior leadership offices of DOJ.  OIP makes determinations upon receipt

of a FOIA request, both as to the appropriate senior leadership office records for which to search,

and the records repositories and search methods to use in conducting records searches on behalf

of the appropriate senior leadership offices.  Assessments of where responsive records are likely

to be maintained are based on a review of the content of the request itself and the nature of the

records sought therein, as well as our familiarity with the types and location of records that each

senior leadership office maintains, discussions with knowledgeable personnel in the senior

leadership offices or other Department components, and any research that OIP staff may conduct

on the topic of the request.

9.   In order to ensure that reasonably thorough records searches are conducted, during

the course of processing a given FOIA request, OIP continually assesses its search methods, and

will initiate such additional searches as appropriate.  This assessment is based on OIP's review of

records that are located in the initial records searches, discussions with Department personnel, or

other pertinent factors.  In sum, OIP records searches are conducted in an agile and

comprehensive manner, and the various search steps undertaken by OIP staff in response to a

given request work in tandem to achieve a complete records search.

**Searches Conducted by OIP in Response to Plaintiff's Request**

10. As indicated above, OIP processes FOIA requests for OAG, ODAG, OASG, PAO,

OLA, and OLP.  Because Plaintiff specifically sought OAG records, OIP determined that the

senior leadership office most likely to maintain responsive records would be OAG.  Moreover,

because of the nature of the records sought—correspondence between OAG and the VA,

4

memoranda of understanding between the FBI and the VA, and records reflecting the transfer of information between the FBI and the VA—OIP determined that these types of communications would most likely occur through formal institutional correspondence. Accordingly, OIP further determined that any potentially responsive records of these formal communications would be located in a records repository called the Departmental Executive Secretariat,[3] described below.

11. FOIA processing is decentralized across the federal government and is decentralized within DOJ. Any VA or FBI records implicated by this request would be maintained and handled by those entities and processed for direct response to Plaintiff, or referral to other federal entities pursuant to the FOIA. Accordingly, as mentioned in paragraph 4 above, OIP directed a copy of Mr. Watkins' FOIA request to the FBI, and provided Mr. Watkins with contact information for the VA, should he decide to make a request to the VA.[4]

Departmental Executive Secretariat

12. The Departmental Executive Secretariat ("DES") is the official records repository of OAG, and maintains records of all formal, unclassified correspondence sent to or from that Office. The DES maintains records of both intra- and extra-agency correspondence, and would therefore include correspondence between OAG and other DOJ entities, such as the FBI, and other Executive Branch agencies, such as the VA. The DES is comprised of searchable electronic databases, which provide "envelope" information (sender, recipient, date, subject

---

[3] OIP employs a dynamic search process and follows leads as they arise. If, as here, OIP determines that the appropriate course of action is to search for formal correspondence, and if in the course of conducting such a search, OIP finds an indication that there may be records in less formal records systems, such as email, OIP would initiate searches in those systems as appropriate. Here, OIP found no such indication that OAG would have potentially responsive records in email/electronic document systems.

[4] Both the FBI and the VA ultimately processed this request independently and are simultaneously submitting their own declarations. Also, as noted previously, the VA referred one record to DOJ, which OIP has now released to Plaintiff.

matter, etc.) and tracking details for each piece of correspondence within the system.  The

location of the underlying correspondence itself will depend on the applicable records retention

schedules and disposition of the relevant records.  For instance, correspondence sent or received

during Attorney General Reno's tenure is no longer under DOJ custody, and has been transferred

to the National Archives and Records Administration (NARA) or has been destroyed, consistent

with applicable records retention schedules.  In such instances, searches of the DES will reveal

the existence and basic envelope/tracking information for a given piece of correspondence, but

will not allow retrieval of the correspondence itself.  In contrast, more recent correspondence

will be readily retrievable as attachments in the DES database known as the Intranet Quorum

(IQ).

Search of the Departmental Executive Secretariat

13. Having determined that the DES was the most likely records repository for OAG

records, a member of OIP's IR Staff conducted searches for records responsive to Plaintiff's

FOIA request in the DES, which as described above, is the official records repository of OAG

and maintains records of all formal, unclassified correspondence sent to or from that Office.  OIP

chose to search the DES because if the DOJ, and specifically OAG, had the types of

communications sought by Plaintiff with another Executive Branch Department (in this instance

the VA), since 2001, such a communications should have been accompanied by formal

correspondence stored in the DES.

14. OIP's search of the DES was conducted using the search terms and search term

combinations (1) NICS plus "Veterans Affairs," (2) Firearm plus "Veterans Affairs," (3)

Firearms plus "Veterans Affairs," and (4) "National Instant Criminal Background Check

System."  OIP searched the entire DES electronic database, meaning the search was conducted

with no restriction on the start date parameter and covered all records entered into the system

through September 2017 when OIP issued its final response to Mr. Watkins.  These search terms

and term combinations were tailored to the search functionality of the DES system, and to the

nature of the records maintained in that system (records of formal correspondence).  Because

formal communications would reasonably be expected to use official names, titles, and

acronyms—as opposed to (or at a minimum, in combination with) common or short-hand

variations—OIP determined that these keyword combinations were reasonably tailored to locate

any responsive records regarding communications with the VA on the topics of Mr. Watkins'

request.

15. These keyword searches resulted in a list of records dating back to 1996, and a

member of OIP's staff then individually reviewed each hit in this list of results for

responsiveness to Plaintiff's request.  Any records that could be considered potentially

responsive to Plaintiff's based on this initial review were further reviewed as attachments in IQ,

unless they fell into the category of records that had been transferred to NARA or destroyed,

consistent with applicable retention schedules.  In the course of conducting searches in the DES,

OIP located one reference to 1998 OAG correspondence to the VA, as described in paragraph 5

above, which was potentially responsive but which was no longer in the custody of the

Department.  In its final response, OIP advised Mr. Watkins that the document(s) would have

been transferred to NARA.  Otherwise, no records responsive to any part of Mr. Watkins'

request were identified as a result of the DES search.

<u>Additional Steps Taken to Assess Existence of Potentially Responsive Records</u>

16. As mentioned above, OIP continually assesses whether other records systems should

be searched, or additional search methods should be employed.  Because OIP located a

correspondence control sheet related to the 1998 OAG correspondence to the VA, OIP conducted

a search of former Attorney General Reno's retired files[5] in an effort to determine whether a

copy of the underlying record, or related records, could be located in the retired files—

notwithstanding the fact that the 1998 record would have officially been transferred to NARA.

To further confirm whether OIP possessed any such record, OIP took the additional step of

searching for any reference to the NICS within the retired files of a broader pool of employees.

Specifically, OIP searched the available retired file indices for all departed OAG and senior

leadership office staff, through February 2016, using the keyword "NICS." No responsive

records were located as a result of these additional searches. Because no OAG involvement in

the subject of Plaintiff's request was identified through these retired files or DES searches, there

was no indication that any additional searches were required. Nonetheless, in an abundance of

caution and because Plaintiff's FOIA request noted DOJ involvement (specifically, OAG or FBI

involvement) with the VA in sharing certain data, OIP took the additional step of reaching out to

the FBI to determine whether the FBI, in its own records searches in response to Plaintiff's

request, had located any records that reflected OAG participation in communications with the

VA on this subject. OIP did not learn of any records or information implicating OAG

involvement, as a result of this outreach to the FBI. This corroboration was consistent with

OIP's searches of the DES, which located no responsive OAG records not already accessioned to

NARA.

---

[5] "Retired files" consist of paper records and "printed-to-file" electronic records (including e-mail) for departed Department employees. These files are compiled, organized, and stored (in accordance with applicable records retention schedules) upon the departure of Senior Leadership officials. Retired files are indexed to corresponding files lists, or "indices," which are organized by subject. Accordingly, a keyword search of a given custodian's file lists will identify any retired files associated with and indexed to that subject matter. Any such files are then retrieved from storage and hand-searched by OIP staff.

### Summary and Adequacy of OIP's Records Searches

17. In sum, OIP conducted a thorough search tailored to locate records responsive to Plaintiff's request. The scope of this search included the electronic databases of the DES, which maintain records of all formal, controlled, unclassified correspondence sent to or from OAG. OIP also took the additional step of communicating with the FBI to confirm the results of OIP's search. Based on my experience with the Department, my familiarity with the records maintained by the leadership offices, discussions with knowledgeable staff, as well as my understanding of the scope of Plaintiff's request, and information gathered from the documents themselves, I aver that OIP's searches were reasonably calculated to uncover all potentially responsive records and that all files likely to contain relevant documents were searched.

I declare under penalty of perjury that the foregoing is true and correct.


Vanessa R. Brinkmann

Executed this 10th day of December 2018.

# Exhibit A

*Protected*

# Request Summary Report
## FOIA-2016-00190 / OAG - Watkins, Seth [Other Requester]

| | | | |
|---|---|---|---|
| *Organization:* | Adduci, Mastriani & Schaumberg LLP | *Telephone:* | 202-407-8647 |
| *Address:* | 1133 Connecticut Avenue, NW Washington, District of Columbia, 20036 UNITED STATES | *Fascimile:* *Other Telephone:* *Email:* | 202-466-2006 watkins@adduci.com |

---

*Summary:* specific records related to the purchasing of a firearm

*Request Text:* Attn: Office of the Attorney General (OAG)

This is a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.
On behalf of our requester client, we hereby request copies of the following records under FOIA, preferably provided to the requester's undersigned attorney in electronic format (pdf):

1. all communications made by or on behalf of the United States Attorney General ("OAG") to the United States Department of Veterans Affairs ("VA") requesting or requiring that the VA submit to the United States Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI"), information on persons to be prohibited from purchasing a firearm, and all communications from the VA in response thereto (on information and belief, OAG made such a request to the VA in 1998) (this request does not seek the subsequent communications that actually provide information concerning particular individuals);

2. each Memorandum of Understanding entered into between the VA and the DOJ/FBI concerning or relating to submission by the VA to the DOJ/FBI of information on persons to be prohibited from purchasing a firearm, including but not limited to: the Memorandum of Understanding Between the United States Department of Veterans Affairs and the Federal Bureau of Investigation Regarding the National Instant Criminal Background Check System, dated February 27, 2012;

3. all records (including all amendments, supplements, exhibits, and addenda thereto) which set out or reflect the providing of information (such as names of individuals) by the VA to the DOJ/FBI for inclusion in the National Instant Criminal Background Check System ("NICS"), including but not limited to the NICS Index Mental Defective Commitment File, including but not limited to any directive, guidance, policy, instruction, manual, procedure, guideline, standard, internal advice, message, checklist, flow chart, and/or memorandum with respect thereto.

NONE OF THE AFOREMENTIONED REQUESTS SEEK DISCLOSURE OF THE NAMES OF INDIVIDUALS PROVIDED BY THE VA TO THE FBI, NOR DO THEY SEEK ANY INFORMATION PROTECTED UNDER THE PRIVACY ACT.

We hereby consent to pay all costs incurred for search, duplication and review of materials up to $250.00. If additional costs will be required, please contact me for my approval.

If any records are withheld from release, please identify the withheld records by producing and providing to me an index pursuant to Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C. Cir. 1973).

If DOJ's OAG does not have custody or control over certain requested and responsive records but knows or believes that another component of DOJ subject to FOIA does, please forward this FOIA Request to the appropriate person and inform us that you have done so.

Please respond within 20 business days in accordance with 5 U.S.C. § 552(a)(6)(A).

If you have any questions about this request, please contact me immediately by the means listed below.

Thank you for your assistance with this matter.

Sincerely,
/s/
Seth A. Watkins

Seth A. Watkins, Ph.D.
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
Tel. 202-407-8647
Main FAX 202-466-2006
Email watkins@adduci.com

---

# Exhibit B



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

November 20, 2015

Mr. Seth Watkins, Ph.D.
Adduci, Mastriani & Schaumberg LLP
1133 Connecticut Avenue, NW
Washington, DC 20036                    Re:    AG/16-00190 (F)
watkins@adduci.com                             LAD:DRM

Dear Mr. Watkins:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request made via the Office of Information Policy eFOIA Portal and received in this Office on October 21, 2015, in which you requested the following records: 1) all communication between the Office of the Attorney General to the Department of Veterans Affairs (VA) pertaining to providing the Federal Bureau of Investigation (FBI) with information on persons who are prohibited from purchasing a firearm; 2) all Memoranda of Understanding between the VA and the FBI pertaining to information sent to the FBI regarding persons to be prohibited from purchasing a firearm; 3) all records from the VA to the FBI pertaining to the National Instant Criminal Background Check System (NICS). This response is made on behalf of the Office of the Attorney General.

The records you seek require a search in another Office, and so your request falls within "unusual circumstances." See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii). Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute. The time needed to complete our processing of your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in about a month, whereas complex requests necessarily take longer. At this time, your request has been assigned to the complex track. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.

We note that in your request you agreed to pay fees up to $250.

-2-

We have also directed a copy of your request to the FBI for processing the direct response to you.  You may contact the FBI at the following addresses:

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
170 Marcel Drive
Winchester, VA 22602-4843
Phone: (540) 868-4500
Fax: (540) 868-4997
Email: foiparequest@ic.fbi.gov

For your information, the FOIA operation of the federal government is decentralized and each federal agency maintains and processes FOIA requests for its own records. Accordingly, you will need to direct your request to the federal agency or agencies you believe have records pertaining to the subject of your request. Additional information regarding all agencies' administration of the FOIA, including their contact information and online request forms, if applicable, is available at www.FOIA.gov. Because you mention the VA, you may wish to direct your request to the VA, as the agency most likely to maintain the records you are seeking, to the extent that they exist. The contact information for the VA may be found at the above-reference web site.  To be of assistance, the contact information for the VA is as follows:

Laurie Karnay, FOIA Team Lead
(005R1C) VACO
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC  20420
Phone: (202) 632-7465
Fax: (202) 632-7581
Email: vacofoiaservice@va.gov

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible.  If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact me by telephone at the above number or you may write to me at the Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-

-3-

0001.  Lastly, you may contact our FOIA Public Liaison at the telephone number listed above
to discuss any aspect of your request.

Sincerely,

Debra Moore
Government Information Specialist

# Exhibit C



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

September 22, 2017

Dr. Seth Watkins
Adduci, Mastriani & Schaumberg LLP
1133 Connecticut Avenue, NW
Washington, DC  20036          Re:   AG/16-00190 (F)
watkins@adduci.com                      VRB:DRH:SBT

Dear Dr. Watkins:

       This responds to your Freedom of Information Act (FOIA) request made via the former
Office of Information Policy eFOIA Portal and received in this Office on October 21, 2015,
seeking various records concerning persons prohibited from purchasing firearms.  This
response is made on behalf of the Office of the Attorney General.

       Please be advised that a search has been conducted of the electronic database of the
Departmental Executive Secretariat, which is the official records repository for the Office of
the Attorney General, and no records responsive to your request were located.  We also
conducted a search of the records indices of the administration of former Attorney General
Janet Reno.  The indices supplement the electronic database of the Departmental Executive
Secretariat and list file folder titles, arranged according to subject, for the records of former
Office of Attorney General staff.  Again, no records responsive to your request were located.

       For your information, we did locate a correspondence control sheet related to the 1998
Attorney General correspondence to the United States Department of Veterans Affairs (VA)
referenced in your request.  We note that the original date of Attorney General Reno's letter to
the VA appears to have been December 8, 1997.  The underlying document(s) to which the
control sheet pertains are no longer in the custody of the Department.  The document(s) would
have been transferred to the National Archives and Records Administration (NARA) in
accordance with NARA-approved records disposition schedules.  Accordingly, you may wish
to contact NARA, which may be reached at:

                         Joseph Scanlon
                         FOIA Officer, Office of the General Counsel
                         Room 3110
                         8601 Adelphi Road
                         College Park, MD 20740
                         (301) 837-3642 (Telephone)
                         (301) 837-0293 (Fax)
                         *joseph.scanlon@nara.gov* (Request via Email)

-2-

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c) (2015) (amended 2016). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison, Laurie Day, for any further assistance and to discuss any aspect of your request at: Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001; telephone at 202-514-3642; or facsimile at 202-514-1009.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal at https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Vanessa R. Brinkmann
Senior Counsel

# Exhibit D



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

December 10, 2018

Mr. Seth Watkins
Watkins Law & Advocacy, PLLC
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC  20004                          Re:      17-cv-01974 (D.D.C.)
watkins@wlapllc.com                                       VRB:TAZ:BPF

Dear Mr. Watkins:

        In connection with your above-referenced Freedom of Information Act (FOIA) lawsuit
seeking records, in part, related to guidance regarding the NICS, the Department of Veterans
Affairs ("VA") referred nineteen pages of material for processing and direct response to you on
behalf of the Department of Justice.

        I have determined that the nineteen pages referred by the VA are appropriate for release
with excisions made on behalf of the Federal Bureau of Investigation (FBI) pursuant to
Exemptions 6, 7(C), and 7(E) of the FOIA, 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(7)(E), and
copies are enclosed.  Exemption 6 pertains to information the release of which would
constitute a clearly unwarranted invasion of the personal privacy of a third party.  Exemption
7(C) pertains to records or information compiled for law enforcement purposes, the release of
which could reasonably be expected to constitute an unwarranted invasion of the personal
privacy of a third party.  Exemption 7(E) pertains to records or information compiled for law
enforcement purposes, the release of which would disclose a technique or procedure for law
enforcement investigations or prosecutions.

        For your information, Congress excluded three discrete categories of law enforcement
and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c) (2012
& Supp. V 2017).  This response is limited to those records that are subject to the requirements
of the FOIA.  This is a standard notification that is given to all our requesters and should not be
taken as an indication that excluded records do, or do not, exist.

-2-

If you have any questions regarding this response, please contact Jeremy Simon of the U.S Attorney's Office for the District of Columbia, at 202-252-2528.

Sincerely,

Vanessa R. Brinkmann
Senior Counsel

Enclosures