**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

)
WATKINS LAW & ADVOCACY, PLLC )
)
    Plaintiff, )
)    Civil Action No. 1:17-cv-1974
    v. )
)
)
    Defendants. )
)
)

**DECLARATION OF ADAM C. SIPLE**
**CHIEF, DISCLOSURE DIVISION**
**BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

I, Adam C. Siple, do hereby declare and say:

    1.    I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and

Explosives (ATF), Department of Justice (DOJ). In this capacity, I receive all requests made of

ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974

(PA), 5 U.S.C. § 552a. In this capacity, I also review all requests referred to ATF from other

agencies that have located ATF-originated documents in their records while processing their

FOIA and PA requests. I am responsible for processing all FOIA and PA requests, initiating

searches relevant to such requests, supervising the determination of what records should be

disclosed, processing all documents referred to ATF and to other agencies, and recording all

administrative appeals filed with ATF.

    2.    I declare that the statements made herein are based on knowledge acquired by me

through the performance of my official duties. I am familiar with the procedures followed by

this office in responding to the FOIA request made by Plaintiff in the above-captioned action, Watkins Law & Advocacy, PLLC.

## The FOIA/PA Request

3.     On October 21, 2015, ATF's Disclosure Division's electronic FOIA mailbox, foiamail@atf.gov, received a FOIA request from Mr. Seth Watkins asking for the following: 1. Memorandum of understanding or other agreement entered into between the United States Department of Veterans Affairs (VA) and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) concerning information submitted by the VA to ATF on persons prohibited from purchasing a firearm; 2. Records, which set out or reflect the providing of information by the VA to ATF for inclusion in the National Instant Criminal Background Check System (NICS); and 3. Communications made by or on behalf of the United States Attorney General ("OAG") to the VA requesting or requiring that the VA submit to ATF information on persons to be prohibited from purchasing a firearm, and all responses communicated from the VA. *See* Exhibit A.

4.     On November 11, 2015, ATF's Disclosure Division's electronic FOIA mailbox, foiamail@atf.gov, received a FOIA request from Mr. Seth Watkins asking for copies of the 11 comments submitted to the Chief, Regulations Branch, Bureau of Alcohol, Tobacco and Firearms in response to ATF's notice of proposed rule making published on September 6, 1996 at 61 FR 47095, Notice No.839, RIN 1512-AB41, and which proposed definitions to implement the National Instant Background Check System (NICS). *See* Exhibit B.

5.     On November 12, 2015, ATF received a FOIA referral from the Department of Treasury, Tax and Trade Bureau (TTB), reference number 2015-11-061, requesting that ATF review and provide a direct response to the requester. The referral, dated November 11, 2015,

requested the identical information as the FOIA sent by Mr. Watkins, on November 11, 2015, to ATF and described fully in ¶ 4. *See* Exhibit C.

6.      By letter dated December 21, 2015, the Disclosure Division acknowledged receipt of Mr. Watkins FOIA request, dated October 21, 2015, and assigned it reference number 2016-0135.[1] *See* Exhibit D.

7.      On or about December 21, 2015, the Disclosure Division transmitted a request to the Office of the Chief Counsel (OCC) to conduct a search for information responsive to FOIA request, reference number 2016-0135.

8.      Based on the information provided in Mr. Watkins FOIA request, described in ¶ 3, the Office of the Chief Counsel conducted a search of its computer directories by entering the search terms: "VA" ; "ATF"; "MOA"; and "NICS" and located 4 documents, described in the Vaughn index, Documents numbered (12)-(15).

9.      On or about December 22, 2015, these 4 documents were provided to the Disclosure Division for review and processing and a direct response to the requester, Mr. Watkins.

10.      By letter dated January 13, 2016, the Disclosure Division acknowledged receipt of Mr. Watkins FOIA request to ATF, dated November 11, 2015 and the referral from TTB on November 12, 2015.  Since they were identical, the FOIA requests were consolidated and assigned ATF reference number 2016-0136.[2] *See* Exhibit E.

11.      On January 13, 2016, the Disclosure Division transmitted a request through the

---

[1] *In this letter, ATF's Disclosure Division told Mr. Watkins that a significant demand for information from the public and oversight entities has caused a backlog of FOIA requests, and is considered an "unusual circumstance." See 5 U.S.C. § 552(a)(6)(B)(i)-(iii).  Therefore, based on these unusual circumstances, ATF extended the response time by ten days.*

[2] *The letter sent on January 13, 2016 provided the incorrect ATF reference number, 2016-0135. The actual number is 2016-0136.*

Associate Director, Enforcement Program Services (EPS) to ATF Chief, Regulations Division to conduct a search for the records requested in FOIA request, reference number 2016-0136.

12.     Based on the information provided in Mr. Watkins FOIA request, described in ¶ 4, the ATF Regulations Division located 11 documents, described in the Vaughn index, Documents Numbered (1)-(11).

13.     On January 14, 2016, these 11 documents were provided to the Disclosure Division for review and processing and a direct response to the requester, Mr. Watkins.

14.     By letter dated, October 3, 2017, ATF released 30 pages of documents responsive to both Mr. Watkins FOIA request to ATF, dated November 11, 2015; and the TTB referral, dated November 12, 2015; ATF reference number 2016-0136.[3]  The release consisted of 9 pagesreleased in full and 21 pages released in part.  ATF withheld information pursuant to Exemption (b)(6).  The letter also informed Mr. Watkins that if he was not satisfied with our response, he could submit an administrative appeal to the Department of Justice, Office of Information Policy (OIP).  *See* Exhibit F.

15.     By letter dated, October 5, 2017, ATF identified 4 documents responsive to Mr. Watkins FOIA request dated October 21, 2015; ATF reference number 2016-0135.  The documents consisted of 27 pages, withheld in full.  ATF withheld the information pursuant to Exemption (b)(5). The letter also informed Mr. Watkins that if he was not satisfied with our response, he could submit an administrative appeal to the Department of Justice, Office of

---

[3] *This letter provided to Mr. Watkins erroneously stated that the 30 pages of documents released in response to reference number 2015-0136 were referred to ATF by TTB.  In fact, these 30 pages of documents were provided by ATF's Regulations Division, and not referred by TTB as indicated in our letter and prior representations to both the plaintiff and the court.  Only the request to TTB was referred by TTB to ATF.  ATF maintains that the request to TTB is not properly part of the lawsuit filed against ATF..  Nevertheless, and without waiver of ATF's position, the documents processed and released by ATF to the plaintiff on October 3, 2017, also serve as a satisfactory response to the TTB referral; properly consolidated into one FOIA request as referenced in ¶ 4.*

Information Policy (OIP). *See* Exhibit G.

16.     On July 3, 2018, after further review, the Disclosure Division released in full the 30 pages of documents responsive to Mr. Watkins FOIA request to ATF, dated November 11, 2015; ATF reference number 2016-0136, ¶ 14.  This release included unredacted versions of the documents previously released with redactions under Exemption (b)(6).  Accordingly, with this release, no information was withheld under Exemption (b)(6) in connection with Plaintiff's FOIA requests.  *See* Exhibit H.

## FOIA EXEMPTION (b)(5)

## DELIBERATIVE PROCESS PRIVILEGE

17.     FOIA Exemption (b)(5) provides for an agency to be free from mandatory disclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," and includes, inter alia, the attorney work product privilege and the pre-decisional deliberative process privilege.  *See* 5 U.S.C. §552(b)(5).

18.     This privilege protects not merely documents but also the integrity of the deliberative process itself where the exposure of that process to public scrutiny would have the effect of inhibiting the free flow of recommendations or opinions of employees during the decision making process that senior executives must rely upon to make quality decisions.

19.     Pursuant to Exemption (b)(5), the Disclosure Division withheld the following records:

> ➢   A draft Memorandum of Agreement for assistance with testing types of

media for compliance with Section 508 of the Rehabilitation Act of 1986.[4]

➢ Internal briefing paper providing talking points and legal guidance from the Office of the Chief Counsel to ATF's executive staff regarding the applicability of Federal firearms disabilities to VA adjudications.

➢ Draft Department of Justice (DOJ) letter about NICS forwarded to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for agency input and comment.

➢ Draft internal guidance document from the Department of Justice regarding submission of records to the NICS.

20.    The draft DOJ letter was crafted by the department in response to an inquiry about the NICS process and its use by the Office of Veterans Affairs then circulated to respective ATF employee(s) for their opinions, comments and recommendations on its content and accuracy. The draft version of this letter is in a "track changes" format.

21.    The draft version of an internal DOJ guidance document regarding the submission of records to the NICS forwarded to its components for comments and recommendations on its content and accuracy. The draft version of this guidance is in a "track changes" format.

22.    Accordingly, the drafts of both the letter and guidance document meet Exemption (b)(5)'s threshold requirement of "interagency or intra-agency memorandum or letters."

23.    The ATF employee(s) provided their frank comments and recommendations to DOJ regarding the content and accuracy of the drafts letter and memorandum. These

---

[4] *Upon further review, this document is not responsive to Mr. Watkins FOIA request, 2015-0135, and was processed in error. In an abundance of caution and transparency, ATF included the document in its Vaughn index.*

comments include questions to the department about their decision to either include or exclude information.

24.     If these recommendations-comments-opinions were exposed to public scrutiny, such a release would have the effect of inhibiting the free flow of information between agency employee(s) and deciding officials within the DOJ.

25.     In order to invoke the deliberative process privilege, an agency must show that the requested material meets two requirements: it must be both deliberative and pre-decisional. The letter and guidance document withheld under FOIA exemption (b)(5) are both pre-decisional and deliberative.

26.     The letter and guidance document are in draft form and pre-decisional.

27.     The exchange of recommendations and opinions between ATF employee(s) and DOJ decision makers about the legal content and policy direction of both draft documents is the cornerstone of deliberative communications. This material is deliberative because it reflects the give-and-take of the consultative process because information would not flow freely between government agencies if the nature of the process were open to public scrutiny.

28.     The internal briefing paper provided talking points/legal guidance about the Federal firearms disability, 18 U.S.C. § 922(g)(4), and its effect on veterans ability to purchase a firearm.   An attorney in the Office of the Chief Counsel prepared the internal briefing paper/legal guidance for use in advising ATF executive staff on two issues of concern to Congress: NICS and the ability of veterans to purchase a firearm if prohibited by 18 U.S.C. §922(g)(4).

29.     There are several categories of documents that are routinely protected by the deliberative process privilege. "Briefing materials"—reports or other documents that

summarize issues and advise superiors, either generally or in preparation for an event such as congressional testimony are included in that category of documents. For this reason, the Disclosure Division determined that the internal "talking points" should be withheld under FOIA exemption (b)(5).

## SEGREGABILITY

30.         My staff reviewed each page of the material identified as responsive to ensure that no additional information could be released. The *Vaughn* Index, prepared by ATF, describes in detail each responsive document and all meaningful information contained therein. The plaintiff has specifically challenged segregability only as to this one document: Internal briefing paper providing talking points and legal guidance from the Office of the Chief Counsel to ATF's executive staff regarding the applicability of Federal firearms disabilities to VA adjudications. As explained in ¶¶ 28 and 29 the entire briefing paper is protected by (b)(5); therefore, all releasable information has been provided to Mr. Watkins.

## CONCLUSION

31.         ATF properly reviewed all information for the greatest degree of access, and properly withheld information pursuant to FOIA Exemption (b)(5).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of December, 2018.

Adam C. Siple
Chief, Disclosure Division

| | |
|---|---|
| **From:** | Seth Watkins |
| **To:** | foiamail |
| **Subject:** | FOIA Request |
| **Date:** | Wednesday, October 21, 2015 3:07:21 PM |

---

This is a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On behalf of our requester client, we hereby request copies of the following records under FOIA, preferably provided to the requester's undersigned attorney in electronic format (pdf):

1. each Memorandum of Understanding or other agreement entered into between the United States Department of Veterans Affairs ("VA") and the United States Department of Justice ("DOJ"), Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), concerning or relating to submission by the VA to the DOJ/ATF of information on persons to be prohibited from purchasing a firearm (including all amendments, supplements, exhibits, and addenda thereto);

2. all records (including all amendments, supplements, exhibits, and addenda thereto) which set out or reflect the providing of information (such as names of individuals) by the VA to the DOJ/ATF, for example for inclusion in the National Instant Criminal Background Check System ("NICS"), including but not limited to the NICS Index Mental Defective Commitment File, including but not limited to any directive, guidance, policy, instruction, manual, procedure, guideline, standard, internal advice, message, checklist, flow chart, and/or memorandum with respect thereto;

3. to the extent the ATF itself has custody or control of such records, all communications made by or on behalf of the United States Attorney General ("OAG") to the VA requesting or requiring that the VA submit to the DOJ/ATF information on persons to be prohibited from purchasing a firearm, and all communications from the VA in response thereto (on information and belief, OAG made such a request to the VA in 1998) (this request does not seek the subsequent communications that actually provide information concerning particular individuals).

NONE OF THE AFOREMENTIONED REQUESTS SEEK DISCLOSURE OF THE NAMES OF INDIVIDUALS PROVIDED BY THE VA TO THE ATF, NOR DO THEY SEEK ANY INFORMATION PROTECTED UNDER THE PRIVACY ACT.

We hereby consent to pay all costs incurred for search, duplication and review of materials up to $250.00.  If additional costs will be required, please contact me for my approval.

EXHIBIT A

If any records are withheld from release, please identify the withheld records by producing and providing to me an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).

If the ATF does not have custody or control over certain requested and responsive records but knows or believes that another component of DOJ subject to FOIA does, please forward this FOIA Request to the appropriate person and inform us that you have done so.

Please respond within 20 business days in accordance with 5 U.S.C. § 552(a)(6)(A).

If you have any questions about this request, please contact me immediately by the means listed below.

Thank you for your assistance with this matter.

Sincerely,
/s/
Seth A. Watkins


Seth A. Watkins, Ph.D.
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
Tel. 202-407-8647
Main FAX 202-466-2006
Email watkins@adduci.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you think that you have received this email message in error, please email the sender at "watkins@adduci.com."  Thank you.


**This message has been scanned for malware by Websense.**
**www.websense.com**

| From: | Seth Watkins <Watkins@adduci.com> |
| Sent: | Wednesday, November 11, 2015 3:17 PM |
| To: | foiamail@atf.gov |
| Subject: | FOIA Request |

This is a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On behalf of our requester client, we hereby request copies of the following records under FOIA, preferably sent to the requester's undersigned attorney by email in electronic format (pdf):

• copies of the eleven (11) comments submitted to the Chief, Regulations Branch, Bureau of Alcohol, Tobacco and Firearms ("BATF"), U.S. Department of the Treasury, in response to BATF's notice of proposed rulemaking published on September 6, 1996 at 61 FR 47095, Notice No. 839, RIN 1512-AB41, in which BATF proposed definitions to facilitate the implementation of the national instant criminal background check system ("NICS") required under the Brady Handgun Violence Prevention Act.  [On information and belief, the comments were submitted between September 6, 1996 and December 5, 1996 (when the comment period closed).  On information and belief, six comments were submitted by Federal agencies including two comments from agencies within the U.S. Department of Justice (DOJ) (the Immigration and Naturalization Service and the Office of Policy Development), the U.S. Department of State (Office of Passport Policy and Advisory Services), the U.S. Department of Veterans Affairs, the U.S. Department of Defense, and the U.S. Department of Health & Human Services (Substance Abuse and Mental Health Services Administration), while five comments were submitted on behalf of State agencies.]

We hereby consent to pay all costs incurred for search, duplication and review of materials up to $250.00.  If additional costs will be required, please contact me for my approval.

If any records are withheld from release, please identify the withheld records by producing and providing to me an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).

If the Bureau of Alcohol, Tobacco, Firearms, and Explosives, U.S. Department of Justice ("DOJ"), does not have custody or control over certain requested and responsive records but knows or believes that another component of DOJ subject to FOIA does, please forward this FOIA Request to the appropriate person and inform us that you have done so.

Please respond within 20 business days in accordance with 5 U.S.C. § 552(a)(6)(A).

If you have any questions about this request, please contact me immediately by the means listed below.

1

EXHIBIT B

Thank you for your assistance with this matter.

Sincerely,
/s/
Seth A. Watkins

Seth A. Watkins, Ph.D.
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
Tel. 202-407-8647
Main FAX 202-466-2006
Email watkins@adduci.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you think that you have received this email message in error, please email the sender at "watkins@adduci.com."  Thank you.

EXHIBIT B

| | |
|---|---|
| **From:** | TTB FOIA Inquiries |
| **To:** | foiamail |
| **Subject:** | FOIA Request 2015-11-061 |
| **Date:** | Thursday, November 12, 2015 1:48:12 PM |
| **Attachments:** | 2015-11-061 Watkins Initial FOIA Request.pdf |

Attached is a Freedom of Information Act (FOIA) request received in the office of the Alcohol and Tobacco Tax and Trade Bureau (TTB) dated November 11, 2015.  The requester, Seth Watkins, is requesting copies of the 11 comments submitted to the Chief, Regulations Branch , Bureau of Alcohol, Tobacco and Firearms ("BATF"), U.S. Department of the Treasury, in response to BATF's notice of proposed rulemaking published on September 6, 1996 at 61 FR 47095, Notice No. 839, RIN 1512-AB41, in which BATF proposed definitions to facilitate the implementation of the national instant criminal background check system ("NICS") required under the Brady Handgun Violence Prevention Act.

Upon review of the subject matter, we have determined that, if such documents exist, they would be under your purview.  Please respond directly to the requester.

If you have any questions regarding this email, please let me know.

Regards,

*Quinton S. Mason*, CIPP/US/G
Disclosure Program Manager
US. Department of the Treasury ¦Alcohol and Tobacco Tax and Trade Bureau
Regulations and Rulings Division
Office: 202-882-9904¦Fax: 202-453-2331
TTBFOIA@ttb.gov

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

EXHIBIT C



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

www.atf.gov

December 21, 2015                                    REFER TO: 2016-0135

Mr. Seth A. Watkins, Ph.D.
Adduci, Mastriani & Schaumberg, LLP
1133 Connecticut Avenue, NW
Washington, D.C. 20036

Dear Mr. Watkins:

This is to acknowledge receipt of your Freedom of Information Act request dated October 21, 2015 and received in this Office on October 21, 2015, in which you requested records concerning: Memorandum of Understanding between the VA and ATF. Your request has been assigned number 2016-0135. Please refer to this number on any future correspondence.

At this time, the ATF Disclosure Division is experiencing a significant demand for information from the public and oversight entities. This significant demand has caused a backlog of FOIA requests, and is considered an "unusual circumstance." See 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by statute.

Due to this backlog, we estimate that it will take three to four months from the date of this letter to respond to your request. Please note this is only an estimated date of completion as there may be circumstances that lead to a longer or shorter processing time. The time needed to complete our processing of your request will necessarily depend on the complexity of our records search and on the volume and complexity of any records located. In any event, we will follow up with you if we are able to locate potentially responsive documents from the appropriate ATF component. To allow us to respond more quickly to you, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing.

For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in approximately one month, whereas complex requests necessarily take longer. At this time, your request has been assigned to the complex track. You may wish to narrow the scope of your request to limit

-2-

Mr. Seth A. Watkins, Ph.D.

the number of potentially responsive records or agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.

We have determined that you are a non-media, non-commercial requester pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(III).  As a non-media, non-commercial requester, you are entitled to two free hours of search time and up to one hundred pages of duplication without charge.  See Production or Disclosure of Material or Information, 80 Fed. Reg. 18099, 18111 (Apr. 3, 2015) (to be codified at 28 C.F.R. pt. 16.10(d)(4)).  You may review the Department of Justice regulations, which establish the fees charged for processing FOIA requests at http://www.gpo.gov/fdsys/granule/FR-2015-04-03/2015-07772.  If you disagree with this determination, you are welcome to provide any additional information that would demonstrate that you should not be considered an "other" requester.  If you would like to discuss either the track or the fees associated with your request, you may contact our FOIA Public Liaison, Stephanie Boucher, at (202) 648-8740.

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible.  If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact our FOIA Public Liaison.  You may also discuss any aspect of your request with our FOIA Public Liaison.

Sincerely,

*Stephanie M. Boucher*

Stephanie M. Boucher
Chief, Disclosure Division



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

_____

www.atf.gov

January 13, 2016                                        REFER TO:  2016-0136 (ATF)
                                                                   2015-11-061 (TTB)

Mr. Seth A. Watkins Ph. D.
Adduci, Mastriani & Schaumberg, LLP
1133 Connecticut Avenue, NW
Washington, D.C. 20036

Dear Mr. Watkins:

This is to acknowledge receipt of your Freedom of Information Act request.  While processing
your Freedom of Information Act request dated November 11, 2015 for records concerning
rulemaking, Alcohol and Tobacco Tax and Trade referred your FOIA request to this Office for
processing and direct response to you.  The documents were received by this Office on
November 12, 2015, and this referral was assigned number 2016-0135.  Please refer to this
number in any future correspondence with this Office.  For your reference, the Alcohol and
Tobacco Tax and Trade's file number associated with this request is 2015-11-061.

For your information, this Office assigns incoming requests to one of three tracks: simple,
complex, or expedited.  Each request is then handled on a first-in, first-out basis in relation to
other requests in the same track.  Simple requests usually receive a response in approximately
one month, whereas complex requests necessarily take longer.  At this time, your request has
been assigned to the complex track.  You may wish to narrow the scope of your request to limit
the number of potentially responsive records or agree to an alternative time frame for processing,
should records be located; or you may wish to await the completion of our records search to
discuss either of these options.

We have determined that you are a non-media, non-commercial requester pursuant to 5 U.S.C. §
552(a)(4)(A)(ii)(III).  As a non-media, non-commercial requester, you are entitled to two free
hours of search time and up to one hundred pages of duplication without charge.  See Production
or Disclosure of Material or Information, 80 Fed. Reg. 18099, 18111 (Apr. 3, 2015) (to be
codified at 28 C.F.R. pt. 16.10(d)(4)).  You may review the Department of Justice regulations,
which establish the fees charged for processing FOIA requests at
http://www.gpo.gov/fdsys/granule/FR-2015-04-03/2015-07772.  If you disagree with this
determination, you are welcome to provide any additional information that would demonstrate
that you should not be considered an "other" requester.  If you would like to discuss either the

EXHIBIT E

-2-

Mr. Seth A. Watkins, Ph. D.

track or the fees associated with your request, you may contact our FOIA Public Liaison,
Stephanie Boucher, at (202) 648-8740.  You may also discuss any aspect of your request with
our FOIA Public Liaison.

Sincerely,

Stephanie M. Boucher

Stephanie M. Boucher
Chief, Disclosure Division



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

www.atf.gov

October 3, 2017

REFER TO:  2016-0136 (ATF)
2015-11-061 (TTB)

Mr. Seth Watkins
Watkins Law and Advocacy, PLLC
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC  20004

Dear Mr. Watkins:

This responds to your Freedom of Information Act (FOIA) request.  While processing your
FOIA request dated November 11, 2015, for records concerning copies of the 11 comments
submitted to the Chief, Regulations Branch, Bureau of Alcohol, Tobacco and Firearms
("BATF"), U.S. Department of Treasury, in response to BATF's notice of proposed rulemaking
published on September 6, 1996 at 61 FR 47095, Notice No. 839, RIN 1512-AB41, in which
BATF proposed definitions to facilitate the implementation of the national instant criminal
background check system ("NICS") required under the Brady Handgun Violence Prevention Act,
Alcohol and Tobacco Tax and Trade Bureau ("TTB") referred 30 pages of records to the Bureau
of Alcohol, Tobacco, Firearms and Explosives (ATF) for processing and direct response to you.
The documents were received by ATF on November 12, 2015.  We apologize for the delay in
our response as we are currently working through a backlog of requests

We have reviewed the 30 pages that the TTB sent us.  We are releasing 9 pages in full, and we
are releasing 21 pages in part.  Each page of this production indicates whether it is being released
in full (RIF) or released in part (RIP).  Individual redactions identify the exemption pursuant to
which the redacted material has been withheld.

We are withholding third party information, including the names of ATF employees, under
FOIA Exemption (b)(6).  To disclose personal information about a living individual to a member
of the public, we need the written consent from the persons whose information you requested.
Without written consent, proof of death, or an overriding public interest, personal information is
exempt from disclosure under the FOIA.  The FOIA does not require agencies to disclose
information that would be a clearly unwarranted invasion of personal privacy (5 U.S.C. §
552(b)(6)).

For your information, Congress excluded three discrete categories of law enforcement and
national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This
response is limited to those records that are subject to the requirements of the FOIA.  This is a

-2-

Mr. Seth Watkins

standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Darryl Webb or Johnny Rosner, at (202) 648-7390, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Peter J. Chisholm
Acting Chief, Disclosure Division

Enclosures



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

www.atf.gov

October 5, 2017                                        REFER TO:  2016-0135

Mr. Seth Watkins
Watkins Law and Advocacy, PLLC
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC  20004

Dear Mr. Watkins:

This responds to your Freedom of Information Act (FOIA) request dated October 21, 2015, and
received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on the same day, in
which you requested the following:

1. Each Memorandum of Understanding or other agreement entered into between the United
   States Department of Veteran Affairs (VA) and ATF, concerning or relating to
   submission by the VA to ATF of information on persons to be prohibited from
   purchasing a firearm (including all amendments, supplements, exhibits, and addenda
   thereto);

2. All records (including all amendments, supplements, exhibits, and addenda thereto)
   which set out or reflect the providing of information (such as names of individuals) by
   the VA to ATF, for example for inclusion in the National Instant Criminal Background
   Check System (NICS), including by not limited to the NICS Index Mental Defective
   Commitment File, including but not limited to any directive, guidance, policy,
   instruction, manual, procedure, guideline, standard, internal advice, message, checklist,
   flow chart, and/or memorandum with respect thereto;

3. To the extent the ATF itself has custody or control of such records, all communications
   made by or on behalf of the United States Attorney General (OAG) to the VA requesting
   or requiring that the VA submit to the DOJ/ATF information on persons to be prohibited
   from purchasing a firearm, and all communications from the VA in response thereto (on
   information and belief, OAG made such a request to the VA in 1998).

Your request has been assigned number 2016-0135.  Please refer to this number on any future
correspondence.  We apologize for the delay in our response as we are currently working through
a backlog of requests.

EXHIBIT G

-2-

Mr. Seth Watkins

In response to your request, we found the following responsive documents:

1. Internal briefing representing legal guidance for ATF's executive staff from the Office of Chief Counsel.
2. Draft of a Congressional from the Department of Justice. It is not a final document.
3. Draft of guidance from the Office of the President. It is not a final document.
4. Draft form of a Memorandum of Agreement between ATF and Department of Veteran's Affairs.

We have processed a total of 27 pages of responsive material. We are withholding all 27 pages in full, as explained below.

We are withholding deliberative materials in the records you requested under FOIA Exemption (b)(5). FOIA Exemption 5 permits the withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." FOIA Exemption 5 protects advice, opinions, recommendations, predecisional discussion, and evaluative remarks that are part of the government decision-making process. Release of such predecisional advisory communications would harm the quality of agency decision-making and the policy of encouraging frank, open discussion among agency personnel before making a decision (5 U.S.C. §552 (b)(5)).

The most commonly invoked privilege within Exemption 5 is the deliberative process privilege. The general purposes of this privilege are to prevent injury to the quality of agency decisions and to protect government agencies' decision-making processes. The deliberative process privilege allows agencies to freely explore alternative avenues of action and to engage in internal debates without fear of public scrutiny (Missouri ex rel. Shorr v. United States Army Corps of Engineers, 147 F.3d 708, 710 (8th Cir. 1998)). Exemption 5 protects not merely documents, but also the integrity of the deliberative process itself, where the exposure of that process could result in harm.

We are also withholding confidential attorney-client communications in the records you requested under FOIA Exemption (b)(5). FOIA Exemption (b)(5) permits the withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" (5 U.S.C. §552 (b)(5)). The attorney-client privilege of FOIA Exemption 5 concerns "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." Mead Data Cent. Inc. v. U.S. Dep't of the Air Force, 566 F.2d 242, 252 (D.C. Cir. 1977). This privilege is not limited to litigation and protects confidential information supplied from the client to the attorney, as well as the attorney's advice based upon client-supplied information. In Upjohn Co, v. United States, the Supreme Court held that the attorney-client privilege covers attorney-client communications when the specifics of the communications are confidential, even though the underlying subject matter is known to third parties. See Upjohn Co., v. United States, 449 U.S. 395, 396 (1981). Finally, ATF has held this information confidential and has not waived the attorney-client privilege.

-3-

Mr. Seth Watkins

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Darryl Webb or Johnny Rosner, at (202) 648-7390, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Peter J. Chisholm
Acting Chief, Disclosure Division



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

www.atf.gov

July 3, 2018                                          REFER TO:  2016-0136

Mr. Seth Watkins
Watkins Law and Advocacy, PLLC
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC  20004

Dear Mr. Watkins:

This is in further response to your Freedom of Information Act (FOIA) request to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) that is now part of ongoing litigation with this agency.

After further review of our October 3, 2017 release to you, it was determined that the documents could be released to you in full.  Attached please find copies of the unredacted documents.

Please also be advised that the October 3, 2017 cover letter incorrectly stated that the attached documents were referred to ATF from the Alcohol and Tobacco Tax and Trade Bureau (TTB). Only your request was referred to us from TTB.  The documents were located as a result of a search at ATF Headquarters.

Sincerely,

Peter J. Chisholm
Acting Chief, Disclosure Division

EXHIBIT H

*WATKINS LAW and ADVOCACY, PLLC. v UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and UNITED STATES DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATIONS and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES*
**U.S. DISTRICT COURT, DISTRICT OF COLUMBIA**
**1:17-cv-01974**

| Doc. No. and Page No. | Document Description | Doc. Date | Doc. Status | Exemptions | Justification |
|---|---|---|---|---|---|
|  | **November 11, 2015 FOIA Request; Reference Number 2016-0136** | | | | |
| Doc 1 pp.1-3 | State of Utah Department of Public Safety letter to Chief, Regulations Branch, ATF | 12/6/1996 | RIF | N/A | |
| Doc 2 pp.4-5 | Arizona Department of Public Safety letter to Chief, Regulations Branch, ATF | 11/22/1996 | RIF | N/A | |
| Doc 3 pp. 6-7 | Department of Motor Vehicles and Public Safety, Nevada Highway Patrol letter to Regulations Branch, ATF | 11/25/1996 | RIF | N/A | |
| Doc 4 pp. 8-9 | United States Department of State letter to Chief, Regulations Branch, ATF | 12/4/1994 | RIF | N/A | |
| Doc 5 pp.10-12 | North Carolina State Bureau of Investigation, Department of Justice letter to Chief, Regulations Branch, ATF | 12/5/1996 | RIF | N/A | |
| Doc 6 pp.13-18 | Office of Policy Development, DOJ letter to Regulations Branch, ATF | 12/6/1996 | RIF | N/A | |
| Doc 7 p. 19 | New York State Police letter to Chief, Regulations Branch, ATF | 11/27/1996 | RIF | N/A | |
| Doc 8 pp. 20-22 | Secretary of Veterans Affairs letter to Regulations Branch, ATF | 12/23/1996 | RIF | N/A | |

*WATKINS LAW and ADVOCACY, PLLC. v UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and UNITED STATES DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATIONS and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES*
**U.S. DISTRICT COURT, DISTRICT OF COLUMBIA**
**1:17-cv-01974**

| Doc. No. and Page No. | Document Description | Doc. Date | Doc. Status | Exemptions | Justification |
|---|---|---|---|---|---|
| Doc 9 pp. 23-24 | Immigration and Naturalization Service, DOJ letter to Regulations Branch, ATF | 12/31/1996 | RIF | N/A | |
| Doc 10 pp. 25-27 | Under Secretary of Defense, DOD letter to Chief, Regulations Branch, ATF | 1/13/1996 | RIF | N/A | |
| Doc 11 pp. 28-30 | Department of Health & Human Services letter to Chief, Regulations Branch, ATF | 2/13/1997 | RIF | N/A | |
| **October 21, 2015 FOIA Request; Reference Number 2016-0135** | | | | | |
| Doc 1 pp. 1-3 | Internal Talking Points – VA Adjudications | No Date | WIF | (b)(5) | Information was withheld pursuant to Exemption (b)(5), deliberative process privilege. The withheld information consists of draft internal talking points for the media related to compliance with Section 508 of the Rehabilitation Act of 1986. |
| Doc 2 pp. 4-7 | Comments on a draft letter from the Dept. of Justice concerning NICS statistics | 6/15/2015 | WIF | (b)(5) | Information was withheld pursuant to Exemption (b)(5), deliberative process privilege. The withheld information consists of ATF comments on a draft letter authored by the Department of Justice concerning NICS statistics. |
| Doc 3 pp. 8-24 | Internal guidance regarding submission of records to NICS | 2/19/2013 | WIF | (b)(5) | Information was withheld pursuant to Exemption (b)(5), deliberative process privilege. The withheld information consists of a draft of internal and deliberative guidance on the submission of relevant Federal records to NICS. |
| Doc 4 pp. 25-27 | Draft Memorandum of Agreement between ATF and Dept. of Veteran's Affairs | Undated | WIF | (b)(5) | Information was withheld pursuant to Exemption (b)(5), deliberative process privilege. The withheld information consists of a draft Memorandum of Agreement between ATF and the Department of Veteran's Affairs. |