IN THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Watkins Law & Advocacy, PLLC | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | Civil Action No. 1:17-CV-1974 |
| | : | |
| U.S. Department of Veterans Affairs | : | |
| | : | |
| Defendant | : | |
| | : | |

### DECLARATION OF TRACY KNIGHT

I, Tracy Knight, pursuant to Title 28, United States Code, Section 1746, declare as follows:

1) I am employed as a Government Information Specialist for the Department of Veterans Affairs (VA), Office of General Counsel (OGC), Information Law Group (ILG), 810 Vermont Avenue, Washington DC 20420. My duties include processing Final Agency Decisions for administrative appeals filed under the Freedom of Information Act/Privacy Act (FOIA/PA). In executing my duties, I work directly with FOIA and Privacy Officers throughout the Department. Specifically, upon receipt of an administrative appeal, I contact the FOIA/Privacy Officer that issued the initial agency decision; request the administrative file; and, follow up as may be necessary to fully detail the efforts taken to search for responsive documents and explain the application of any FOIA exemptions. The statements I make herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired by me through the performance of my official duties.

2) In my official capacity, I am familiar with the procedures that were followed by this Department in processing Seth Watkins' request for information.

## PROCEDURAL HISTORY OF FOIA REQUEST

### VA Office of General Counsel (OGC)

3) Mr. Watkins submitted initial requests for information to the VA Office of General Counsel (OGC) on October 14, 2015 (Exhibit 1) and November 11, 2015. (Exhibit 2).

## SEARCH FOR RECORDS AFTER RECIEPT OF COMPLAINT

4) Mr. Watkins' complaint was served on the VA on or about October 16, 2017, which alleged Defendant, VA, failed to respond to the following two FOIA requests:

a) An October 14, 2015 request (also referred to as "first FOIA request") seeking:

*"• all records (including all amendments, supplements, exhibits, and addenda thereto) which set out or reflect the V A's approved agency decision-making procedures concerning whether the name of a veteran is to be reported, identified, or otherwise referred for inclusion in the Mental Defective File of the National Instant Criminal Background Check System ("NICS") database (also known as the NICS Index Mental Defective Commitment File), in effect at any time during 2013 to the present, including but not limited to any directive, guidance, policy, instruction, manual, procedure, guideline, standard, internal advice, message, checklist, flow chart, and/or memorandum with respect thereto (e.g., setting forth the procedure by which the VA may make a determination that an individual is "incompetent" with respect to handling his or her benefit payments such that a fiduciary must be appointed, with the individual then facing prohibitions under the Brady Act); and*

*• all records, from 2010 to the present, indicating the total number of names of veterans reported, identified, or otherwise referred by the VA each year (or month or quarter) for inclusion in the Mental Defective File of the National*

2

*Instant Criminal Background Check System ("NICS") database (also known as the NICS Index Mental Defective Commitment File) (e.g., requester seeks summary records indicating the total number of veterans reported annually for inclusion in the Mental Defective File of NICS)."*; and,

b) A request dated November 11, 2015 (also referred to as the "second FOIA request"), seeking:

*"• the comments submitted by the U.S. Department of Veterans Affairs ("VA") in response to the notice of proposed rulemaking from the U.S. Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms ("BATF"), published on September 6, 1996 at 61 FR 47095, Notice No. 839, RIN 1512-AB41, in which BATF proposed definitions to facilitate the implementation of the national instant criminal background check system ("NICS") required under the Brady Handgun Violence Prevention Act. On information and belief, the VA's comments were submitted between September 6, 1996 and December 5, 1996 (when the comment period closed)."*

5) In addition to District Counsel Offices located at various VA facilities across the country and charged with providing general legal services, the VA Office of General Counsel is comprised of eight (8) specialized Law Groups that provide subject matter expertise on many issues. Those Law Groups include, but are not limited to the Torts Law Group, which advises on matters under the Federal Tort Claims Act and VA Police issues; the Benefits Law Group, which advises on the administration of benefits by the Secretary under Title 38 of the United States Code; and, the Information Law Group, which advises on matters related to the collection, use, disclosure, and security of information including but not limited to the Privacy Act of 1974 and the Health Insurance Portability and Accountability Act.

6) On October 31, 2017, OGC-ILG Deputy Chief Counsel, Kenyatta McLeod-Poole, contacted OGC and the Veterans Benefits Administration (VBA), which administers Title 38 monetary benefits initiate a search for responsive records. VBA was asked to search because they were the agency component charged with reporting Veterans whom they determined to be incompetent for purposes of managing their monetary benefits to NCIS under the Brady Act. OGC was asked to conduct a search because the Benefits, Torts and Information Law Groups were known to have provided legal advice on matters related to the Brady Act.

3

7) On November 14, 2017, Declarant contacted the VA Office Public and Intergovernmental Affairs (OPIA) to initiate a search for responsive records. OPIA was asked to conduct a search because they were believed to have issued public statements or responded to media inquiries related to VA's implementation of the Brady Act.

8) VBA and OPIA conducted searches as follows:

a. OPIA used the search terms: Brady Act - January 1, 2000 to November 20, 2017 and NICS -January 1, 2000 to November 20, 2017. The search was conducted by the Martha Davis (retired) Supervisor, Service Operations-End User, Service Operations. The system searched was Outlook 2010

b. VBA reached out to the Pamela Zaroff, Management Analyst who handles NICS issues VBA searched between the dates of 2010 to 2017. Search terms used were "NICS MOU". The systems searched were Outlook, Compensation Services' network drive and the VA Compensation Intranet. VBA used the VA intranet to access the "Knowledge base" page, and then selected the "Browse Topics" drop down tab for our M21-1, Procedures manual, to search the Manual reference, M21-1, Part III, Subpart v, Chapter 9, Section B-"Processing Awards to Incompetent Beneficiaries

9) The Benefits Law Group, Torts Law Group and Information Law Group initiated a search for responsive records within the following systems: Outlook email boxes, paper files, the network "H" drive, OGC's internal site identified as "Share Point", and the OGC electronic system of records identified as "GCLAWS". The search was delegated by the Chief or Deputy Chief Counsel for each Law Group to the subject matter experts most likely to have responsive records." The search was done using key words "Brady Act" and "NICS" for records responsive to both requests because each request related to VA's implementation of the requirement under the Brady Handgun Violence Prevention Act (Brady Act) to report certain individuals to the National Instant Criminal Background Check System (NICS).

10) Declarant reviewed all documents located during the search conducted by the OGC Torts Law Group, OGC Benefits Law Group and OGC-ILG to determine if they were responsive, and if so, if they were releasable. Declarant began search and review on November 14, 2017. Using the two search terms "Brady Act" and "NICS", Declarant located approximately 2,090 documents consisting of: 285 cases

4

in GCLAWS; 534 Outlook emails; 491 documents on the network "H" drive; 405 documents in Share Point; and approximately 375 pages in paper files. Declarant reviewed all 2,090 electronic documents or paper pages to determine which were responsive. Declarant spent approximately 95 hours on search and review of the 2,090 documents and pages. Declarant reviewed all available documents related to the search irrespective of the date and processed all documents that were reviewed to determine releasability. The search resulted in responsive documents, but also in many duplicates and false positives in which the letters "nics", for example, came up as part of the document, but the document was not related to NICS or the Brady Act. The search also resulted in many emails where the email chain was the same, but a new comment had been added to the email chain. Of these emails, I selected only the most recent so that the entire email chain was included in the responsive document. Declarant located approximately 382 records within the possession of the VA Office of General Counsel that were deemed responsive to the subject FOIA request.

11.    Of the 382 records, 1 was withheld in part, and 381 were withheld in full under FOIA Exemption 5 because they fell into 1 of 2 categories:

a. Attorney-Client Privilege/Deliberations - Emails, memos and White Papers wherein attorneys within the Office of General Counsel are discussing amongst themselves how to advise the clients within the Department or are communicating their advice to those clients; or

b. Deliberative process privilege - emails, memos and notes of discussions between officials within VA and the Department of Justice related to VA's implementation of the Brady Act which lead to or relate to the [date] Memorandum of Understanding between the Veterans Benefits Administration (VBA) and the Federal Bureau of Investigation (FBI).

12.    VA OGC and, separately, VBA and OPIA, provided releases to Plaintiff. The releases included documents released in full and in part, and also included a list of documents that were being withheld in full. VBA and OPIA mailed their releases directly to Plaintiff as set forth below. VA OGC made its releases in a series of interim releases as set forth below.

a. OGC-ILG issued the first interim Final Agency Decision (FAD) to Mr. Watkins on November 21, 2017.

5

b.  OGC-ILG issued the second interim FAD to Mr. Watkins on December 5, 2017.

c.  On December 7, 2017, OGC-ILG referred one document to the DOJ/FBI for direct response to Mr. Watkins.

d.  On December 21, 2017, VBA mailed their response directly to Mr. Watkins.  VBA notified OGC-ILG of this response, per request of OGC-ILG, since this was a litigation issue.

e.  OGC-ILG issued the third interim FAD to Mr. Watkins on December 27, 2017.

f.  OGC-ILG issued the fourth interim FAD to Mr. Watkins on December 27, 2017.

g.  On January 17, 2018, OPIA mailed their response directly to Mr. Watkins.

h.  OGC-ILG issued the fifth interim FAD to Mr. Watkins on January 23, 2018.

i.  OGC-ILG issued the sixth interim FAD to Mr. Watkins on January 23, 2018.

j.  OGC-ILG issued the seventh and final interim FAD to Mr. Watkins on February 13, 2018.

k.  During the course of review, we identified three documents that were referred to the FBI through the DOJ Office of Information Policy (OIP) under 38 C.F.R. 1.555(c).

l.  On March 15, 2018, OGC-ILG referred two "Fast Letter" documents to VBA for direct response to Mr. Watkins.

m.  On April 4, 2018, VBA provided a response to Mr. Watkins regarding those two "Fast Letter" documents.

6

13.     After conferral among the parties, Plaintiff provided an email dated October 24, 2018, identifying which records, withheld in full or in part, identified in interim releases regarding the first FOIA request that Plaintiff was challenging. Plaintiff's challenges with respect to the first FOIA request were limited only to the records processed by OGC (i.e., not to records processed by VBA and OPIA). Plaintiff's challenges included four items from OGC's first interim release; one item from OGC's second interim release; approximately 30 items from OGC's third interim release; seven items from OGC's fourth interim release; approximately 15 items from OGC's fifth interim release; nine items from OGC's sixth interim release; and approximately 28 items from OGC's seventh interim release.  Each of those items is listed on the attached *Vaughn* Index.

14.     As a threshold matter, OGC notes that its search for responsive records was more expansive, both in terms of date range and substance, than called for in the request.  For instance, the first request sought "all records (including all amendments, supplements, exhibits, and addenda thereto) which set out or reflect the VA's approved agency decision-making procedures concerning whether the name of a veteran is to be reported, identified, or otherwise referred for inclusion in the Mental Defective File of the National Instant Criminal Background Check System ("NICS") database (also known as the NICS Index Mental Defective Commitment File), in effect at any time during 2013 to the present."  The remainder of the first request sought "all records, from 2010 to the present, indicating the total number of names of veterans reported, identified, or otherwise referred by the VA each year (or month or quarter) for inclusion in the Mental Defective File of the National Instant Criminal Background Check System ("NICS") database (also known as the NICS Index Mental Defective Commitment File) (e.g., requester seeks summary records indicating the total number of veterans reported annually for inclusion in the Mental Defective File of NICS)."

15.     As the language of the first request reflects, the first portion of the request sought records from 2013 to the date of the request, and was limited to records that "set out or reflect" the VA's "approved agency decision-making procedures."  That part of the request did not seek internal emails regarding the development of agency decision-making procedures.  Nevertheless, the VA inadvertently identified in its interim release letters as "responsive" to this request documents the pre-dated 2013 as well as documents reflecting agency deliberations concerning the implementation of aspects of the Brady Act that preceded "approved agency decision-making procedures."  Many of those documents, which were withheld in full under Exemption 5, were among the

7

documents challenged by Plaintiff in Plaintiff's October 24, 2018 email.[1]
Accordingly, as a threshold matter, these documents, on further review, are not
responsive to the FOIA request. However, to the extent the Court considers them
responsive by virtue of them being identified by the VA in its interim release letters,
they have been properly withheld in full under Exemption 5 because they fall into
one of the two categories described in paragraph 11 above; that is, they are pre-
decisional and deliberative and/or protected by the attorney-client privilege.

    16.    *Deliberative Process Privilege.*  This privilege "applies to inter- and
intra-agency documents that are both pre-decisional and deliberative." As
reflected on the accompanying *Vaughn* Index, the documents withheld in full
as deliberative reflect pre-decisional, deliberative communications among the
VA regarding implementation of aspects of the Brady Act. The release of such
information would have a chilling effect on VA's ability to conduct frank internal
discussions as part of a decision-making process, as well as contribute to public
confusion that might result from disclosure of reasons and rationales that were
not in fact ultimately the grounds for an agency's action.

    17.    *Attorney-Client Privilege.* The attorney-client communication privilege
protects confidential communications between attorney and client for the purposes
of obtaining legal advice. The documents withheld under this exemption contained
confidential communications exchanged among VA staff and legal counsel, and/or
reflect communications among non-legal personnel regarding legal advice that had
been received. The substance of these communications has been kept confidential.
The disclosure of such communications would deprive VA staff, and the agency in
general, of the benefit of confidential advice from VA attorneys.

    18.    Additionally, a line by line review was conducted of each record to
determine whether any segregable portion could be released. Based on a review
of the documents, there was no meaningful, segregable information that could be
provided and only the names and telephone numbers of VA personnel would have
been released. We understand if plaintiff were seeking names and phone numbers
of individuals on the documents, that information is subject to withholding under
Exemption 6 of FOIA because the individuals have a privacy right in that information
and the information would not shed light on VA's operations. Accordingly, the
privacy interests clearly outweigh any public interest in the information.

---

[1]    Plaintiff's email did not include challenges to the "summary records" requested in the
second portion of the first FOIA request.

8

19. With respect to the second FOIA request, Plaintiff's October 24, 2018 email stated that Plaintiff's only challenge to the VA's response to this request concerned its search (Plaintiff's email indicated that Plaintiff does not challenge the VA's search with respect to the first FOIA request). Specifically, Plaintiff stated that it contests the scope of the search with respect to the second FOIA request "only to the extent any comments in addition to the December 23, 1996 letter from Brown to Ficaretta were not disclosed" in response to this request.

20. Owing to the Plaintiff's challenge, regarding the existence of any comments subsequent to the December 23, 1996 letter from Brown to Ficaretta not being disclosed, VA reexamined the only sources for such aged material, Outlook emails, paper files, Share Point, and network "H" drive to ensure that a full sweep of repositories was made. No items qualifying as comments to the December 23, 1996 letter from Brown to Ficaretta could be identified.

## CONCLUSION

21) VA has conducted multiple searches reasonably likely to locate records responsive to Mr. Watkins' FOIA two Requests, and has provided all responsive, non-exempt records.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, recollection, and belief.

Executed this 7 day of December, 2018.

*Tuas CKnight*

Government Information Specialist
Office of General Counsel, Information Law Group
Department of Veterans Affairs
Washington, DC

9

**Seth Watkins**

| | |
|---|---|
| **From:** | Knight, Tracy <tracy.knight@va.gov> |
| **Sent:** | Friday, November 13, 2015 7:31 AM |
| **To:** | Harden, Willie R. (R&K Enterprise Inc.); Burch, Tom (John T.) |
| **Cc:** | Seth Watkins; Knight, Tracy |
| **Subject:** | FW: FOIA Appeal re Request to VA's Office of General Counsel Related to NICS |
| | |
| **Importance:** | High |

Tom & Willie - Please see this new FOIA from Mr. Seth Watkins.  I am including him as a CC.  On Oct 14, he emailed a FOIA Request to the OGC FOIA in box.  He has not yet received an acknowledgement of his request.

Can you please advise him of status and case number as soon as possible?

Mr. Watkins - I am forwarding your request back to the OGC FOIA Office (026) for assistance.

Thank you,

> Tracy C. Knight
> Government Information Specialist
> Office of General Counsel (024T) – Information Law Group
> Department of Veteran Affairs (VACO)
> 810 Vermont Avenue, Washington DC 20420
> Phone (202) 461-7743 ~***~ Fax (202) 273-6388

---

**From:** Seth Watkins [mailto:Watkins@adduci.com]
**Sent:** Friday, November 13, 2015 4:12 AM
**To:** OGC FOIA Appeals
**Subject:** [EXTERNAL] FOIA Appeal re Request to VA's Office of General Counsel Related to NICS

This will appeal the denial of information requested under FOIA.

Pending before the VA is a request dated and emailed to the VA on October 14, 2015.  A copy of the request is forwarded below ("FOIA Request").  Receipt of the FOIA Request has not been acknowledged by the VA.

Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), a response to the FOIA Request was due within 20 business days.  Requester deems the VA's failure to provide a response determination within the statutory time limits as a denial of the FOIA Request.  Requester hereby appeals the denial of the FOIA Request.  *See, e.g.,* 5 U.S.C. § 552(a)(6)(C).

Please respond to this appeal within 20 business days in accordance with 5 U.S.C. § 552(a)(6)(A)(ii).

Thank you.                                    EXHIBIT 1

Sincerely,
/s/
Seth A. Watkins


Seth A. Watkins, Ph.D.
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
Tel. 202-407-8647
Main FAX 202-466-2006
Email watkins@adduci.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you think that you have received this email message in error, please email the sender at "watkins@adduci.com."  Thank you.

---

**From:** Seth Watkins
**Sent:** Wednesday, October 14, 2015 4:47 PM
**To:** 'ogcfoiarequests@va.gov' <ogcfoiarequests@va.gov>
**Subject:** FOIA Request


This is a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On behalf of our requester client, we hereby request copies of the following records from the U.S. Department of Veterans Affairs ("VA") under FOIA, preferably sent to the requester's undersigned attorney by email in electronic format (pdf):


◻. all records (including all amendments, supplements, exhibits, and addenda thereto) which set out or reflect the **VA's approved agency decision-making procedures concerning whether the name of a veteran is to be reported, identified, or otherwise referred for inclusion in the Mental Defective File of the National Instant Criminal Background Check System ("NICS") database (also known as the NICS Index Mental Defective Commitment File)**, in effect at any time during **2013 to the present**, including but not limited to any directive, guidance, policy, instruction, manual, procedure, guideline, standard, internal advice, message, checklist, flow chart, and/or memorandum with respect thereto (e.g., setting forth the procedure by which the VA may make a determination that an individual is "incompetent" with respect to handling his or her benefit payments such that a fiduciary must be appointed, *with the individual then facing prohibitions under the Brady Act*); and


◻. all records, **from 2010 to the present, indicating the total number of names of veterans reported, identified, or otherwise referred by the VA each year (or month or quarter) for inclusion in the Mental Defective File of the National Instant Criminal Background Check System ("NICS") database (also known as the NICS Index Mental Defective**

**Commitment File)** (e.g., requester seeks summary records indicating the total number of veterans reported annually for inclusion in the Mental Defective File of NICS).

We hereby consent to pay all costs incurred for search, duplication and review of materials up to $250.00. If additional costs will be required, please contact me for my approval.

If any records are withheld from release, please identify the withheld records by producing and providing to me an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).

If the VA's Office of General Counsel does not have custody or control over certain requested and responsive records but knows or believes that another component of the VA subject to FOIA does, please forward this FOIA Request to the appropriate person and inform us that you have done so.

Please respond within 20 business days in accordance with 5 U.S.C. § 552(a)(6)(A).

If you have any questions about this request, please contact me immediately by the means listed below.

Thank you for your assistance with this matter.

Sincerely,
/s/
Seth A. Watkins


Seth A. Watkins, Ph.D.
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
Tel. 202-407-8647
Mobile 703-622-0328
Main FAX 202-466-2006
Email watkins@adduci.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please email the sender at "watkins@adduci.com." Thank you.


**This message has been scanned for malware by Websense. www.websense.com**

## Seth Watkins

| | |
|---|---|
| **From:** | Burch, Tom (John T.) <John.Burch@va.gov> |
| **Sent:** | Tuesday, December 15, 2015 8:41 AM |
| **To:** | OGC FOIA Appeals |
| **Cc:** | Seth Watkins; Harden, Willie R. (R&K Enterprise Inc.) |
| **Subject:** | RE: FOIA Appeal re Request to VA's Office of General Counsel Related to NOPR Comments |

### Re: New FOIA Request from Seth Watkins dated November 11, 2015

I just received his request with your message.  This is first that I am aware that such a request was made.  We will begin processing.

*Tom Burch*
*OGC FOIA Officer and*
*Deputy Director*
*Homeland Security & Operations Division*
*Office of General Counsel (101/026D)*
*Department of Veterans Affairs*
*810 Vermont Avenue, NW, Room 1172*
*Washington, D.C. 20420*
*202-461-7717 (office)*
*202-273-9299 (fax)*

---

**From:** Knight, Tracy **On Behalf Of** OGC FOIA Appeals
**Sent:** Tuesday, December 15, 2015 8:13 AM
**To:** Burch, Tom (John T.); Harden, Willie R. (R&K Enterprise Inc.)
**Cc:** Watkins@adduci.com
**Subject:** FW: FOIA Appeal re Request to VA's Office of General Counsel Related to NOPR Comments

Tom and Willie -   Please see the below FOIA from ▓▓▓▓▓▓▓▓   He has not received an acknowledgement to his FOIA of November 11.  Please advise him of receipt of his request, a tracking number, so that he knows his request was received and is being worked.

I am cc'ing him here as an FYI.   Mr. Watkins, if you do not receive an acknowledgment from Mr. Burch within a week, please advise me and we will officially open an appeal on this FOIA.

Thank you,
Tracy

Tracy C. Knight
Government Information Specialist
Office of General Counsel (024T) — Information Law Group
Department of Veteran Affairs (VACO)
810 Vermont Avenue, Washington DC 20420
Phone (202) 461-7743 ~***~ Fax (202) 273-6388

EXHIBIT 2

**From:** Seth Watkins [mailto:Watkins@adduci.com]
**Sent:** Monday, December 14, 2015 11:22 AM
**To:** OGC FOIA Appeals
**Subject:** [EXTERNAL] FOIA Appeal re Request to VA's Office of General Counsel Related to NOPR Comments

This will appeal the denial of information requested under FOIA.

Pending before the VA is a request dated and emailed to the VA on November 11, 2015. A copy of the request is forwarded below ("FOIA Request"). Receipt of the FOIA Request has not been acknowledged by the VA.

Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), a response to the FOIA Request was due within 20 business days. Requester deems the VA's failure to provide a response determination within the statutory time limits as a denial of the FOIA Request. Requester hereby appeals the denial of the FOIA Request. *See, e.g.,* 5 U.S.C. § 552(a)(6)(C).

Please respond to this appeal within 20 business days in accordance with 5 U.S.C. § 552(a)(6)(A)(ii).

Thank you.

Sincerely,
/s/
Seth A. Watkins

Seth A. Watkins, Ph.D.
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
Tel. 202-407-8647
Main FAX 202-466-2006
Email watkins@adduci.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please email the sender at "watkins@adduci.com." Thank you.

---

**From:** Seth Watkins
**Sent:** Wednesday, November 11, 2015 2:40 PM
**To:** 'ogcfoiarequests@va.gov' <ogcfoiarequests@va.gov>
**Subject:** FOIA Request

This is a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On behalf of our requester client, we hereby request a copy of the following record under FOIA, preferably sent to the requester's undersigned attorney by email in electronic format (pdf):

□. the comments submitted by the U.S. Department of Veterans Affairs ("VA") in response to the notice of proposed rulemaking from the U.S. Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms ("BATF"), published on September 6, 1996 at 61 FR 47095, Notice No. 839, RIN 1512-AB41, in which BATF proposed definitions to facilitate the implementation of the national instant criminal background check system ("NICS") required under the Brady Handgun Violence Prevention Act.  On information and belief, <u>the VA's comments were submitted between September 6, 1996 and December 5, 1996</u> (when the comment period closed).

We hereby consent to pay all costs incurred for search, duplication and review of materials up to $250.00.  If additional costs will be required, please contact me for my approval.

If any records are withheld from release, please identify the withheld records by producing and providing to me an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).

If the VA's Office of General Counsel does not have custody or control over certain requested and responsive records but knows or believes that another component of the VA subject to FOIA does, please forward this FOIA Request to the appropriate person and inform us that you have done so.

Please respond within 20 business days in accordance with 5 U.S.C. § 552(a)(6)(A).

If you have any questions about this request, please contact me immediately by the means listed below.

Thank you for your assistance with this matter.

Sincerely,
/s/
Seth A. Watkins

Seth A. Watkins, Ph.D.
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
Tel. 202-407-8647
Main FAX 202-466-2006
Email watkins@adduci.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly

prohibited.  If you think that you have received this email message in error, please email the sender at
"watkins@adduci.com."  Thank you.


**This message has been scanned for malware by Websense. www.websense.com**


Click here to report this email as spam.

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| Item # | Decision Item # | Document Description | Withheld in full/part | FOIA Exemption | Justification for Withholding |
|---|---|---|---|---|---|
| | | **Documents listed on Interim Decision 1** | | | |
| 1 | 2 | Field Guidance "Brady Law" and VA – [Description: Undated and unsigned 2 page document] from OPA/Media Relations – discussion regarding implementation of Brady Act/NICS | Withheld in full | b5 | Deliberative/Attorney Client Privilege |
| 2 | 3 | FW: Possession of Firearm and Reporting of Psychiatric Patients – [Description: Email of April 29, 2014 from Tammy Kennedy, Principal Deputy General Counsel to OGC components} – OGC legal discussion with client regarding implementation of Brady Act/NICS | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 3 | 10 | VHA Reporting to NICS – [Description: Memo dated December 12, 2016, from Richard Hipolit, Deputy General Counsel for Legal Policy (021) to the National Mental Health Director, Inpatient and Outpatient Policy ( 1 OP-4M) regarding Veterans Health Administration (VHA) Reporting to National Instant Criminal Background Check System (NICS)] – legal discussion on existence of law/policy/regulation requiring VHA to report veterans admitted on involuntary commitment status to the NICS | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 4 | 13 | National Instant Criminal Background Check System – [Description: December 21, 1994, White Paper issued by the Office of General Counsel); legal discussion regarding implementation of Brady Act/NICS | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| | | **Documents listed on Interim Decision 2** | | | |
| 5 | 1 | Routine Uses, Incompetent Vets & NICS [Description:  Document dated March 30, 2005 from the VA's Deputy Assistant General Counsel to the General Counsel] – legal discussion regarding | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |

1

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| | | routine use and disclosing information on incompetent vets to DOJ for inclusion into NICS | | | |
|---|---|---|---|---|---|
| | | **Documents listed on Interim Decision 3** | | | |
| 6 | 1 | 024 Brady Act Briefing Paper 012008 - January 2008 memo regarding legal issues for Secretarial Briefing on the Brady Act and nine categories of individuals ineligible to receive or possess firearms | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 7 | 3 | 032609 meeting-agenda - March 26, 2009, agenda regarding Complying with the FBI Information Request under the Brady Act. | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 8 | 4 | Agenda for March 26 - Agenda for March 26, 2009 VA Pre-meet for FBI 033109 Meeting – legal discussion with OGC/VBA/VHA regarding implementation of Brady Act/NICS and VA providing information on Veterans | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 9 | 5 | Analysis of Enrolled Bill HR 2640 12202007 - December 20, 2007: To improve the National Instant Criminal Background Check System (NICS) | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 10 | 7 | Brady Act – TSA. White Paper – Disclosure by VA of Information about Veterans Categorized as "Mentally Defective" – OGC legal discussion with client regarding implementation of Brady Act/NICS | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 11 | 8 | Brady Act White Paper on 2007 Amendments. White Paper – Brady Act Amendments – HR 2640 NICS Improvement Amendments Act (Brady Act Amendments) of 2007 – Discussion of amendments to the Brady Act | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 12 | 11 | Burr's Q 112122007 -Undated/unsigned documents with Questions/Answers regarding VA beneficiaries and the NICS – Questions are from Senator Burr | Withheld in full | b5 | Deliberative/Attorney Client Privilege |
| 13 | 12 | Consolidated Notes6 from March 31 Meeting. Notes from March 31, 2009 briefing on the Brady Act with DOJ and VA (including OGC, VBA and VHA) | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 14 | 14 | Enrollment enactment report on HR 2640 12212007. Draft letter from OGC to Director, Office of Management and Budget regarding VA and NICS Improvement Amendments Act of 2007." | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| 15 | 15 | Enrollment enactment report on HR 4864.  Draft letter to Director, Office of Management and Budget regarding view of VA on "Veterans Claims Assistance Act of 2000" | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
|----|----|---|---|---|---|
| 16 | 19 | FW Senate Committee question – Fiduciary vs NICS.  Email from Department of Army to OGC Assistant Deputy General Counsel, Lorrie Johnson, - OGC Legal discussion with client in email dated April 17, 2006 regarding statistical data on Fiduciaries listed on the NICS | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 17 | 20 | HAC Question 8 04032012 - Question/Answer regarding research VA does on gun control- | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 18 | 21 | HR 2640 Comments 07122007, legal discussion about VA and how implementation of HR 2640 would affect VA | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 19 | 22 | In a Nutshell 032409 – Legal discussion of the issue of adoption of a strategy that will preclude a formal request to VA to disclose from its databases names of individuals that are arguably unlawful drug users and fall within Section 922(g)(3) of Title 18, US Code] - | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 20 | 23 | In a Nutshell 032509 – Legal discussion of the issue of adoption of a strategy to prevent a formal request from the FBI for VA to disclose information about individuals who are arguably unlawful drug users under 18 U.S.C. §922(g)(3)] | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 21 | 24 | Legal Implications of the Brady Act as Amended 022008 – February 2008 undated/unsigned document regarding Legal Implications for VA with Brady Act amendments on "mental defective" | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 22 | 25 | March 31, 2009 Handout - Participation of the VA in the NICS, a Legal Retrospective -March 31, 2009 as it concerns Veteran information provided to DOJ by VA. | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 23 | 26 | Mueller Response 031809 – Undated/Unsigned Letter from VA Secretary, Eric Shinseki, to FBI Director regarding VA compliance by VA with NICS Improvement Act of 2007 | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 24 | 27 | NICS PM (12 21 12) (1): MEMORANDUM FOR THE HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES - Improving Availability of Executive Branch Records to the National Instant Criminal Background Check System | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| 25 | 28 | NICS-VBA – Undated/Unsigned memo from OGC to Under Secretary for Benefits regarding creation of the NICS - OGC legal discussion with client regarding implementation of Brady Act/NICS | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
|----|----|---|---|---|---|
| 26 | 29 | NICS-VHA – Undated/Unsigned memo from OGC to Under Secretary for Health regarding the creation of the NICS - OGC legal discussion with client regarding implementation of Brady Act/NICS | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 27 | 30 | Notes 01172008 reference book - Reference Book Notes As of (1/17/2008) – Undated/Unsigned Cover memo for collection of materials prepared for OGC to attend a Senate Veterans Affairs Committee Meeting on October 11, 2005, to response to inquiries from a named Army Veteran, regarding the Brady Act. | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 28 | 44 | Revised In a Nutshell 032609 – OGC Legal discussion with client on the issue of adoption of a strategy to prevent a formal request from the FBI for VA to disclose information about individuals who are arguably unlawful drug users under 18 U.S.C. §922(g)(3) | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 29 | 45 | Revised2 In a Nutshell 032609 – OGC Legal discussion with client on the issue of adoption of a strategy to prevent a formal request from the FBI for VA to disclose information about individuals who are arguably unlawful drug users under 18 U.S.C. §922(g)(3) | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 30 | 46 | Table of Contents by Tab Number- October 11, 2005 Brady Act SVAC Meeting Briefing Book Table of Contents by Tab Number – listing of documents used during the SVAC meeting | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 31 | 47 | Talking Points for March 31 FBI Meeting - Background and Talking Points for the March 31, 2009, VA/FBI Meeting - suggested legal discussion topics with client regarding NICS | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 32 | 48 | Unissued NICS WPSendek tracked -   Draft document regarding IMPLEMENTING THE NICS IMPROVEMENT AMENDMENTS ACT OF 2007 IN THE VETERANS BENEFITS ADMINISTRATION - | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| 33 | 50 | VHA FBI – NICS Position Paper 032509 - Position paper summarizing VHA's concerns with the reporting requirements of the Brady Handgun Violence Protection Act as it concerns persons who are "unlawful users of, or those addicted to any controlled substance." | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 34 | 51 | White Paper 06192007 -Reporting Requirement for Mentally Ill Veterans – Response to Veterans Health Administration Inquiry, June 19, 2007 – legal discussion from OGC Staff Attorney regarding whether names of Veterans diagnosed with mental health condition are transferred to NICS; current process for this; how many names transferred at any given time and what detainment, commitment, adjudication methods are used by VA in dealing with mentally ill Veterans who have a violent tendency. | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 35 | 54 | **FINAL NICS FL09-009**<br><br>This was referred to VBA for consideration – not OGC document – as stated on Decision #3 | | | |
|  | | **Documents listed on Interim Decision 4** | | | |
| 36 | 2 | 5-24 63000, FW nu Sen. Grassley Briefing Fiduciary Program and NICS, OGC email dated May 24, 2016 legal discussion with OGC and VBA with regards to participation in briefing with Senator Grassley on NICS Oversight | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 37 | 86 | Briefing memo – Rep Aderholt (3) draft dated July 11, 2017 to Dr. David Shulkin, from OCLA Acting Deputy Assistant Secretary, Ron Maurer – to set up telephone call with Congressman to discuss 2nd Amendment concern on VA compliance with Brady Act from specific-named Veteran | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 38 | 29 | FW: sc1037, sc1025 SVAC RFI fiduciary process flow chart VAIQ 7790942 SUSPENSE: NOON TOMORROW, FRIDAY 4/21/17 – email dated April 20, 2017- OGC legal discussion with OCLA and VBA of how HR118 would affect the Veteran records that have already been sent to the NICS | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |

5

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| 39 | 33 | FW: ACTION OGC/OLC FINAL APPROVAL VAIQ 7684033 / Grassley+1 / COMPLEX (2nd Amendment Concerns) –email dated April 28, 2016 – email from Office of Executive Secretary to OGC and VBA - legal discussion regarding Senator Grassley's inquiries on reporting to NICS, financial incompetence, fiduciaries, and Veteran appealing once they find out their name has been reported to NICS | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 40 | 88 | NICS appellate review – [Description - Types of Review Available for VA Beneficiaries Affected by Brady Act Reporting Requirements - legal document prepared by OGC | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 41 | 89 | NICS reporting amendment second take VBA [Description: VA Patient's Rights draft]  VBA edits on VA Patients Rights regarding adjudicative determinations for mental capacity of the beneficiary to manage their monetary benefits | Withheld in full | b5, b6 | Deliberative/Attorney client Privilege |
| 42 | 84 | Updated Memo for CM Aderholt call tomorrow - 11 July – email dated July 10, 2017 from OCLA to OGC - legal discussion with client of VA reporting incompetency findings to NICS as required by law | Withheld in full | b5, b6 | Deliberative/Attorney client Privilege |
| **Documents listed on Interim Decision 5** | | | | | |
| 43 | 1 | 3230 NICS Reporting - [Description: Reference Slip re: VHA Reporting to National Instant Criminal Background Check System (NICS)] – legal discussion with client on legality and appropriateness on VHA sharing to ATF certain mental health information of Veterans | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 44 | 2 | 2271_Police-NICS Reporting by VHA, [email dated June 20, 2016 from VHA to OGC - legal discussion with client regarding whether VA has a duty arising out of Federal law, regulation, policy to report veterans admitted on involuntary commitment status to the Federal NCIS system for gun background checks | Withheld in full | b5, b6 | Deliberative/Attorney client Privilege |
| 45 | 11 | FW Important Involuntary Commitments at VA and National Instant Criminal Background (NICS) System – [email dated | Withheld in full | b5, b6 | Deliberative/Attorney client Privilege |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| | | January 17, 2017 between OGC and VHA] - legal discussion with client setting up meeting with VHA concerning NICS reporting. | | | |
|---|---|---|---|---|---|
| 46 | 13 | FW Meeting to Discuss HIPAA Modification – Firearm Background Check System - email dated January 6, 2016 from OGC Chief Counsel, Melinda Perritano, to OGC components – OGC legal discussion on HIPAA modification to strengthen background check and how it relates to A regulations such as 38 CFR 5701 | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 47 | 14 | FW Meeting to Discuss HIPAA Modification – Firearm Background Check System - email dated January 11, 2016 from OGC Chief Counsel, Melinda Perritano, to OGC components – OGC legal discussion on HIPAA modification to strengthen background check and how it relates to A regulations such as 38 CFR 5701 | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 48 | 34 | GC re NICS Reporting by VHA 12.12.2016 – [Description: December 12, 2016 Memo regarding VHA Reporting to NICS from Richard Hipolit, Deputy General Counsel for Legal Policy to National Mental Health Director] if there is a federal law, regulation or policy the requires VHA to report Veterans admitted on court-ordered involuntary commitments to NICS, a database for background checks as a prerequisite to the purchase of firearms | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 49 | 35 | HIPAA Modification – Firearm Background Check System – Email dated January 6, 2016 from OGC Chief Counsel, Melinda Perritano, to OGC components – OGC legal discussion on HIPAA modification to strengthen background check and how it relates to A regulations such as 38 CFR 5701 | Withheld in Full | b5, b6 | Deliberative/Attorney client privilege |
| 50 | 38 | Litigation involving VA reports to NICS – email dated February 23, 2017 from OGC Chief Counsel, Doug Bradshaw, to other OGC components - legal discussion about specific named Veteran and the allegation that VBA reported him to NICS | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 51 | 39 | Meeting to Discuss HIPAA Modification – Firearm Background Check System - email dated January 6, 2016 – email from OGC Chief Counsel, Melinda Perritano to other OGC components - | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| | | | | | |
|---|---|---|---|---|---|
| | | legal discussion to examine if HIPAA modification to strengthen the firearm background check system and how it relates to VA regulations such as 38 CRF 5701 | | | |
| 52 | 59 | RE 38 USC 3679© compliance – Idaho – [email dated September 24, 2015] | Withheld in full | | ***Upon further review, this email is non responsive as it has nothing to do with the Brady Act or NICS.*** Should be considered NON RESPONSIVE |
| 53 | 64 | RE Meeting to Discuss HIPAA Modification – Firearm Background Check System (76) – [email dated January 6, 2016] – request for legal discussion with client on implications of health care diagnosis on access to firearms when there are changes to state or federal law. | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 54 | 112 | Signed GC WF 7761369 – NICS Reporting – [email dated January 17, 2017] – OGC email that provides copy of memo within Memo dated December 12, 2016, from Deputy General Counsel for Legal Policy (021) to the National Mental Health Director, Inpatient and Outpatient Policy (1 OP-4M) regarding Veterans Health Administration (VHA) Reporting to National Instant Criminal Background Check System (NICS)] – the memo in question is already listed in this Vaughn Index | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 55 | 117 | White Paper 2006—PSG 024 - [Description: September 7, 2009, White Paper issued by the Office of General Counsel) – legal discussion on how specific Veteran can be their name removed from the NICS in order to allow the purchase of firearms | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| 56 | 118 | **VBA Procedure Removal from Databank**<br><br>This was referred to VBA for consideration – not OGC document – as stated on Decision #5 | | | |
|---|---|---|---|---|---|
| 57 | 121 | **Guidance to Agencies Regarding Submission of Relevant Federal Records to the NICS**<br><br>This was referred to FBI for consideration – not OGC document – as stated on Decision #5 | | | |
| | | **Documents listed on Interim Decision 6** | | | |
| 58 | 1 | Case #86454 – "HIPAA Privacy Rule Modified for Gun Background Che" – Legal discussion regarding NICS and HIPPA-OGC legal discussion with client on review of 45 CRF Part 164 that modifies the HIPAA Privacy Rule to expressly permit certain HIPAA covered entities to disclose to NICS the identities of persons who are subject to a *Federal* "mental health prohibitor" that would prevent such individuals from possessing a firearm | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 59 | 7 | Case #80999 – "MOU BTWN DVA, FBI (NICS)" - Legal memo dated December 20, 2001, regarding revised version of MOU with FBI regarding NICS | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 60 | 10 | Case #80179 – "INTERAGENCY COLLABORATION: SSA – NICS" - Legal discussion with client on how VA provides notice to Veterans who are reported to NICS | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 61 | 11 | Case #80999 – "MOU BTWN DVA, FBI (NICS) - Legal discussion regarding NICS | Withheld in full | b5, b6 | DUPLICATE (**Upon further review, this is a duplicate of another case |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| | | | | | |
|---|---|---|---|---|---|
| | | | | | number already on this list) |
| 62 | 18 | Case #72224 – "PRIVACY:  VA REPORTING ON VETERANS TO FBI NICS"- Legal discussion with client on which branch of VA has authority to report Veterans to the NICS | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 63 | 19 | Case #78952 – "PRIVACY:  SSA NICS ISSUE"- Legal discussion with client to address question from SSA regarding the "minimum criteria" that must be satisfied to establish a mental health relief from firearm disabilities program under the NIAA | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 64 | 21 | Case #40419 – "DOJ Guidance – NICS"- Legal discussion regarding NICS with client asking if Veterans who are involuntarily committed to a VA facility would be automatically deemed "mentally infirm" and thereby added to the FBI's National Instant Criminal Background Check System list? | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 65 | 23 | Case #85351 – "JUSTICE LETTER ON HR 2640 NICS | Withheld in full | | This should actually be considered NON RESPONSIVE – Upon further review the only information in the notes is the tracking location for the physical file at that time.  "NICS" only appears as the title subject for the electronic record (GCLaws entry). |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| 66 | 24 | Case #81867 – "Grassley NICS – Firearms"- Legal discussion regarding NICS with OGC and VBA leading to VA's response to Oversight inquiry on NICS | Withheld in full | b5, b6 | Attorney client privilege |
| | | **Documents listed on Interim Decision 7 – <u>ELECTRONIC MAIL SEARCH</u>** | | | |
| 67 | 10 | HIPAA Modification - Firearm Background Check System - email dated January 6, 2016, from OGC Chief Counsel, Melinda Perritano to OGC Supervisors – legal discussion to examine the HIPAA modification to strengthen the firearm background check system and how it relates to VA regulations such as 38 CFR 5701 and whether all Veterans with a VA fiduciary are prohibited from possessing a firearm and whether VBA is now required to provide their names to NCIS. | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 68 | 12 | Meeting to Discuss? HIPAA Modification - Firearm Background Check System [email dated January 6, 2016, from OGC Chief Counsel, Melinda Perritano to OGC components - legal discussion to examine the HIPAA modification to strengthen the firearm background check system and how it relates to VA regulations such as 38 CFR 5701 and whether all Veterans with a VA fiduciary are prohibited from possessing a firearm and whether VBA is now required to provide their names to NCIS. | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 69 | 13 | RE: [EXTERNAL] Obama administration modifies HIPAA to strengthen the firearm background check system (1)- email dated January 6, 2016 from OGC Chief Counsel, Melinda Perritano to OGC components – Legal discussion about the January 5, 2016, modification to HIPAA to strengthen the firearm background check system | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 70 | 14 | RE: [EXTERNAL] Obama administration modifies HIPAA to strengthen the firearm background check system - email dated January 6, 2016 - from OGC Chief Counsel, Melinda Perritano to OGC components – Legal discussion about the January 5, 2016, modification to HIPAA to strengthen the firearm background check system | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |

11

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| 71 | 20 | RE: Meeting to Discuss? HIPAA Modification - Firearm Background Check System - email dated January 6, 2016 - from OGC Chief Counsel, Melinda Perritano to OGC components - Legal discussion about the January 5, 2016, modification to HIPAA to strengthen the firearm background check system | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
|----|----|----|----|----|----|
| | | **Documents listed on Interim Decision 7 – <u>PAPER FILE SEARCH</u>** | | | |
| 72 | 1 | The Brady Act Legal Issues, January 25, 2008 – OGC Legal Discussion on the issue of persons who have been adjudicated as a mental defective of who has been committed to a mental institution | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 73 | 2 | Coburn Briefing: Article on the issues-you may find helpful [email dated October 4, 2007 between OGC, OCLA and other VA components – Legal discussion on responses to questions from Tom Coburn concerning what qualifies as mentally incompetent – how were those regulations formulated; the process for determining a person mentally incompetent; right to appeal; how are names forwarded to DOJ, etc. | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 74 | 3 | Memo: Response to Ranking Member Burr on Information VA provides to DOJ's National Instant Criminal Background System – draft legal memo from OGC Deputy General Counsel, Paul Hutter to Under Secretary for Benefits, regarding those adjudicated as a mental defective or committed to a mental institution. | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 75 | 4 | Responses to Burr concerning VA submission of names of VA beneficiaries to DOJ for inclusion in NICS – Legal Fact Sheet in response to inquiry from Senator Burr regarding authority under which VA began sharing information for NICS list; standard VA uses for beneficiaries; direction given to VA personnel to implementing NICS process, etc. | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 76 | 11 | White Paper dated May 8, 1995 – Brady Act legal discussion on definitions "persons who are unlawful users of or addicted to any controlled substance" and "persons who have been adjudicated as mental defectives or been committed to a mental institution" | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| 77 | 15 | December 23, 1996, letter from VA Secretary Jesse Brown to James Claretta, ATF regarding comments to ATF on proposed regulations providing definitions for the categories of persons prohibited from receiving or possessing firearms | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
|----|----|----|----|----|----|
| 78 | 18 | October 22, 1996 Fax cover sheet for October 1, 1996, memo titled: FBI meeting on the NICS with Department of Veterans Affairs – legal discussion between OGC, VHA and FBI on ICD 9 codes; VA records on substance abuse and relevance to NICS; number of patients treated FY96 for Schedule 1 drugs | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 79 | 19 | November 8, 1996 Fax cover sheet and memo to VA GENERAL COUNSEL from FBI titled: Actions to Support Implementation of the National Instant Criminal Background Check System (NICS) – OGC legal discussion about upcoming meeting with FBI and information that VHA and VBA will provide | Withheld in full | b5, b6 | Deliberative/Attorney client privilege<br><br>**NOTE: This was incorrectly labeled on the Final Agency Decision letter as October 22, 1996.  The correct date is November 8, 1996.** |
| 80 | 21 | September 25, 1996 Fax cover sheet and memo to VA GENERAL COUNSEL from FBI titled:  August 27, 1996: FBI Meeting on the NICS with VBA regarding a system called VETSNET and testing for NICS | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 81 | 23 | August 20, 1996 Fax cover sheet and memo to VA GENERAL COUNSEL from FBI titled:  August 1, 1996: FBI Meeting with OGC, VBA, VHA, VA Office of the Chief Information Officer, and FBI on NICS, draft minutes for meeting | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 82 | 24 | NICS Meeting: Department of Veterans Affairs, August 1, 1996 – discussing status of actions at previous meetings with FBI on NICS, data elements, relevant records from VA, etc. | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 83 | 30 | July 2, 1996 Fax cover sheet and memo to VA GENERAL COUNSEL from FBI titled:  June 25, 1996: FBI Meeting on the | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| | | | | | |
|---|---|---|---|---|---|
| | | NICS with the Department of Veteran Affairs – OGC, VHA, VBA, Information Policy & Planning, and FBI - Summary of key points on relevance of records; information VA has that is applicable to NICS; relevant data elements; prohibited categories; confirming accuracy of data; originating case numbers for VA records; proposal on data transmission from VA to FBI, etc. | | | |
| 84 | 33 | DOJ-FBI letter to VA OGC regarding set up for May 23, 1996 meeting regarding development of NICS | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 85 | 37 | Fax cover sheet dated May 22, 1996 from Office of Chief Counsel for ATF to VA GENERAL COUNSEL regarding "adjudicated as a Mental Defective" and "Alien illegally or unlawfully in the United States" | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |
| 86 | 40 | December 1, 1995, memo to VA Undersecretary for Health to VA General Counsel regarding FBI National Instant Criminal Background Check – legal memo to discuss information needed from VHA in order to accomplish the FBI's request for data under the Brady Act. | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 87 | 41 | September 20, 1995, memo to VA Undersecretary for Health to VA General Counsel regarding FBI National Instant Criminal Background Check – legal memo to review and response to FBI's request to obtain data on certain Veterans for NICS as required by the Brady Act. | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 88 | 42 | August 22, 1995, memo to Summarize activity conducted on FBI's request for VA benefits records pursuant to the Brady Act and Exhibits to the memo (Exhibit A: July 10, 1995 memo from Under Secretary for Benefits to VA GENERAL COUNSEL regarding Release of Information to the FBI; Exhibit B: White Paper, VA Data Provided to the NICS; Handwritten document dated July 13, 1995, regarding internal GENERAL COUNSEL meeting re competency of Veteran | Withheld in full | b5, b6 | Deliberative/Attorney Client Privilege |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

| 89 | 43 | July 10, 1995, memo from Under Secretary for Benefits to VA GENERAL COUNSEL regarding Release of Information to the FBI and attachment to the memo (June 12, 1995 memo from Under Secretary for Benefits to VA GENERAL COUNSEL regarding Release of Information to the FBI and categories of persons ineligible to possess firearms | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
|---|---|---|---|---|---|
| 90 | 44 | June 12, 1995 memo from Under Secretary for Benefits to VA GENERAL COUNSEL regarding Release of Information to the FBI) | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 91 | 45 | June 6, 1994, letter from Office of Attorney General to VA Secretary Jesse Brown regarding creation of NICS and information needed on persons in 6 disqualifying categories | Withheld in full | b5, b6 | Deliberative/Attorney client privilege<br><br>**NOTE: This was incorrectly labeled on the Final Agency Decision letter as a June 9, 1994 letter. The correct date is June 6, 1996** |
| 92 | 46 | April 7, 1995, letter from FBI to VA GENERAL COUNSEL, regarding comments on draft definitions of categories of persons prohibited from receiving firearms used to develop NICS | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 93 | 61 | June 6, 1994 letter from Attorney General Janet Reno to VA Secretary Jesse Brown regarding creation of the NICS and data needed on persons in 6 disqualifying categories that would disqualify them from possessing firearms | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |
| 94 | 62 | August 29, 1994 letter from VA General Counsel to FBI regarding Privacy Act System of Records review to comply with request to identify data that may contain information relevant to NICS | Withheld in full | b5, b6 | Deliberative/Attorney client privilege |

*Seth Watkins v VA*
Case no. 17-cv-17-1974

*Vaughn* index

\*\*Justification: (b)(5) exemption protects interagency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency (5 U.S.C. § 552(b)(5)).  Accordingly, the (b)(5) exemption permits an agency to withhold materials that reflect the thoughts and unadopted opinions of agency officials undertaking review of an issue.  Although final decisions have since been made, the responsive information does not lose its pre-decisional character.  *Elec. Privacy Info. Ctr. v. Department of Homeland* Security, 384 F. Supp. 2d, 100, 112-13 (D.D.C. 2005).  The responsive records reflect the thoughts and unadopted opinions of VA employees.  It also documents privileged communications between agency counsel and agency employees.  Disclosure of this information could compromise the integrity of the Deliberative/Attorney Client Privilege process or hamper frank and open discussions among employees.

\*\*Justification: (b)(6) exemption 6 protects records when the release would lead to a clearly unwarranted invasion of personal privacy.  5 U.S.C. § 552(b)(6).  Here, the information withheld consists of identifying details regarding specific individuals; these individuals have a significant privacy interest in information about themselves.  An analysis regarding disclosure of information under exemption 6 also includes consideration of whether disclosure would serve the public interest.  As noted in Reporter's Committee, once a personal privacy interest has been ascertained, we must then balance the personal privacy interest against the public interest.  In evaluating the public interest in a given case, we must focus on the nature of the requested documents and their relationship to the public interest generally.  We must consider whether disclosure of the requested information, or portions thereof that have been withheld, would "open agency action to the light of public scrutiny" rather than focus on the particular purpose for which the information is being requested (DOJ v. Reporter's Committee for Freedom of the Press, 489 U.S. 749 at 772 (1989)).

16