UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WATKINS LAW & ADVOCACY, PLLC

    Plaintiff,

      v.

DEPARTMENT OF VETERANS AFFAIRS, et al.,

    Defendants.

Civ. A. No. 1:17-cv-01974-ABJ

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"),[1] at the Federal Bureau of Investigation in Winchester, Virginia.  I have held this position since August 1, 2002.  Prior to joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law.  In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters.  I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 237 employees who staff a total of  twelve (12) Federal Bureau of Investigation Headquarters "FBIHQ") units and two (2) field operational service center units whose collective mission is to

---

[1] In May 2018, the FBI changed the name of its Records Management Division ("RMD") to IMD.

effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA, as amended by the OPEN Government Act of 2007 and the OPEN FOIA Act of 2009; the Privacy Act of 1974; the FOIA Improvement Act of 2016; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to Plaintiff's request for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552. Specifically, I am familiar with the FBI's handling of the Freedom of Information Act ("FOIA") request submitted by Plaintiff for records provided by the Department of Veterans Affairs ("VA") to the FBI concerning Memorandums of Understanding ("MOUs"), the National Instant Criminal Background Check System ("NICS"), and any records memorializing FBI custody or control of such records all communications made by or on behalf of the United States Attorney General to the VA. Additionally, I am familiar with the FBI's handling of a FOIA consultation sent to the FBI by DOJ, Office of Information Policy ("OIP") concerning a DOJ document located by VA during the processing of Plaintiff's request submitted to VA.

(4)     The purpose of this declaration is to provide the Court and Plaintiff with an explanation of the FBI's handling of Plaintiff's FOIA request. Additionally, this Declaration is in support of Defendant's Motion for Summary Judgment as the FBI has responded to each part of Plaintiff's FOIA request separately, rendering his complaint moot.

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA REQUEST

(5)     By email dated October 21, 2015, Plaintiff submitted a FOIA request to the FBI

seeking:

   a.  each Memorandum of Understanding entered into between the United States
       Department of Veterans Affairs ("VA") and the United States Department of Justice
       ("DOJ"), Federal Bureau of Investigation ("FBI"), concerning or relating to
       submission by the VA to the DOJ/FBI of information on persons to be prohibited
       from purchasing a firearm, including but not limited to: the Memorandum of
       Understanding Between the United States Department of Veterans Affairs and the
       Federal Bureau of Investigation Regarding the National Instant Criminal Background
       Check System, dated February 27, 2012 (including all amendments, supplements,
       exhibits, and addenda thereto);

   b.  all records (including all amendments, supplements, exhibits, and addenda thereto)
       which set out or reflect the providing of information (such as names of individuals)
       by the VA to the DOJ/FBI for inclusion in the National Instant Criminal Background
       Check System ("NICS"), including but not limited to the NICS Index Mental
       Defective Commitment File, including but not limited to any directive, guidance,
       policy, instruction, manual, procedure, guideline, standard, internal advice, message,
       checklist, flow chart, and/or memorandum with respect thereto;

   c.  to the extent the FBI itself has custody or control of such records, all communications
       made by or on behalf of the United States Attorney General ("OAG") to the VA
       requesting or requiring that the VA submit to the DOJ/FBI information on persons to
       be prohibited from purchasing a firearm, and all communications from the VA in
       response thereto (on information and belief, OAG made such a request to the VA in
       1998) (this request does not seek the subsequent communications that actually
       provide information concerning particular individuals).

(*See* **Exhibit A**.)  The FOIA request specifically stated that "none of the aforementioned requests

seek disclosure of the names of individuals provided by the VA to the FBI, nor do they seek any

information protected under the Privacy Act."

(6)     For administrative convenience, the FBI separated this FOIA request into three

separate cases in its FOIPA Document Processing System ("FDPS")[2] and will address its responses to each part *infra*.

### FOIPA Request Number 1338932-000 (Item "A")

(7)     By letter dated November 17, 2015, the FBI acknowledged receipt of Plaintiff's request[3] and assigned it FOIPA Request Number 1338932-000.  The FBI advised that it was searching the indices to the Central Records System for information responsive to his request.[4] (*See* **Exhibit B.**)

(8)     By letter dated January 20, 2016, the FBI advised Plaintiff it reviewed 12 pages of responsive material and determined this material originated with, or contained information concerning, other Government Agency(ies) [OGA].[5]  The FBI administratively closed the request pending the completion of the consultation.  (*See* **Exhibit C.**)  This request was then re-opened after the consultation was completed as FOIPA Request Number 1338932-001.

### FOIPA Request Number 1338932-001

(9)     On May 11, 2016, the VA advised the FBI to release the 12 pages of responsive material that the FBI had identified in response to Item A of the request in full to Plaintiff.  Therefore, the FBI reopened this part of Plaintiff's FOIA request and assigned it FOIPA Request Number 1338932-001.

---

[2] FDPS is the internal repository and application utilized by RIDS to process, track, and respond to FOIA and or Privacy Act ("FOIPA") requests received by FBI.  It stores FOIPA related records.

[3] *See* ¶ 5a, *supra,* herein referred to as "item A."

[4] The FBI understood Plaintiff's request as seeking only the Memoranda of Understanding (MOU) described in ¶ 5a, *supra*. Plaintiff's request did not seek, for example, ancillary documents related to the creation of the MOU.

[5] The FBI consulted with the VA for this part of the request.

(10)    By letter dated June 23, 2016, the FBI advised that its consultation was complete and released 12 pages of responsive material to Plaintiff in full. (*See* **Exhibit D**.)  The 12 pages consisted of the February 27, 2012 MOU that was identified in Item A of the FOIA request, and included any amendments, exhibits, or attachments to the MOU.  The FBI did not locate any other MOU between the FBI and the VA concerning or relating to submission by the VA to the DOJ/FBI of information on persons to be prohibited from purchasing a firearm.

### *FOIPA Request Number 1338949-000 (Item "B")*

(11)    By letter dated November 5, 2015, the FBI acknowledged receipt of Plaintiff's request[6] and assigned it FOIPA Request Number 1338949-000.

(12)    In light of the express language in the request excluding the names of individuals (and other Privacy Act protected material) from the scope of the request, the FBI understood this part of the request to seek documents regarding the process by which the VA provided names (or other information) to the FBI for inclusion in the National Instant Criminal Background Check System ("NICS").  That process is described in the MOU that the FBI produced in response to Item A of the request. The FBI advised Plaintiff that it located 59 pages of responsive records previously processed under the FOIA, but it was withholding the material in full pursuant to FOIA Exemption (b)(7)(E). (*See* **Exhibit E.)**  As discussed in paragraph 41 *infra*, the FBI ultimately determined that these 59 pages were not responsive to the request.

(13)    The NICS Index Mental Commitment File[7], which also is referenced in the

---

[6] *See* ¶ 5b, *supra*, herein referred to as "item B."

[7] When a record of a person prohibited from possessing a firearm as a result of mental health issues (i.e., a person who has been involuntarily committed to a mental institution or adjudicated a "mental defective" by a court, board, or other lawful authority) is entered in the NICS Indices, the entry contains only a name, other biographic identifiers (e.g., date of birth), and codes for the submitting entity and prohibited category. For further information, see: https://www.bjs.gov/index.cfm?ty=tp&tid=49#terms

request, is itself a listing of names and biographic identifiers of individuals who are prohibited from possessing a firearm as a result of mental health issues.[8] Accordingly, the FBI determined that file to be outside the scope of Plaintiff's request because the request specifically stated that it was not seeking the production of names of individuals provided by the VA to the FBI or other Privacy Act protected information.    Ultimately, the FBI found no records responsive to item B, beyond the MOU itself that was released in response to item A of the request. The process by which the VA provides names (or other information) to the FBI for inclusion in NICS is described in the MOU that the FBI produced in response to the first part (item A) of the request.  As set forth in the MOU, at the time of the MOU, the process was for the VA to provide encrypted compact discs with the data addressed in the MOU not less than on a quarterly basis.[9] Starting in June 2016, after the search cut-off date of November 3, 2015, associated with Plaintiff's FOIA request, the VA began electronically transmitting the information to the FBI for inclusion in NICS as described in the MOU. As discussed in paragraph 39 *infra*, the FBI conducted a search for any cover letters or similar documentation which may have accompanied the encrypted compact discs and was unable to locate any documents. As part of its search for responsive documents further discussed *infra*, RIDS contacted the individual at the FBI's Criminal Justice Information Services ("CJIS") who received the compact discs from the VA pursuant to the MOU and that individual confirmed that there was no official correspondence that the VA provided with the transmittal of the compact discs.

(14)    By letter dated November 16, 2015, Plaintiff submitted an appeal to DOJ OIP

---

[8] 18 USC § 922(g)(4) prohibits the receipt or possession of firearms by an individual who has been "adjudicated as a mental defective" or "committed to a mental institution."

[9] *See* Memorandum of Understanding Between the United States Department of Veterans Affairs and the Federal Bureau of Investigation Regarding the National Instant Criminal Background Check System dated February 27, 2012, Sections I and V(B)(6).

contesting the FBI's November 5, 2015, response to his FOIA request number 1338949-000.
(*See* **Exhibit F.)**

(15)   By letter dated November 18, 2015, OIP acknowledged receipt of Plaintiff's
appeal and assigned it appeal number AP-2016-00612. (*See* **Exhibit G.)**

(16)   By letter dated March 16, 2016, OIP affirmed the FBI's response stating it
properly withheld the requested information in full under FOIA Exemption (b)(7)(E).  OIP also
advised Plaintiff of his right to mediation services through the Office of Government Information
Services (OGIS).  (*See* **Exhibit H.)**

### *FOIPA Request Number 1338965-000 (Item "C")*

(17)   By letter dated November 10, 2015, the FBI acknowledged receipt of Plaintiff's
request[10] and assigned it FOIPA Request Number 1338965-000.  The FBI advised that it was
searching the indices to the Central Records System for information responsive to his request.
(*See* **Exhibit I.)**

(18)   By letter dated November 25, 2015, the FBI advised Plaintiff it conducted a
search of the FBI's Central Records System and was unable to locate any main file records
responsive to his request.  Additionally, the FBI advised Plaintiff if he had additional information
to provide, the FBI would conduct an additional search.  Finally, the FBI advised Plaintiff of his
right to file an appeal with OIP within sixty (60) days from the date of the letter in order to be
considered timely.  (*See* **Exhibit J.)**

(19)   On September 25, 2017, Plaintiff filed his complaint in the instant action.  (*See*
**Docket Number 1.)**

---

[10] *See* ¶ 5c, *supra*, herein referred to as "item C."

7

## BACKGROUND ON THE NICS[11]

(20)     The NICS is a national system that checks available records on persons who may

be disqualified from receiving firearms.  Specifically, it is a computerized background check

system designed to respond instantly on most background check inquiries, which allows the

Federal Firearm Licensees ("FFLs") to receive an almost immediate response for information on

either: if a prospective buyer is eligible to buy firearms (e.g. ensuring the customer does not have

a criminal record or is not otherwise ineligible to make such a purchase) or if the transfer of a

firearm would be in violation of Section 922 (g) or (n) of Title 18, United States Code, or state

law.  As described in paragraph 13 and fn 9 *supra*, the MOU between the FBI and the VA

requested in item A of the FOIA request sets forth a procedure for the VA to provide names and

other Privacy Act protected information of individuals who have certain mental health issues to

be included in the NICS.  In addition to names of individuals, the information provided pursuant

to the MOU includes other Privacy Act protected information, such as date of birth, social

security number, sex, race, place of birth, height, weight, and category of prohibited or restricted

person under 18 U.S.C. § 922.[12]

(21)     The NICS Index Mental Commitment File, further described in paragraph 13

*supra,* and which also is referenced in item B of the FOIA request, is a listing of names and

biographic identifiers of individuals who are prohibited from possessing a firearm as a result of

mental health issues and includes individuals provided by the VA to the FBI under the MOU.

(22)     NICS is located at the FBI's CJIS Division in Clarksburg, West Virginia and

---

[11] For further information, see https://www.fbi.gov/services/cjis/nics.

[12] *See* Memorandum of Understanding Between the United States Department of Veterans
Affairs and the Federal Bureau of Investigation Regarding the National Instant Criminal
Background Check System dated February 27, 2012, Sections V(A)(1-7).

provides full service to FFLs in 30 states, five U.S. territories, and the District of Columbia.
Therefore, records related to the NICS are most likely located within CJIS Division.

## **BACKGROUND ON THE FBI'S SEARCH FOR RECORDS**

### ***The FBI'S Central Records System***

(23)     The Central Records System ("CRS") is an extensive system of records consisting
of applicant, investigative, intelligence, personnel, administrative, and general files compiled and
maintained by the FBI in the course of fulfilling its integrated missions and functions as a law
enforcement, counterterrorism, and intelligence agency to include performance of administrative
and personnel functions.  The CRS spans the entire FBI organization and encompasses the
records of FBI Headquarters ("FBIHQ"), FBI Field Offices, and FBI Legal Attaché Offices
("Legats") worldwide.

(24)     The CRS consists of a numerical sequence of files, called FBI "classifications,"
which are organized according to designated subject categories.  The broad array of CRS file
classification categories include types of criminal conduct and investigations conducted by the
FBI, as well as categorical subjects pertaining to counterterrorism, intelligence,
counterintelligence, personnel, and administrative matters.  For identification and retrieval
purposes across the FBI, when a case file is opened, it is assigned a Universal Case File Number
("UCFN") consisting of three sequential components:  (a) the CRS file classification number, (b)
the abbreviation of the FBI Office of Origin ("OO") initiating the file, and (c) the assigned
individual case file number for that particular subject matter.[13]  Within each case file, pertinent

---

[13] For example, in a fictitious file number of "11Z-HQ-56789;" the "11Z" component indicates
the file classification, "HQ" indicates that FBI Headquarters is the FBI OO of the file, and
"56789"is the assigned case specific file number.

documents of interest are "serialized," or assigned a document number in the order which the document is added to the file, typically in chronological order.

### *The CRS General Indices and Indexing*

(25)     The general indices to the CRS are the index or "key" to locating records within the enormous amount of information contained in the CRS.  The CRS is indexed in a manner which meets the FBI's investigative needs and priorities, and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties.  The general indices are arranged in alphabetical order and comprise an index on a variety of subject matters to include individuals, organizations, events, or other subjects of investigative interest that are indexed for future retrieval.  The entries in the general indices fall into two category types:

>    a.   Main entry.  This entry pertains to records indexed to the main subject(s) of a file, known as "main file" records.  The "main" entry carries the name of an individual, organization, or other subject matter that is the designated subject of the file.

>    b.   Reference entry.  This entry, or a "cross-reference," pertains to records that merely mention or reference an individual, organization, or other subject matter that is contained in a "main" file record about a different subject matter.

(26)     FBI Special Agents ("SA") and/or designated support personnel may index information in the CRS by individual (persons), by organization (organizational entities, places, and things), and by event (*e.g.,* a terrorist attack or bank robbery).  Indexing information in the CRS is based on operational necessity, and the FBI only indexes that information considered relevant and necessary for future retrieval.  Accordingly, the FBI does not index every individual name or other subject matter in the general indices.

### *Automated Case Support*

(27)    Automated Case Support ("ACS") was an electronic, integrated case management system that became effective for FBIHQ and all FBI Field Offices and Legats on October 1, 1995.  As part of the ACS implementation process, over 105 million CRS records were converted from automated systems previously utilized by the FBI into a single, consolidated case management system accessible by all FBI offices.  ACS had an operational purpose and design to enable the FBI to locate, retrieve, and maintain information in its files in the performance of its myriad missions and functions.[14]

(28)    The Universal Index ("UNI") was the automated index of the CRS and provided all offices of the FBI a centralized, electronic means of indexing pertinent investigative information to FBI files for future retrieval via index searching.  Individual names were recorded with applicable identifying information such as date of birth, race, sex, locality, Social Security Number, address, and/or date of an event.  Moreover, ACS implementation built upon and incorporated prior automated FBI indices; therefore, a search employing the UNI application of ACS encompassed data that was already indexed into the prior automated systems superseded by ACS.  As such, a UNI index search in ACS was capable of locating FBI records well before its 1995 FBI-wide implementation until the system was decommissioned on August 1, 2018, in both paper and electronic format.[15]

_____

[14] ACS was and the next generation Sentinel system is relied upon by the FBI daily to fulfill essential functions such as conducting criminal, counterterrorism, and national security investigations; background investigations; citizenship and employment queries, and security screening, to include Presidential protection.

[15] Older CRS records that were not indexed into UNI as a result of the 1995 ACS consolidation remain searchable by manual review of index cards, known as the "manual indices."  A search of the manual indices is triggered for requests on individuals if the person was born on or before January 1, 1958; and for requests seeking information about organizations or events on or before January 1, 1973.  In this case, Plaintiff's search request was for records between 2008 and 2016; therefore, any responsive records would have been captured through a UNI search.

### *ACS and Sentinel*

(29)    Sentinel is the FBI's next generation case management system that became

effective FBI-wide on July 1, 2012.  Sentinel provides a web-based interface to FBI users, and it

includes the same automated application that was utilized in ACS.  After July 1, 2012, all FBI

generated records are created electronically in case files via Sentinel; however, Sentinel did not

replace ACS and its relevance as an important FBI search mechanism.  Just as pertinent

information was indexed into UNI for records generated in ACS before July 1, 2012, when a

record is generated in Sentinel, information is indexed for future retrieval.  Moreover, there was

an index data sharing nexus between the Sentinel and ACS systems whereby information

indexed into Sentinel was replicated or "backfilled" into ACS.  In sum, the Sentinel case

management system built on ACS and shared its operational purpose; Sentinel provides another

portal to locate information within the vast CRS for FBI records generated on or after July 1,

2012.  The CRC automated indices, available within Sentinel and UNI application of ACS, in

most cases represented the most reasonable means for the FBI to locate potentially responsive

records to FOIPA requests prior to August 1, 2018.[16]   This is because these automated indices

offered access to a comprehensive, agency-wide set of indexed data on a wide variety of

investigative and administrative subjects.  Currently, the FBI's automated indices consist of

approximately 120 million searchable records and are updated daily with newly indexed

material.

_____

[16] On August 1, 2018, the ACS case management system was decommissioned and ACS data
was migrated into Sentinel including the ACS indices data and digitized investigative records
formerly available in ACS.  Moreover, Sentinel retains the index search methodology and
function whereby the CRS is queried via Sentinel for pertinent indexed main or reference entries
in case files.  All CRS index data from the UNI application previously searched via ACS is now
searched through the "ACS Search" function within Sentinel.

*FDPS Retrieval*

(30)     RIDS conducts a search of FDPS for any FOIA/PA requests received by the FBI via the retrieval function. A retrieval search allows RIDS employees to search FDPS by entering search criteria in search fields to retrieve a hit-list of requests.  From the hit-list, one can view all available information about a request, such as requesters' names, subject of request, date received, date closed, etc. A retrieval search of FDPS will locate any records on the same topic that had already been processed and released (*i.e.*, "pre-processed records").

## THE FBI'S SEARCH FOR RECORDS
## RESPONSIVE TO PLAINTIFF'S REQUEST

(31)     It is the FBI's practice to search the Central Records System ("CRS") to determine if the FBI has records about a particular subject in response to most FOIPA requests. However, in this particular case, Plaintiff requested memorandums, policies, and other communication-related documents not specifically tied to an FBI investigation. Therefore, a search of the CRS is not likely to identify all the responsive records.

(32)     RIDS conducted a retrieval search of FDPS for Items A, B, and C. Additionally, RIDS contacted the CJIS Division requesting it to conduct searches for information responsive to Plaintiff's FOIA request. Finally, in an abundance of caution, RIDS conducted an ACS and Sentinel search to ensure it identified all potentially responsive records.

### *FDPS Retrieval Search Results for Item A*

(33)     RIDS conducted a search of FDPS for the memorandum between the VA and the FBI about the NICS, dated February 27, 2012. RIDS conducted the retrieval search of FDPS by entering "Memorandum of Understanding between FBI and Veterans Administration" in the subject field. This search found no previous FOIA requests responsive to Item A.

### *FDPS Retrieval Search Results for Item B*

(34)     RIDS conducted a retrieval search of FDPS for policies and procedures

concerning the NICS. RIDS conducted the retrieval search of FDPS by entering "National

Instant Criminal Background" in the subject field. This search produced one previous FOIA

request seeking general policies and procedures related to the NICS. RIDS initially identified 59

pre-processed pages of material related to NICS policies and procedures responsive to Plaintiff's

request. RIDS' records library did not contain these records. RIDS contacted the CJIS Division

which provided 59 pages of material related to NICS policies and procedures.

(35)     RIDS initially determined this 59 pages of material was responsive to item B of

Plaintiff's FOIA request, and therefore advised Plaintiff that 59 pages were previously processed

and were being withheld in full under FOIA Exemption (b)(7)(E).

### *FDPS Retrieval Search Results for Item C*

(36)     RIDS conducted a search of FDPS for all communications between the Attorney

General and Veterans administration, concerning requirements for prohibiting persons from

purchasing firearms. RIDS conducted the retrieval search of FDPS by entering "Communications

between the Attorney General and Veterans Administration" in the subject field. This search

found no previous FOIA requests with material responsive to Item C.

### *CJIS Search for Items A, B, and C*

(37)     RIDS contacted CJIS because CJIS is the FBI division most likely to possess

responsive records in its internal archives.[17] In response to items A (FOIPA Request Number

1338932-000) and C (FOIPA Request Number 1338965-000), RIDS contacted the CJIS Division

and requested a search of CJIS' archives for anything responsive to Plaintiff's request. CJIS

located 12 pages of material responsive to item A of Plaintiff's request, but did not locate any

---

[17] *See* ¶ 22, *supra*.

14

material responsive to item C.

(38)     Following Plaintiff's filing of the instant complaint, RIDS contacted CJIS to
verify the results of their original search for items A and C. Specifically, RIDS personnel
identified the original author of the MOU ("the Author") and contacted the Author directly. The
Author confirmed the 12 pages of records are the only records available in the CJIS archives
responsive to Plaintiff's request. The Author also affirmed there is no alternative system or
archive where records responsive to items A or C would be stored.

(39)     Additionally, RIDS requested CJIS search for records responsive to item B
(FOIPA Request Number 1338949-000). CJIS confirmed it did not locate anything responsive to
item B. Moreover, CJIS could not identify an alternative archive where records responsive to
item B would be stored. RIDS specifically requested that CJIS search for cover letters or similar
documentation which may have accompanied the encrypted compact discs provided from the VA
to the FBI pursuant to the MOU. CJIS conducted a search and was unable to locate any
documents. As part of its search for responsive documents, RIDS contacted the individual at
CJIS who received the compact discs from the VA pursuant to the MOU and that individual
confirmed that there was no official correspondence that the VA provided with the transmittal of
the compact discs. This individual also is not aware of any directive, formal guidance, policy, or
checklist governing the compact discs from the VA (other than to the extent reflected in the
MOU itself).

### *Supplemental ACS and Sentinel Index Search for Items A, B, and C*

(40)     Though RIDS deemed the original retrieval searches and subsequent searches  as
well as the searches conducted by CJIS likely to find all responsive records, following Plaintiff's

15

filing of the instant complaint, it also conducted a "string"[18] index search of ACS and Sentinel

using the following search terms to locate records responsive to items A, B, and C of Plaintiff's

request: "Veterans Affairs Gun," "VA Gun," "Veterans Affairs," "VA," "National Instant

Criminal Background Check Veterans Affairs," "National Instant Criminal Background Check

VA," "NICS Veterans Affairs," and "NICS VA." RIDS did not locate any additional responsive

records as a result of this search.

## SUPPLEMENTAL REVIEW OF ITEM B RECORDS

(41)    Following Plaintiff's filing of the instant complaint, RIDS reviewed de novo

Plaintiff's request and the 59 pages of material originally deemed responsive to Item B. RIDS

determined it incorrectly interpreted this part of Plaintiff's request. RIDS' original interpretation

was overly broad. In an abundance of caution, RIDS examined the 59 pages closely to ensure it

did not contain any responsive material. RIDS determined all 59 pages are not responsive to

Plaintiff's specific request because the material does not "reflect the providing of information

(such as names of individuals) by the VA to the DOJ/FBI…[emphasis added]." See ¶ 5b, *supra*.

Thus, RIDS confirmed this material is not responsive. Instead the material relates to various

internal policies and procedures related generally to the FBI's use of the NICS for its own

purposes. The material is intended for use by CJIS personnel utilizing the NICS and includes

detailed descriptions of the NICS such as standard operating procedures for CJIS personnel using

the system and descriptions of the system's capabilities.  The pages discuss processes generally

and do not address specifically any process for inclusion into the NICS of information provided

---

[18]   A "string search" is a search of all terms where the starting characters match the characters
typed into the name field. Such a search will automatically capture variations that include these
starting characters. A string search is designed to bring up variations of the search term as long
as the starting characters of the indexed term match the starting characters of the search term
exactly.

by the VA to the FBI under the MOU produced in response to item A of the request.

(42)    In the event the court were to deem the 59 pages responsive to Plaintiff's request, they are exempt from disclosure pursuant to FOIA Exemption (b)(7)(E).  FOIA Exemption (b)(7)(E) would be asserted to protect the pages at issue, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  This exemption affords categorical protection to techniques and procedures used in law enforcement investigations; it protects techniques and procedures that are not well-known to the public as well as non-public details about the use of well-known techniques and procedures. In this instance, disclosure of this information would allow individuals to know the capabilities of the NICS as well as the standard operating procedures CJIS personnel use to conduct NICS operations. This knowledge could allow individuals to individuals to adjust their behavior accordingly in an attempt to circumvent the NICS and therefore reduce the system's effectiveness in checking available records on persons who may be disqualified from receiving firearms. Because disclosure of this information could reasonably be expected to impede the FBI's effectiveness and potentially aid in circumvention of the law, the FBI has properly withheld this information pursuant to FOIA Exemption (b)(7)(E) in the event the court deems the information responsive to Plaintiff's request.

## **PROCEDURAL HISTORY OF CONSULTATION FROM OIP**

(43)    On November 9, 2018, the FBI received a 19-page DOJ document containing FBI equities from OIP for review and consultation.  This document, DOJ's guide titled "Guidance to Agencies Regarding Submission of Relevant Federal Records to the NICS" (herein "DOJ's

NICS Guide"), was located by VA during the processing of Plaintiff's request submitted to VA.
Upon its review of this document, the FBI applied redactions pursuant to FOIA Exemptions
(b)(6), (b)(7)(C), and (b)(7)(E).  On November 27, 2018, the FBI returned the document to OIP
for release to Plaintiff.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 7 THRESHOLD

(44)     Before an agency can invoke any of the harms enumerated in Exemption (b)(7),
it must first demonstrate the records or information at issue were compiled for law enforcement
purposes.  Pursuant to 28 USC §§ 533, 534, and Executive Order 12333 as implemented by the
Attorney General's Guidelines for Domestic FBI Operations ("AGG-DOM") and 28 CFR § 0.85,
the FBI is the primary investigative agency of the federal government with authority and
responsibility to investigate all violations of federal law not exclusively assigned to another
agency, to conduct investigations and activities to protect the United States and its people from
terrorism and threats to national security, and further the foreign intelligence objectives of the
United States.  Under this investigative authority, the FBI operates NICS to ensure those lawfully
prohibited from purchasing firearms do not do so, allowing the FBI to assist in preventing crimes
of violence involving firearms.  The responsive record at issue, DOJ's NICS Guide, was
compiled by DOJ as guidance for law enforcement agencies (DOJ agencies) to submit law
enforcement information to a law enforcement database (NICS), with the core purpose of
assisting in preventing crimes of violence involving firearms.  Therefore, this information was
clearly created for a law enforcement purpose allowing for the application of Exemption 7.

### EXEMPTIONS 6 AND 7(C) –UNWARRANTED INVASION OF PERSONAL PRIVACY[19]

---

[19] The practice of the FBI is to assert Exemption (b)(6) in conjunction with Exemption (b)(7)(C).

(45)    U.S.C. § 552 (b)(6) exempts from disclosure "personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552 (b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."

(46)    In withholding information pursuant to these two exemptions, the FBI is required to balance the privacy interest of the individual mentioned in this record against any public interest in disclosure.  For purposes of this analysis, a public interest exists when information would shed light on the FBI's performance of its mission to protect and defend the United States against terrorists and foreign intelligence threats; to uphold and enforce the criminal laws of the United States; and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners.  In the instance detailed below, where information was withheld pursuant to Exemptions (b)(6) and (b)(7)(C), the FBI determined the individual's privacy interest outweighed the public interest, if any, in the information.[20]

### (b)(6) and (b)(7)(C)   Name and/or Identifying Information of FBI Support Personnel

---

Although the balancing test for Exemption (b)(6) uses a "would constitute a clearly unwarranted invasion of personal privacy" standard and the test for Exemption (b)(7)(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions is sufficiently similar to warrant a consolidated discussion.  The privacy interests are balanced against the public's interest in disclosure under the analysis of both exemptions.  As used in this declaration, the term "identifying information" includes, but is not limited to, Social Security numbers, date of birth, telephone numbers, and/or other personal information.

[20] As used in this declaration, the term "identifying information" includes, but is not limited to, Social Security numbers, dates of birth, telephone numbers, and/or other personal information.

(47)     Within DOJ's NICS Guide, the FBI protected the name and identifying

information of an FBI support employee on page 15. This support employee was assigned to

handle tasks related to submission of data to NICS. He or she was, and possibly is, in a position

of access to information regarding official law enforcement investigations, and therefore could

become a target of harassing inquiries for unauthorized access to investigations and/or FBI

investigative data if his/her identity was released. Thus, this individual maintains substantial

privacy interest in not having his/her identity disclosed in this context, whether or not he/she is

currently employed by the FBI. In contrast, the FBI concluded no public interest would be

served by disclosing the identity of this FBI support employee to the general public because

his/her identity would not, itself, significantly increase the public's understanding of the FBI's

operations and activities. Accordingly, after balancing this employee's substantial privacy

interest against the non-existent public interest, the FBI properly protected the name and

identifying information of this support employee pursuant to Exemptions (b)(6) and (b)(7)(C).

### EXEMPTION 7(E)-INVESTIGATIVE TECHNIQUES AND PROCEDURES

(48)     5 U.S.C. § 552 (b)(7)(E) provides for the withholding of:

> law enforcement records which would disclose techniques and
> procedures for law enforcement investigations or prosecutions,
> or would disclose guidelines for law enforcement
> investigations or prosecutions if such disclosure could
> reasonably be expected to risk circumvention of the law.

(49)     This exemption affords categorical protection to techniques and procedures used

in law enforcement investigations; it protects techniques and procedures that are not well-known

to the public as well as non-public details about the use of well-known techniques and

procedures.

(50)     The FBI applied Exemption (b)(7)(E) on pages 17 and 18 of DOJ's NICS Guide

to protect a sensitive internal law enforcement email address utilized by the FBI to pursue its law

enforcement mission by receiving information from DOJ component agencies for inclusion in

NICS.

**(b)(7)(E):      FBI Sensitive Law Enforcement Email Address**

(51)     Within DOJ's NICS Guide, the FBI protected a sensitive internal FBI email

address used to receive NICS related communications pursuant to Exemption (b)(7)(E). The

existence of internal email address usage is known, but not this specific email address used by

the FBI on a daily basis. With the current emerging news of data breaches and other hacking

attempts, it is highly likely the release of this type of information could allow criminals to exploit

the FBI's Information Technology ("IT") system. Criminals could use this information to gain

unauthorized access to internal law enforcement communications, review and manipulate data,

or otherwise interfere with the FBI's internal communications and disrupt official FBI business.

Such disruption could greatly reduce the FBI's and its law enforcement partners' abilities to

enforce firearms-related laws and impede NICS' law enforcement function. Unauthorized access

by individuals would allow them to 1) manipulate or alter data submitted by authorized local,

state, or federal agencies to NICS and as a result impede the law enforcement function of NICS,

hindering local, state, or other federal law enforcement agencies' ability to enforce firearms-

related laws; 2) pose as authorized local, state, or federal agencies and submit inaccurate and/or

false information on behalf of these agencies to NICS and as a result impede the law

enforcement purpose of NICS;  and/or allow them to inundate the internal, NICS-related email

inbox with a large volume of communications and as a result overload or slow down NICS'

internal communications, jeopardizing its law enforcement purpose. Thus, release of this

information would enable criminals to circumvent the law and the FBI properly protected this

information from disclosure pursuant to FOIA exemption (b)(7)(E).

## **CONCLUSION**

(52)    The FBI conducted reasonable searches for responsible records.  By letter dated

June 23, 2016, the FBI processed and released all material responsive to item A in full to

Plaintiff.  The FBI inadvertently interpreted item B too broadly and corrected this issue upon

reexamination of the material.  The FBI determined the material withheld in full is not

responsive to Plaintiff's request. Moreover, CJIS, the FBI office most likely to possess

responsive records, was unable to locate records responsive to this portion of Plaintiff's request.

Lastly, the FBI was also unable to locate responsive material related to the item C and advised

Plaintiff of such by letter dated November 25, 2015.

(53)    Additionally, the FBI reviewed and applied redactions on a DOJ document as part

of a consultation from OIP.  The FBI properly asserted Exemptions 6, 7(C), and 7(E) on the

document to withhold exempt FBI information.  The FBI cannot segregate any of this withheld

information further as to do so would constitute an unwarranted and clearly unwarranted

invasion of an FBI employee's personal privacy; or would reveal information concerning an FBI

investigative technique/procedure risking circumvention of the law.

(54)    Finally, Plaintiff's complaint alleges the FBI's improperly withheld 59 pages of

material in full.  The FBI has now demonstrated that, in fact, this material is not responsive to

Plaintiff's request, and that it has fully complied with all other parts of Plaintiff's request. Thus,

Plaintiff's complaint is moot.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A-J attached hereto are true and correct copies.

Executed this ___10th___ day of December, 2018.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WATKINS LAW & ADVOCACY, PLLC )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )   Civ. A. No. 1:16-cv-01974-ABJ
                                         )
DEPARTMENT OF VETERANS AFFAIRS, et al., )
                                         )
        Defendants.                      )
_____)

**Exhibit A**

**Mcguinn, Lauren S. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Seth Watkins <Watkins@adduci.com> |
| **Sent:** | Wednesday, October 21, 2015 11:15 AM |
| **To:** | FOIPARequest |
| **Subject:** | FOIA Request |

This is a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On behalf of our requester client, we hereby request copies of the following records under FOIA, preferably provided to the requester's undersigned attorney in electronic format (pdf):

1. each Memorandum of Understanding entered into between the United States Department of Veterans Affairs ("VA") and the United States Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI"), concerning or relating to submission by the VA to the DOJ/FBI of information on persons to be prohibited from purchasing a firearm, including but not limited to: the Memorandum of Understanding Between the United States Department of Veterans Affairs and the Federal Bureau of Investigation Regarding the National Instant Criminal Background Check System, dated February 27, 2012 (including all amendments, supplements, exhibits, and addenda thereto);

2. all records (including all amendments, supplements, exhibits, and addenda thereto) which set out or reflect the providing of information (such as names of individuals) by the VA to the DOJ/FBI for inclusion in the National Instant Criminal Background Check System ("NICS"), including but not limited to the NICS Index Mental Defective Commitment File, including but not limited to any directive, guidance, policy, instruction, manual, procedure, guideline, standard, internal advice, message, checklist, flow chart, and/or memorandum with respect thereto;

3. to the extent the FBI itself has custody or control of such records, all communications made by or on behalf of the United States Attorney General ("OAG") to the VA requesting or requiring that the VA submit to the DOJ/FBI information on persons to be prohibited from purchasing a firearm, and all communications from the VA in response thereto (on information and belief, OAG made such a request to the VA in 1998) (this request does not seek the subsequent communications that actually provide information concerning particular individuals).

NONE OF THE AFOREMENTIONED REQUESTS SEEK DISCLOSURE OF THE NAMES OF INDIVIDUALS PROVIDED BY THE VA TO THE FBI, NOR DO THEY SEEK ANY INFORMATION PROTECTED UNDER THE PRIVACY ACT.

We hereby consent to pay all costs incurred for search, duplication and review of materials up to $250.00. If additional costs will be required, please contact me for my approval.

If any records are withheld from release, please identify the withheld records by producing and providing to me an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).

If the FBI does not have custody or control over certain requested and responsive records but knows or believes that another component of DOJ subject to FOIA does, please forward this FOIA Request to the appropriate person and inform us that you have done so.

Please respond within 20 business days in accordance with 5 U.S.C. § 552(a)(6)(A).

If you have any questions about this request, please contact me immediately by the means listed below.

Thank you for your assistance with this matter.

Sincerely,
/s/
Seth A. Watkins

Seth A. Watkins, Ph.D.
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
Tel. 202-407-8647
Main FAX 202-466-2006
Email watkins@adduci.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please email the sender at "watkins@adduci.com." Thank you.

This message has been scanned for malware by Websense. www.websense.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WATKINS LAW & ADVOCACY, PLLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 1:16-cv-01974-ABJ |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Exhibit B**

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 17, 2015

MR. SETH WATKINS PHD
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 CONNECTICUT AVENUE, NW
WASHINGTON, DC 20036

FOIPA Request No.: 1338932-000
Subject: MEMORANDUM OF
UNDERSTANDING BETWEEN FBI AND VA
(NATIONAL INSTANT CRIMINAL
BACKGROUND CHECK SYSTEM –
FEBRUARY 27, 2012)

Dear Mr. Watkins:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☐ You submitted your request via the FBI's eFOIA system.

   ☐ We have reviewed your request and determined that it is compliant with the terms and conditions of the eFOIA system.   You will continue to receive correspondence online.

   ☐ We have reviewed your request and determined that it is not in compliance with the terms and conditions of the eFOIA system.   Future correspondence will be mailed to you.

☑ We are searching the indices to our Central Records System for the information responsive to this request.   We will inform you of the results in future correspondence.

☐ The subject of your request is currently being processed for public release.   Documents will be released to you upon completion.

☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.   If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑ For the purpose of assessing fees, we have made the following determination:

☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check for the status of your FOIPA request at www.fbi.gov/foia by clicking on **Check the Status of Your FOIPA Request** under **Records Available Now** located on the right side of the page.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Should you disagree with any determination referenced in this letter, you may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal to OIP must be postmarked or transmitted within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

WATKINS LAW & ADVOCACY, PLLC )
                                                              )
    Plaintiff,                          )
                                                              )
    v.                                    )  Civ. A. No. 1:16-cv-01974-ABJ
                                                              )
DEPARTMENT OF VETERANS AFFAIRS, et al., )
                                                              )
    Defendants.                       )
_____)


**Exhibit C**

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

January 20, 2016

MR. SETH WATKINS, PHD
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 CONNECTICUT AVENUE, NW
WASHINGTON, DC 20036

FOIPA Request No.: 1338932-000
Subject: Memorandum of Understanding
between FBI and VA

Dear Dr. Watkins:

This letter is in response to your Freedom of Information Act (FOIA) request.

Material consisting of 12 pages has been reviewed pursuant to Title 5, U.S. Code, Section 552 and no pages are being released at this time. Document(s) were located which originated with, or contained information concerning, other Government Agency(ies) [OGA]. We care consulting with another agency and are awaiting their response. Due to the fact that our office has no other information responsive to your FOIA request currently in our possession, your request is being administratively closed at this time, pending the completion of the outstanding consultation by our office. The FBI will correspond with you regarding those documents when the consultation is completed.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

Should you disagree with any determination referenced in this letter, you may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal to OIP must be postmarked or transmitted within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

WATKINS LAW & ADVOCACY, PLLC            )
                                        )
          Plaintiff,                    )
                                        )
               v.                       )     Civ. A. No. 1:16-cv-01974-ABJ
                                        )
DEPARTMENT OF VETERANS AFFAIRS, et al., )
                                        )
          Defendants.                   )
_____)

**Exhibit D**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 23, 2016

DR. SETH WATKINS, PHD
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 CONNECTICUT AVENUE, NW
WASHINGTON, DC 20036

FOIPA Request No.: 1338932-001
Subject: Memorandum of Understanding
between FBI and VA

Dear Dr. Watkins:

You were previously advised we were consulting with another agency concerning information located as a result of your Freedom of Information Act (FOIA) request.

This consultation is complete. Material consisting of 12 pages has been reviewed pursuant to Title 5, U.S. Code § 552, and this material is being released to you in its entirety with no excisions being made by the FBI or by the Department of Veteran Affairs (VA).

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. <u>See</u> 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WATKINS LAW & ADVOCACY, PLLC )
                                          )
      Plaintiff, )
                                          )
      v. )  Civ. A. No. 1:16-cv-01974-ABJ
                                          )
DEPARTMENT OF VETERANS AFFAIRS, et al., )
                                          )
      Defendants. )
                                          )

**Exhibit E**

**U.S. Department of Justice**

**Federal Bureau of Investigation**

Washington, D.C. 20535

November 5, 2015

MR. SETH WATKINS PHD
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 CONNECTICUT AVENUE, NW
WASHINGTON, DC 20036

FOIPA Request No.: 1338949-000
Subject: NATIONAL INSTANT CRIMINAL
BACKGROUND CHECK SYSTEM
(POLICIES AND PROCEDURES)

Dear Mr. Watkins:

        Records responsive to your request were previously processed under the provisions of the Freedom of Information Act (FOIA).   Material consisting of **59** pages was previously reviewed and withheld in its entirety pursuant to FOIA exemption (b)(7)(E) [5 U.S.C.§ 552(b)(7)(E)].   <u>See</u> enclosed Deleted Page Information Sheets and Explanation of Exemptions.

        For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   <u>See</u> 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

        For questions regarding our determinations, visit the <u>www.fbi.gov/foia</u> website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

        You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at <u>http://www.justice.gov/oip/efoia-portal.html</u>.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

Enclosures

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WATKINS LAW & ADVOCACY, PLLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 1:16-cv-01974-ABJ |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Exhibit F**

*tiara*
*fbi*

Protected

*(JMB)*

# Request Summary Report
## AP-2016-00612 / PB - Watkins, Seth [Other Requester]

| | | | |
|---|---|---|---|
| **Track:** | Simple | **Date on Request:** | 2015-11-16 |
| **Perfected:** | | **Date Initially Received:** | 2015-11-16 |
| **Due:** | | **Requester File Ref. #:** | |
| **Completed:** | | **Jacket Number:** | |
| **Officer Assigned:** | Bucket, Portal | **Request Transferred In:** | No |
| **Decision Maker:** | | **Response Time:** | 0 |
| **Deadline:** | 30 | | |

| | | | |
|---|---|---|---|
| **Organization:** | Adduci, Mastriani & Schaumberg LLP | **Telephone:** | 202-407-8647 |
| **Address:** | 1133 Connecticut Avenue, NW Washington, District of Columbia, 20036 UNITED STATES | **Fascimile:** | 202-466-2006 |
| | | **Other Telephone:** | |
| | | **Email:** | watkins@adduci.com |

**Summary:**
**Request Text:**

FOIA Appeal re FOIPA Request No. 1338949-000

This will appeal the denial of information requested on behalf of our client under FOIA.
Pending before the FBI is a FOIA request dated and emailed to the FBI on October 21, 2015 ("FOIA Request"). The FOIA Request was assigned FOIPA Request No. 1338949-000 and denied by the FBI by letter dated November 5, 2015 ("Denial"). The letter states that 59 pages were withheld in their entirety under FOIA Exemption (b)(7)(E).

The Denial fails to demonstrate, at all, how the release of the requested information might create a risk of circumvention of the law. Nor does the Denial demonstrate how disclosure could reduce or nullify effectiveness of the National Instant Criminal Background Check System ("NICS").

It is widely known that the U.S. Department of Veterans Affairs ("VA") reports the names of incompetent beneficiaries to the FBI, which then adds the names to NICS. Exemption 7(E) simply does not cover information that is widely known or that constitutes basic law enforcement techniques.

Moreover, the Denial fails to provide a segregability analysis for each withheld document, identifying the proportions of exempt and non-exempt information and specifically explaining why the withheld information cannot be produced. The Denial, for example, fails to provide any explanation concerning why a basic contract under which the VA reports names to the FBI contains no segregable information (e.g., the Memorandum of Understanding Between the United States Department of Veterans Affairs and the Federal Bureau of Investigation Regarding the National Instant Criminal Background Check System, dated February 27, 2012).

Please respond to this appeal within 20 business days in accordance with 5 U.S.C. § 552(a)(6)(A)(ii).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WATKINS LAW & ADVOCACY, PLLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 1:16-cv-01974-ABJ |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Exhibit G**



**U.S. Department of Justice**

Office of Information Policy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

November 18, 2015

Mr. Seth Watkins
Adduci, Mastriani & Schaumberg LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
watkins@adduci.com

     Re: Request No. 1338949

Dear Mr. Watkins:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation was received by this Office on November 16, 2015.

     The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **AP-2016-00612**. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

     We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at the number above. If you have submitted your appeal through this Office's online electronic appeal portal, you may also obtain an update on the status of your appeal by logging into your portal account.

     Sincerely,

Priscilla Jones
Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WATKINS LAW & ADVOCACY, PLLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 1:16-cv-01974-ABJ |
| ) | |
| DEPARTMENT OF VETERANS AFFAIRS, et al., ) | |
| ) | |
| Defendants. ) | |

**Exhibit H**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**March 16, 2016**

Mr. Seth Watkins
Adduci, Mastriani & Schaumberg LLP
1133 Connecticut Avenue, NW
Washington, DC  20036
watkins@adduci.com

Re:   Appeal No. AP-2016-00612
       Request No. 1338949
       CDT:JMB

**VIA:  E-mail**

Dear Mr. Watkins:

        You appealed on behalf of your client, Michael Schmidt of the New York Times, from the action of the Federal Bureau of Investigation on your client's Freedom of Information Act request for access to records concerning policies and procedures for use of the National Instant Criminal Background Check System.  I note that your appeal concerns only the FBI's withholding of fifty-nine pages of responsive records.

        After carefully considering your appeal, I am affirming the FBI's action on your client's request.  The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(E).  This provision concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

        Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the action of the FBI in response to your client's request.

        If your client is dissatisfied with my action on your appeal, the FOIA permits your client to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

        For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your client's right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi

- 2 -

Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

3/15/2016

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: SEAN O'NEILL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WATKINS LAW & ADVOCACY, PLLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 1:16-cv-01974-ABJ |
| ) | |
| DEPARTMENT OF VETERANS AFFAIRS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Exhibit I**

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 10, 2015

MR. SETH A. WATKINS PHD
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 CONNECTICUT AVENUE, NW
WASHINGTON, DC 20036

> FOIPA Request No.: 1338965-000
> Subject: ALL COMMUNICATIONS
> BETWEEN US ATTORNEY GENERAL AND
> VETERANS ADMINISTRATION
> (REQUIREMENTS CONCERNING
> PERSONS PROHIBITED FROM
> PURCHASING FIREARMS)

Dear Mr. Watkins:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☐ You submitted your request via the FBI's eFOIA system.

　　☐ We have reviewed your request and determined that it is compliant with the terms and conditions of the eFOIA system.  You will continue to receive correspondence online.

　　☐ We have reviewed your request and determined that it is not in compliance with the terms and conditions of the eFOIA system.  Future correspondence will be mailed to you.

☑ We are searching the indices to our Central Records System for the information responsive to this request.  We will inform you of the results in future correspondence.

☐ The subject of your request is currently being processed for public release.  Documents will be released to you upon completion.

☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.  If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑   For the purpose of assessing fees, we have made the following determination:

☐   As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

☐   As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

☑   As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check for the status of your FOIPA request at www.fbi.gov/foia by clicking on **Check the Status of Your FOIPA Request** under **Records Available Now** located on the right side of the page.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Should you disagree with any determination referenced in this letter, you may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal to OIP must be postmarked or transmitted within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WATKINS LAW & ADVOCACY, PLLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 1:16-cv-01974-ABJ |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Exhibit J**

U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 25, 2015

MR. SETH WATKINS PHD
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 CONNECTICUT AVENUE, NW
WASHINGTON, DC 20036

FOIPA Request No.: 1338965-000
Subject: ALL COMMUNICATIONS
BETWEEN US ATTORNEY GENERAL AND
VETERANS ADMINISTRATION
(REQUIREMENTS CONCERNING
PERSONS PROHIBITED FROM
PURCHASING FIREARMS)

Dear Mr. Watkins:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System.   We were unable to identify main file records responsive to the FOIA.   If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html.   Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.   The envelope and the letter should be clearly marked "Freedom of Information Appeal."   Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

Enclosed for your information is a copy of the FBI Fact Sheet.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **A criminal history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI`s Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**